IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA INDIVIDUALLY AS NEXT FRIEND OF K.T., A MINOR CHILD | § § § § § § | |
| Plaintiffs, | § § | Civil Action No.: 3:16-cv-03089-N |
| v. | § § | |
| THE CITY OF DALLAS, JOHN DOE # 1-3, LONE STARR MULTI-THEATRES, LTD D/B/A NEW FINE ARTS, JOHN DOE #4, AND JOHN DOE #5 | § § § § § § | |
| Defendants. | § | |

**DEFENDANT LONE STARR MULTI-THEATRES, LTD D/B/A NEW FINE ARTS'
ORIGINAL ANSWER**

COMES NOW Defendant Lone Starr Multi-Theatres, LTD d/b/a New Fine Arts (hereinafter "Defendant") and files their Answer to Plaintiff's First Amended Original Complaint and in support thereof would respectfully show the Court the following:

**I.
PARTIES AND SERVICE**

1. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 1. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 7. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 9. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

## II.
## JURISDICTION

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

## III.
## VENUE

13. Defendant admits the allegations in Paragraph 13.

## IV.
## CONDITIONS PRECEDENT

14. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 14. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

## V.
## FACTS

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 16. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiff left the store and after receiving a phone call ran across the street.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 22. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegation to the extent it implies Plaintiff was put into handcuffs, subdued, or restrained at any point by an employee, agent, or individual under the control of Defendant. Defendant admits that Dallas officers arrived on the scene at some point.

24. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 24. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 25. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegation that any security guard who had been assigned by their employer to work at Defendant's premises had placed handcuffs on the Plaintiff. Defendant admits that the Dallas Police Officers handcuffed the Plaintiff.

27. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 27. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 27. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

29. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 29. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30. Defendant lacks sufficient information to admit or deny the allegations contained within Paragraph 30. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 32. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33. Defendant admits the allegations in Paragraph 33.

34. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35. Defendant admits the allegations in Paragraph 35.

36. Defendant admits the allegations in Paragraph 36.

37. Defendant admits the allegations in Paragraph 37.

38. Defendant admits the allegations in Paragraph 38

39. Defendant admits the allegations in Paragraph 39

40. Defendant admits the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant admits the allegations in Paragraph 42.

43. Defendant admits the allegations in Paragraph 43.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant admits the allegations in Paragraph 45.

46. Defendant admits the Dallas Police Officers handcuffed Plaintiff. However, Defendant denies the allegations that Plaintiff was subdued and handcuffed by John Doe #4, or by any agent, employee, or individual under the control of Defendant.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant admits the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 52. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 53. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. The allegations contained in Paragraph 55 are either medical or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 55.

56. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 56. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 57. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58. The allegations contained in Paragraph 58 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 60. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 61. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

62. The allegations contained in Paragraph 62 are either argument or medical conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 62

63. The allegations contained in Paragraph 63 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 63.

64. The allegations contained in Paragraph 64 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 64.

65. The allegations contained in Paragraph 65 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 65.

66. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 66. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. The allegations contained in Paragraph 67 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 67.

68. The allegations contained in Paragraph 68 are either medical or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 68.

69. The allegations contained in Paragraph 69 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 69.

70. The allegations contained in Paragraph 70 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 70.

71. The allegations contained in Paragraph 71 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 72.

73. The allegations contained in Paragraph 73 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 73.

74. The allegations contained in Paragraph 74 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 74.

75. The allegations contained in Paragraph 75 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 75.

76. The allegations contained in Paragraph 76 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 76.

77. The allegations contained in Paragraph 77 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 77.

## VI.
## CAUSES OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS

78. Defendant incorporates the foregoing answers by reference.

79. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 79. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 80. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 81. To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 82. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83. The allegations contained in Paragraph 83 are either argument or legal conclusions to which no response is required. However, in the event a response is required, Defendant denies the allegations contained in Paragraph 83.

## 42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANTS

84. Defendant incorporates the foregoing answers by reference. To the extent a further response is required, Defendant denies the allegations in Paragraph 84.

85. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 85. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

## WRONGFUL DEATH

87. Defendant incorporates the foregoing answers by reference. To the extent a further response is required, Defendant denies the allegations in Paragraph 87.

## SURVIVAL ACTION

88. Defendant incorporates the foregoing answers by reference. To the extent a further response is required, Defendant denies the allegations in Paragraph 88.

## FALSE IMPRISONMENT

89. Defendant incorporates the foregoing answers by reference.

90. Defendant admits that Plaintiff stated that Plaintiff has pleaded a cause of action against Defendant for false imprisonment. Defendant denies that Defendant is liable for false imprisonment and denies all other allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

## ASSAULT AND BATTERY

93. Defendant incorporates the foregoing answers by reference.

94. Defendant admits that Plaintiff states that Plaintiff has pleaded a cause of action against Defendant for Assault and Battery. Defendant denies that Defendant is liable for Assault and Battery and denies all other allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

## NEGLIGENCE AND GROSS NEGLIGENCE

100. Defendant incorporates the foregoing answers by reference.

101. Defendant admits that Plaintiff states that Plaintiff has pleaded a cause of action against Defendant for negligence and gross negligence. Defendant denies that Defendant was negligent and/or grossly negligent and denies all other allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

## NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING

105. Defendant incorporates the foregoing answers by reference.

106. Defendant admits that Plaintiff states that Plaintiff has pleaded a cause of action against Defendant for negligent hiring, supervision, and/or training. Defendant denies that Defendant is liable for negligent hiring, supervision, and/or training and denies all other allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

## GROSSLY NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING

110. Defendant incorporates the foregoing answers by reference.

111. Defendant admits that Plaintiff states that Plaintiff has pleaded a cause of action against Defendant for grossly negligent hiring, supervision, and/or training. Defendant denies that Defendant is liable for grossly negligent hiring, supervision, and/or training and all other allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

## RESPONDEAT SUPERIOR

113. Defendant admits that Plaintiff states that Plaintiff has pleaded *respondeat superior*. Defendant denies that Defendant is liable under the doctrine of *respondeat superior* and denies all other allegations in Paragraph 13.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

## VII.
## DAMAGES

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

## VIII.
## ATTORNEY'S FEES

122. Defendant denies that Plaintiffs are entitled to attorneys' fees.

123. Defendant denies that Plaintiffs are entitled to receive pre-judgment and post-judgment interest.

## IX.
## JURY DEMAND

124. Defendant admits Plaintiffs have requested a jury trial.

## X.
## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant denies that any alleged acts or omissions on its part were the proximate cause of any alleged injuries or damages to Plaintiffs and further denies that Defendant is liable under any theory of recovery.

### Third Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, and/or superseding acts or events beyond the control of Defendant and unrelated to the conduct of Defendant.

### Fourth Affirmative Defense

Defendant asserts that Mr. Timpa was negligent in failing to exercise that degree of care and caution that would have been exercised by a person of ordinary prudence and that any such negligent action on the part of Mr. Timpa was the sole proximate cause of Plaintiffs' damages or alternatively a contributing cause of Plaintiff's damages

### Fifth Affirmative Defense

Any recovery for damages allegedly suffered by Plaintiffs are barred, in whole or in part, or should be reduced proportionately, by Mr. Timpa's contributory and/or comparative negligence, fault, and lack of due care.  TEX. CIV. PRAC. & REM. CODE § 33.001 et seq.  In the event Mr. Timpa's liability exceeds 50 percent, Plaintiffs are entitled to no recovery.

### Sixth Affirmative Defense

Defendant affirmatively asserts that Plaintiffs have failed to mitigate their damages, if any.

### Seventh Affirmative Defense

Defendant affirmatively asserts that Mr. Timpa's alleged injuries and damages, if any, are the result of preexisting conditions.

### Eighth Affirmative Defense

Defendant asserts that any alleged injuries, damages, or liabilities complained of by Plaintiffs were the result of, if at all, in whole or in part of an unavoidable accident beyond the control of Defendant and were not the result of any act or omission on Defendant's part.

### Ninth Affirmative Defense

Defendant asserts that Plaintiffs are not entitled to recover alleged lost wages unless Plaintiffs present evidence to prove the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, in accordance with Texas Civil Practice and Remedies Code § 18.091.

### Tenth Affirmative Defense

Defendant asserts that the alleged incident was caused by the acts and/or omissions of persons or entities other than Defendant and that such acts and/or omissions proximately caused, or contributed to cause, the alleged incident and Plaintiffs alleged injuries and damages.

### Eleventh Affirmative Defense

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery. Defendant reserves the right to amend its Answer to assert such defenses.

### XI.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lone Starr Multi-Theatres, LTD d/b/a New Fine Arts respectfully prays that Plaintiffs take nothing by way of their Complaint, that Defendant be dismissed from this case with prejudice, and that Defendant recover its costs

incurred hereby. Defendant also prays for all other and further relief, both general and special, at law or in equity, to which it is justly entitled.

          Respectfully submitted,

          THOMPSON, COE, COUSINS & IRONS, LLP

          *s/ Randy A. Nelson*
          Randy A. Nelson
          State Bar No. 14904800

          700 N. Pearl Street, 25th Floor
          Plaza of the Americas
          Dallas, Texas 75201-2832
          Telephone:  (214) 871-8200
          Facsimile:  (214) 871-8209

          **ATTORNEY  FOR   LONE STARR MULTI-THEATRES, LTD D/B/A NEW FINE ARTS**

## CERTIFICATE OF SERVICE

     This is to certify that the foregoing document was electronically filed on January \_\_\_\_, 2017 with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic filing system and that a copy has been forwarded to Plaintiffs via certified mail, return receipt requested.

Geoff J. Henley
Henley and Henley, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Tel. (214) 821-0222
Fax. (214) 821-0124
Attorneys for Plaintiffs

                                              *s/ Randy Nelson*
                                              Randy A. Nelson