UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKI TIMPA, Individually and as Representative of The Estate of ANTHONY TIMPA, and CHERYLL TIMPA, Individually and as Next Fried of K.T., A Minor Child,<br><br>  Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS, JOHN DOE #1-3, LONE STARR MULTI-THEATRES, LTD, d/b/a NEW FINE ARTS, JOHN DOE #4 and JOHN DOE #5.<br><br>  Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-03089-N |

### DEFENDANT LONE STARR MULTI-THEATRES, LTD., d/b/a NEW FINE ARTS' ANSWER TO PLAINTIFFS; FIRST AMENDED ORIGINAL COMPLAINT

Lone Starr Multi-Theatres, Ltd., d/b/a New Fine Arts ("Defendant"), a Defendant herein, files this Answer to Plaintiffs' First Amended Original Complaint. In support of same, Defendant would respectfully show the Court the following.

### I. ANSWER

Subject to the foregoing defenses and without waiving same, Defendant responds to the numbered paragraphs of the First Amended Original Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2.

3. Upon information and belief, Defendant admits the factual allegations of Paragraph 3.

4. Defendant admits the factual allegations in Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7.

8. Defendant admits that John Doe #4 is Sammie Washington, the employee of an independent contractor. Defendant, upon information and belief, denies the remainder of the allegations in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 other than, upon information and belief, a security guard not employed or retained by Defendant took Anthony Timpa into his custody and kept him until Dallas Police officers arrived at the scene.

10. Defendant denies the actions against it arise under the Fourth and Fourteenth Amendments to the United States' Constitution and 42 U.S.C. §§ 1983 and 1988. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

11, Defendant denies 28 USC §1331 or 28 USC § 1343 grants the Court jurisdiction over Defendant or the claims against Defendant in this matter. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in

Paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12.

13. Defendant admits it resides in Dallas, Texas, as does the City of Dallas, and that the alleged events giving rise to Plaintiffs' claims occurred in the Dallas Division of the Northern District of Texas. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

15. Defendant admits the factual allegations of Paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16.

17. Defendant admits the factual allegations of Paragraph 17.

18. Defendant denies Mr. Timpa was pursued by a security guard employed by Defendant. Defendant admits Mr. Timpa was followed by a commissioned security guard named Sammie Washington, who is employed by an independent contractor.

19. Defendant denies the factual allegations of Paragraph 19.

20. Upon information and belief, Defendant denies John Doe #5 was driving by at the moment and stopped to help John Doe #4.

21. Upon information and belief, Defendant admits John Doe #5 restrained and handcuffed Mr. Timpa. Defendant denies John Doe #4 restrained or handcuffed Mr. Timpa.

22. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.

23.     Defendant denies John Doe #4 placed Mr. Timpa in handcuffs.  Upon information and belief, Defendant admits the remaining factual allegations of Paragraph 23.

24.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

29.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30.

31.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31.

32.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32.

33.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33.

34.     Defendant is without knowledge or information sufficient to form a belief about

the truth of the allegations of Paragraph 34.

35. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37.

38. Defendant admits Sgt. Merrit filed a Custodial Death Report. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 38.

39. Defendant admits the Custodial Death Report states that Mr. Timpa appeared intoxicated. Defendant denies the remaining factual allegations of Paragraph 39.

40. Defendant admits the factual allegations of Paragraph 40

41. Defendant admits the Custodial Death Report indicates Mr. Timpa did not resist being handcuffed or arrested at any time during the arrest/incident. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 41

42. Defendant admits the Custodial Death Report indicates Mr. Timpa did not try to escape/flee from custody at any time during the arrest/incident. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 42.

43. Defendant admits the Custodial Death Report indicates Mr. Timpa did not grab, hit, or fight with the officers involved at any time during the arrest/incident. Defendant is

without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 43.

44.     Defendant admits the Custodial Death Report indicates Mr. Timpa did not use a weapon to threaten or assault the officers at any time during the arrest/incident.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 44.

45.     Defendant admits the Custodial Death Report indicates Mr. Timpa was under restraining in the form of handcuff in the time leading up to his death or the events causing his death,  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 45.

46.     Defendant denies Mr. Timpa was subdued by John Doe #4.  Upon information and belief, Mr. Timpa was subdued and handcuffed by John Doe #5. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 46.

47.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47

48.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48.

.    49.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50.

51.     Defendant is without knowledge or information sufficient to form a belief about

the truth of the allegations of Paragraph 51.

52. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53.

54. Defendant admits the Death Certificate lists the manner of Mr. Timpa's death as "homicide." Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 54.

55. Defendant admits the Death Certificate lists the cause of death as "sudden cardiac death" with "the toxic effects of cocaine and physiological stress associated with physical restraint." Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph

56. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56.

57. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57.

58. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58.

59. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59.

60. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief about

the truth of the allegations of Paragraph 61.

62. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62.

63. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63.

64. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64.

65. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65.

66. Upon information and belief, Mr. Timpa was handcuffed by John Doe #4 prior to the arrival of Dallas police officers. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 66.

67. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67.

68. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68.

69. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69.

70. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70.

71. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71.

72. Defendant is without knowledge or information sufficient to form a belief about

the truth of the allegations of Paragraph 72.

73. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 73.

74. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74.

75. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75.

76. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 76.

77. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 77.

78. No response is necessary for this paragraph.

79. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79.

80. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80.

81. Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations of Paragraph 81.

82. Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations of Paragraph 82.

83. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83.

84. Defendant is without knowledge or information sufficient to form a belief about

the truth of the factual allegations of Paragraph 84.

85. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85.

86. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 86.

87. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87.

88. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 88.

89. No response is necessary for this paragraph.

90. Defendant admits that Plaintiffs desire to assert a claim against it and John Does 4 and 5 for false imprisonment. Defendant denies the remaining allegations of Paragraph 90.

91. Defendant denies John Doe #4 made a citizen's arrest of Mr. Timpa. Defendant further denies John Doe #4 restrained Mr. Timpa with handcuffs. Defendant further denies John Doe #4 was employed by Defendant. Defendant further denies John Doe #4 was within a course and scope of employment with Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 91.

92. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 92.

93. No response is necessary for this paragraph.

94. Defendant admits Plaintiffs intend to assert a cause of action of assault against Defendant and John Does #4 and #5. Defendant denies the remaining allegations of Paragraph 94.

95. Defendant denies John Doe #4 intentionally, knowingly or recklessly placed Mr. Timpa in fear of imminent bodily injury. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 95.

96. Defendant denies John Doe #4 intentionally, knowingly or recklessly caused Mr. Timpa serious bodily injury. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 96.

97. Defendant denies John Doe #4 intentionally, knowingly or recklessly placed Mr. Timpa in fear of imminent bodily injury. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 97.

98. Defendant denied John Doe #4 intentionally, knowingly or recklessly caused Mr. Timpa in fear of imminent bodily injury. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 98

99. Defendant denies John Doe #4 was employed by Defendant. Defendant further denies John Doe #4 was within any course and scope of employment with Defendant.

100. No response is necessary for this paragraph.

101. Defendant admits Plaintiffs intend to plead causes of action of negligence and gross negligence against Defendant and John Does #4 and #5. Defendant denies the remaining allegations of Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. No response is necessary for this paragraph.

106. Defendant admits Plaintiffs intend to assert a claim for negligent

hiring/supervision, and/or training. Defendant denies the remaining allegations of Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. No response is necessary for this paragraph.

111. Defendant denies the allegations of Paragraph 111, especially the allegation that a cause of action for "grossly negligent hiring, supervision, and/or training."

112. Defendant denies the allegations of Paragraph 112.

113. Defendant denies the allegations of Paragraph 113.

114. Defendant denies the allegations of Paragraph 114, to the extent Defendant understands this vague pleading.

115. Defendant denies the allegations of Paragraph 114.

116. Defendant denies the allegations of Paragraph 115, assuming the pleading applies to this particular Defendant.

117. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 117.

118. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 118.

119. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the

remaining allegations of Paragraph 119.

120. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 120.

121. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 121

122. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 122.

. 123. Defendant denies Plaintiffs are entitled to recover from Defendant herein. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 123.

124. No response is necessary for this paragraph.

## II. DEFENSES

Defendant alleges the following defenses, reserving the right to amend, change, or add additional defenses as allowed by law. Each of the following defenses is stated in the alternative to and without waiving of MEPT's other defenses.

125. No act or omission by Defendant proximately caused or produced Plaintiffs' or any Plaintiff's alleged damages.

126. Defendant pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from Defendant. *See* TEX. CIV. PRAC. & REM. CODE § 41.003. In the alternative, Defendant pleads that the

applicable statutes and relevant case law place a limitation or "cap" on the punitive damages or statutory damages, if any. *See* TEX. CIV. PRAC. & REM. CODE § 41.008. Further, in terms of punitive damages, Defendant affirmatively pleads the rights of due process and the prohibition against excessive fines and penalties found in both the Texas Constitution and the United States Constitution.

127. Pleading further, and without waiver of any other defense, Defendant pleads that pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on further damages. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts pre-judgment is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

128. Pleading further, and without waiver of any other defense, Defendant pleads that, to the extent that medical expenses and/or healthcare expenses exceed the amount actually paid on behalf of Plaintiff, Defendant asserts the statutory defenses set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code. Specifically, recovery of medical and/or healthcare expenses by or on behalf of Plaintiff is limited to the amount actually paid or incurred. *See* TEX. CIV. PRAC. & REM CODE § 41.0105.

129. Pleading further, and without waiver of any other defense, Defendant pleads that Plaintiff's alleged damages, in whole or in part, were caused by parties not subject to Defendant's control including, but not limited to, Anthony Timpe's own negligence, voluntary intoxication, and assumption of the risk, John Doe #5 and/or his employer, and John Does #1, 2, and 3, and their employer, the City of Dallas. Defendant requests the Court direct the trier of

fact in this matter, after a trial on the merits, to determine the percentage of responsibility of (as applicable) each claimant, each Defendant, each settling person, each third party, each responsible third part, and Anthony Timpe. *See* TEX. CIV. PRAC. & REM. CODE § 33.003.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Lone Starr Multi-Theatres, Ltd., d/b/a New Fine Arts, prays that upon final hearing, judgment be entered that Plaintiffs take noting by its suit, that all relief prayed for by Plaintiffs' in this action be denied, and that Defendant have such other and further relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Miller*
**MICHAEL A. MILLER**
State Bar. No. 14100650
mmiller@tmlfpc.com

**CLARK S. BUTLER**
State Bar No. 00793437
cbutler@tmlfpc.com

**THE MILLER LAW FIRM**
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
Telephone: (469) 916-2552
Facsimile: (469) 916-2555

**COUNSEL FOR DEFENDANT LONE STARR MULTI-THEATRES, LTD., d/b/a NEW FINE ARTS**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 17th 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I hereby certify that the following counsel have been served via electronic notice:

Geoff J. Henley
R. Lane Addison
Henley & Henley, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
ghenley@henleylawpc.com
rladdison@henleylawpc.com

Larry E. Casto
City Attorney's Office
P.O. Box 5119
Dallas, Texas 75208

                */s/ Michael A. Miller*
                **MICHAEL A. MILLER**