IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, § | | |
| AND AS REPRESENTATATIVE OF § | | |
| THE ESTATE OF ANTHONY § | | |
| TIMPA, AND CHERYLL TIMPA § | | |
| INDIVIDUALLY AS NEXT FRIEND § | | |
| OF K.T., A MINOR CHILD, § | | |
|     Plaintiffs, § | CIVIL ACTION NO. | |
| § | | |
| v. § | 3:16-CV-03089-N | |
| § | | |
| THE CITY OF DALLAS, JOHN DOE #1- § | | |
| 3, LONE STARR MULTI-THEATRES, § | | |
| LTD D/B/A NEW FINE ARTS, JOHN § | | |
| DOE #4, AND JOHN DOES #5, § | | |
|     Defendants. § | | |
| § | | |

# DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS PLAINTIFFS' FEDERAL CLAIMS ALLEGED AGAINST IT IN PLAINTIFFS' FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT

Larry E. Casto
Dallas City Attorney

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com
Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone:    214-670-3519
Telecopier:    214-670-0622

Attorneys for Defendant City of Dallas

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I.   SUMMARY OF MOTION ........................................................................................... 1

II.  ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL ................................. 2

    A.   Applicable Legal Standards for Rule 12(b)(6) Motions ........................................ 2

        1.   The standard for dismissal under Rule 12(b)(6): does the complaint state a valid claim for relief? ...................................................... 2

        2.   A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable. ....................... 3

    B.   Plaintiffs' Complaint Fails to Plead a Plausible Claim for Relief Against the City Under 42 U.S.C. § 1983 ................................................................ 5

        1.   Municipal liability under section 1983 generally ......................................... 5

        2.   Plaintiffs' factual allegations regarding *Monell* liability ............................. 7

        3.   Plaintiffs fail to plead sufficiently the existence of an official City policy .................................................................................................... 8

        4.   Plaintiffs fail to plead sufficiently that the City's customs were the "moving force" and actual cause of their damages .............................. 10

CERTIFICATE OF SERVICE .............................................................................................. 12

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al. v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                                                                                      ii

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................... 4

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ......................................................................................... 3

*Baskin v. Parker*,
   602 F.2d 1205 (5th Cir. 1979) ..................................................................................... 6

*Bd. of Comm'rs v. Brown*,
   520 U.S. 397 (1997)..................................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................. 3, 4, 5, 8, 9, 12

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir. 1984) ....................................................................................... 6

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir. 1994) ..................................................................................... 11

*Conley v. Gibson*,
   355 U.S. 41 (1957)....................................................................................................... 4

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
   406 F.3d 375 (5th Cir. 2005) ................................................................................ 8, 11

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ....................................................................................... 3

*Fraire v. City of Arlington*,
   957 F.2d 1268 (5th Cir. 1992) ................................................................................... 11

*Fraire v. City of Arlington*,
   957 F.3d 1267 (5th Cir. 1992) ................................................................................... 10

*Hughes v. Tobacco Inst., Inc.*,
   278 F.3d 417 (5th Cir. 2001) ....................................................................................... 3

*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986) ....................................................................................... 3

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al. v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                    iii

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
   677 F.2d 1045 (5th Cir. 1982) ............................................................................................... 3

*Languirand v. Hayden*,
   717 F.2d 220 (5th Cir. 1983) ............................................................................................... 11

*Morin v. Caire*,
   77 F.3d 116 (5th Cir. 1996) ................................................................................................... 3

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ............................................................................... 6, 7, 8, 10, 12

*Prince v. Curry*,
   No. 4:09cv739-A, 2010 WL 1062611 (N.D. Tex. Mar. 22, 2010) ........................................ 12

*Smith v. Brenoettsy*,
   158 F.3d 908 (5th Cir. 1998) ............................................................................................ 8, 12

*Spiller v. City of Texas City*,
   130 F.3d 162 (5th Cir. 1997) ........................................................................................ 10, 13

*Valle v. City of Houston*,
   613 F.3d 536 (5th Cir. 2010) ............................................................................................... 13

*Washington v. United States Dep't of Hous. & Urban Dev.*,
   953 F. Supp. 762 (N.D. Tex. 1996) ...................................................................................... 2

*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir. 1984) ....................................................................................... 7, 9, 11

## RULES

Fed. R. Civ. P. 1 .............................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 4

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al. v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N            iv

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, § | | |
| AND AS REPRESENTATATIVE OF § | | |
| THE ESTATE OF ANTHONY § | | |
| TIMPA, AND CHERYLL TIMPA § | | |
| INDIVIDUALLY AS NEXT FRIEND § | | |
| OF K.T., A MINOR CHILD, § | | |
|     Plaintiffs, § | CIVIL ACTION NO. | |
| § | | |
| v. § | 3:16-CV-03089-N | |
| § | | |
| THE CITY OF DALLAS, JOHN DOE #1- § | | |
| 3, LONE STARR MULTI-THEATRES, § | | |
| LTD D/B/A NEW FINE ARTS, JOHN § | | |
| DOE #4, AND JOHN DOES #5, § | | |
|     Defendants. § | | |
| § | | |

**DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6)
TO DISMISS PLAINTIFFS' CLAIMS ALLEGED AGAINST IT
IN PLAINTIFFS' FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant City of Dallas (the "City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this motion to dismiss the claims alleged against it in Plaintiffs' First Amended Complaint (the "Complaint") (ECF #5).

**I.     SUMMARY OF MOTION**

Plaintiffs plead claims against the City pursuant to 42 U.S.C. § 1983 arising from an incident in which unidentified Dallas Police Department officers ("the Officers") responded to a call on 10 August 2016 at New Fine Arts, located at 1720 West Mockingbird Lane, Dallas Texas.

Plaintiffs allege that the Officers deprived Anthony Timpa of his Fourth Amendment rights by subjecting him to an unlawful seizure and excessive force and deadly force. Plaintiffs

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                                                 Page 1

allege that the City is liable under 42 U.S.C. § 1983 because the City's exercise of established policies and customs violated Anthony Timpa's rights to freedom from unreasonable seizure, freedom from the use of unreasonable, unnecessary and excessive force, and freedom from the infringement of rights to substantive due process.

The City is entitled to dismissal of the claims pleaded against it because Plaintiffs fail to plead facts sufficient to state a plausible claim. Plaintiffs' well-pleaded factual allegations do not permit this Court to draw a reasonable inference that the City is liable for its police officers' alleged wrongdoing, and Plaintiffs' Complaint omits allegations necessary to render plausible the municipal liability claims based upon an alleged City custom. Plaintiffs' allegations as to the City are conclusory assertions of misconduct which are "merely consistent with" municipal liability, and as a matter of law are insufficient to support liability. For these reasons, the City is entitled to dismissal because Plaintiffs fail to plead a claim upon which relief can be granted.

## II.  ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL

A.  **Applicable Legal Standards for Rule 12(b)(6) Motions**

   1.  **The standard for dismissal under Rule 12(b)(6):  does the complaint state a valid claim for relief?**

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                      Page 2

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp. at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, under *Twombly*, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*

   2. **A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable.**

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, which "governs the pleading standard 'in all

civil actions and proceedings in the United States district courts.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 554 and applying Fed. R. Civ. P. 1). Therefore, *Twombly's* (and *Iqbal's*) requirements apply to Plaintiffs' allegations against the City in this case.

The legal foundation of this motion is set out in section IV-A of the opinion of the Court in *Iqbal*. In summary, *Iqbal* held that the following standards apply when evaluating the sufficiency of any federal complaint:

- The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated that its decision in *Twombly* was supported by two principles, from which the foregoing standards were derived. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 663. Thus, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 677 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief[.]"). Thus, *Iqbal* directs that a district court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                                                 Page 4

are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 665. Such conclusions are not "well-pleaded" factual allegations, and do not give rise to a plausible claim to relief.

**B.     Plaintiffs' Complaint Fails to Plead a Plausible Claim for Relief Against the City Under 42 U.S.C. § 1983.**

    **1.     Municipal liability under section 1983 generally**

A plethora of cases have expounded upon the legal standards for imposing liability on a municipality under section 1983. The settled rule is that a municipality cannot be liable under a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, and as the Fifth Circuit emphasized in *Piotrowski*, to hold the City liable under section 1983, a plaintiff must establish that the municipality's "official policy" – not the policy of an individual city official – was the "moving force" and *actual cause* of the loss of constitutional rights and any resultant harm. *Piotrowski*, 237 F.3d at 578. Thus, a plaintiff must prove three elements to fasten liability to a municipality: a policymaker; an official policy; and a violation of constitutional rights whose actual cause and "moving force" is the policy or custom. *Id.*

The *Piotrowski* court reiterated that, while a municipality's official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a *custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as:

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                    Page 5

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). However, it is not sufficient that a plaintiff simply plead the raw assertion that there was a custom having the force of municipal policy. *Piotrowski* requires the plaintiff to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm:

> It follows that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Piotrowski*, 237 F.3d at 579-80. As will be shown below, Plaintiffs' Complaint does not specifically identify the City "policy" (as defined by *Webster*) alleged to be the moving force and actual cause of Anthony Timpa's alleged injuries.

Furthermore, municipal liability under section 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579. Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault. For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit held that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N      Page 6

for the misconduct alleged.").

    **2.**    **Plaintiffs' factual allegations regarding *Monell* liability**

Plaintiffs plead their assertions regarding the City's alleged liability in paragraphs 81 and 82 of their Complaint:

> 81.    John Does # 1, 2 and/or 3 and the City of Dallas' exercise of established policies and customs violated Mr. Timpa's rights clearly established under the United States Constitution to:
>
>     a.  freedom from unreasonable seizure of their [sic] person;
>
>     b.  freedom from the use of unreasonable, unnecessary, and excessive force;
>
>     c.  freedom from infringement of rights to substantive due process;
>
> 82.    Alternatively, John Doe # 1, 2, and/or 3 and the City of Dallas violated established policies and customs, namely the forcible continuous pressure placed on Mr. Timpa's back, violated Mr. Timpa's rights clearly established under the United States Constitution to:
>
>     a.  freedom from unreasonable seizure of their [sic] person;
>
>     b.  freedom from the use of unreasonable, unnecessary, and excessive force;
>
>     c.  freedom from infringement of rights to substantive due process;

(Complaint at PageID 37.)

Clearly, Plaintiffs' allegations fall squarely within that class of conclusory allegations described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiffs fail to plead any *facts* on which this Court could make a reasonable inference of a "persistent, widespread practice" by Officers of unlawful seizures or uses of excessive force. Therefore, Plaintiffs fail to plead non-conclusory facts that permit an inference of the existence of an unconstitutional City policy under either of the two *Webster* definitions of "official policy."

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N    Page 7

*Webster*, 735 F.2d at 841.

Plaintiffs' allegation of established policies and customs (Complaint ¶¶ 81, 82) is no more than a "'naked assertion' devoid of 'further factual enhancement,'" and is not entitled to any presumption of truth. *Twombly* and *Iqbal* require more than the sparse, conclusory, buzz-word laden allegation that Plaintiffs plead.

### 3. Plaintiffs fail to plead sufficiently the existence of an official City policy.

The second of the three attribution principles for municipal liability under section 1983 is the existence of an official policy. *See Piotrowski*, 237 F.3d at 578. The Complaint is deficient in this respect. Here, the entirety of Plaintiffs' pleading with respect to identifying a City policy is set forth in the Complaint in paragraphs 81 and 82, recited above. In paragraph 81, the Plaintiffs plead only that "John Doe #1, 2, and/or 3 and the City of Dallas' exercise of established policies and customs violated Mr. Timpa's rights." But the Plaintiffs never plead what the City's "established policies and customs" were. The Plaintiffs' failure to identify the operative City customs renders the Plaintiffs' claim implausible. In *Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997), the Fifth Circuit stated that "[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167 (citing *Fraire v. City of Arlington*, 957 F.3d 1267, 1277 (5th Cir. 1992) (requiring section 1983 plaintiffs to plead "specific facts, not merely conclusory allegations.")). Therefore, Plaintiffs fail to plead a plausible claim as to the City.

Second, the Plaintiffs fail to plead any *facts* on which this Court could make a reasonable inference of a "persistent, widespread practice" of unlawful seizures, the use of excessive force, or the deprivation of amorphous "rights to substantive due process." The Plaintiffs' allegations do not describe a "persistent, widespread practice" that is "so well-settled as to constitute a

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N      Page 8

custom that fairly represents municipal policy." The Plaintiffs fail to plead any facts whatsoever of any other instances of similar seizures or uses of force. Instead, the Complaint refers solely to Anthony Timpa's encounter with the "Doe" officers, which is patently insufficient. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. 'Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy.'") (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1994)). Rather, "[t]o demonstrate a municipal custom or policy under § 1983, a plaintiff must at least allege:"

> a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force.

*Fraire*, 957 F.2d at 1278 (quoting *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983)).

Third, the Plaintiffs plead no facts which, if true, would permit a reasonable inference that the City's final policymaker – the Dallas City Council – was deliberately indifferent to a known or obvious risk that the City's alleged customs would result in the deprivations of federal rights that the Plaintiffs allege. Where a plaintiff pleads that a custom caused the deprivation of his rights, the plaintiff must show that the municipal policymakers were deliberately indifferent to that risk. *See, e.g.*, *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) ("[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (internal quotation marks and citations omitted) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998). But here, the Plaintiffs plead no facts that would permit such an inference. (*See* Complaint.)

Clearly, the Plaintiffs' allegations fall squarely within that class of conclusory allegations

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs' Federal
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N                                                                 Page 9

described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 1949 (quoting *Twombly*, 550 U.S. at 557). Therefore, the Court should dismiss the Plaintiffs' claims against the City for lack of facial plausibility.

### 4. Plaintiffs fail to plead sufficiently that the City's customs were the "moving force" and actual cause of their damages.

The third of the three attribution principles for municipal liability under section 1983 is that the municipality's official policy was "moving force" and actual cause of the deprivations of federal rights alleged. *See Piotrowski*, 237 F.3d at 578. As to causation, Plaintiffs fail to state any facts. (Complaint at PageID 37.) Thus, their allegations are plainly insufficient to state a plausible claim.

"The allegation of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts." *Prince v. Curry*, No. 4:09cv739-A, 2010 WL 1062611, at *3 (N.D. Tex. Mar. 22, 2010) (citing *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997)). Further, a "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element. *See, e.g., Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("We have said that the connection must be more than a mere 'but for' coupling between cause and effect.") Because Plaintiffs plead no facts that would permit the Court to make a reasonable inference that the City's undefined policies and customs were the "moving force" and actual cause of the Officers' alleged misconduct, Plaintiffs have failed to state a plausible claim. Therefore, the Court should dismiss those claims.

In sum, Plaintiffs' pleadings fail to contain sufficient factual content to meet any of the three elements of § 1983 municipal liability claim. For all of these reasons, the Court should grant this motion and dismiss Plaintiffs' claims against the City pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can by granted.

Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Vicki Timpa et al., v. City of Dallas et al.*, Civil Action No. 3:16cv3089-N       Page 10

### III. CONCLUSION

The Plaintiffs' allegations in their live Complaint do not state a plausible claim for relief under 42 U.S.C. § 1983 as to the City. The Plaintiffs' allegations are vague and conclusory, and do not provide factual content beyond labels, conclusions, and a formulaic recitation of the minimal elements of a § 1983 municipal liability claim. The Plaintiffs fail to allege any facts that allow a reasonable inference that any City custom having the force of official policy was the moving force and actual cause of Anthony Timpa's alleged injuries. As a result of the lack of factual content in the Plaintiffs' Complaint, their § 1983 claim lacks facial plausibility because the Court cannot draw the reasonable inference that the City is liable for its police officer employees' misconduct and damages that the Plaintiffs allege. Therefore, the City is entitled to dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant City of Dallas prays that the Court grant its motion to dismiss Plaintiffs' claims against it, and that the Court grant the City all such other and further relief to which the City is entitled consistent with this motion.

                Respectfully submitted,

                /s/ James C. Butt
                Senior Assistant City Attorney
                Texas Bar No. 24040354
                james.butt@dallascityhall.com

                Tatia R. Wilson
                Senior Assistant City Attorney
                Texas Bar No. 00795793
                tatia.wilson@dallascityhall.com

                City Attorney's Office
                1500 Marilla Street, Room 7D North
                Dallas, Texas 75201
                Telephone:    214-670-3519
                Telecopier:    214-670-0622

                ATTORNEYS FOR THE DEFENDANT CITY OF DALLAS

## CERTIFICATE OF SERVICE

      I certify that on 17 January 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**VIA ECF**
Geoff J. Henley
R. Lane Addison
Henley & Henley, P.C.
3300 Oak Lawn Ave., Suite 700
Dallas, Texas 75219
*Attorneys for the Plaintiffs*

                *s/ James C. Butt*
                Senior Assistant City Attorney