IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND AS NEXT FRIEND OF K. T., A MINOR CHILD     Plaintiffs, | § § § § § § § | |
| V. | § § | CIVIL ACTION NO. 3:16-cv-03089-N |
| THE CITY OF DALLAS, JOHN DOE # 1-3, LONE STARR MULTI-THEATRES, LTD D/B/A NEW FINE ARTS, John Doe # 4, and John Doe # 5     Defendants. | § § § § § § § | |

PARTIES' JOINT REPORT REGARDING CONTENTS
OF SCHEDULING ORDER

The Parties, Vicki Timpa, Individually and As Representative of The Estate of Anthony Timpa, and Cheryl Timpa, Individually As Next Friend OF K. T., A Minor, ("**Plaintiffs**"), and The City of Dallas, and Lone Star Multi-Theatres, Ltd d/b/a New Fine Arts, , ("**Defendants**"), met at the offices of Plaintiffs' counsel on January 26, 2017, file this Joint Report Regarding Contents of Scheduling Order pursuant to the Court's Order ("**Order**"), dated January 17, 2017 (Docket No. 16).

**A.     A Brief Statement of the Nature of the Case and Contentions of The Parties.**

**Plaintiffs' Contentions.**

Plaintiffs contend that on August 10, 2016, Anthony Timpa, (hereinafter referred to as "**Timpa**"), went to New Fine Arts and purchased a lighter in the store and left. He then proceeded to cross the street to Mockingbird Lane and as he crossed the street, he was pursued

by John Doe #4, who Plaintiffs believe was employed by or contracted by Defendant Lone Starr. John Doe #4 restrained and subdued Timpa, placed him in handcuffs, then John Doe #5 allegedly drove by at the moment, stopped and helped John Doe # 4. After Timpa had been subdued, John Doe #s 1, 2, and/or 3 arrived on the scene. John Doe #s 1, 2, and/or 3 proceeded to put their handcuffs on Timpa, removed the handcuffs of John Doe #s4 and 5, held Timpa in a face-down, prone position, and imposed excessive physical restraint on Timpa. John Doe #s 1, 2, and/or 3 continuously had a knee in Timpa's back and continually applied pressure to Timpa's back. During the entire time, Timpa never resisted while handcuffed by John Doe # 1, 2 and/or 3; he never threatened John Doe #s 1, 2 and/or 3; he never attempted to flee from John Doe #s 1, 2, and/or 3; he never attempted to hit or fight with John Doe #s 1, 2, and/or 3; nor did he ever use a weapon to threaten or assault John Doe #s 1, 2, and/or 3. John Doe #s 1, 2, and/or 3 manifested conscious indifference to Timpa when they held him face down for at least 13 minutes and applied excessive pressure to Timpa's head and torso. Emergency Medical Services were called and upon their arrival, the EMT's noticed Timpa had stopped breathing. Timpa was placed in the ambulance and was transported to Parkland hospital. The medical autopsy completed by the Dallas County Medical Examiner showed that Timpa's death was the result of excessive physical restraint. Extended and aggressive restraint is excessive force when an arrestee is impaired and non-threatening. The use of excessive force in this instance was clearly unreasonable.

**Defendant City of Dallas' Contentions**

The City of Dallas denies the material allegations contained in Plaintiffs' First Amended Complaint, and contends that Anthony Timpa did not suffer a deprivation of any clearly established federal or constitutional rights. The City further contends that even if Anthony Timpa suffered a loss of federal rights that has been pleaded, no official City of Dallas policy

was the moving force and the actual cause of the deprivation of those rights, and the City was not deliberately indifferent to any custom having the force of official City policy that was the moving force behind, and the actual cause of, a deprivation of federal rights in connection with the seizure of Anthony Timpa. The City is entitled to governmental immunity of any purported state claims. The City contends that Plaintiffs are not entitled to damages, attorney's fees, or costs.

### Defendant Lone Starr Multi-Theatres, Ltd D/B/A New Fine Arts' Contentions

Defendant Lone Starr Multi-Theatres, Ltd d/b/a New Fine Arts ("LSMT") denies the material allegation in Plaintiffs' First Amended Complaint and contends that on August 10, 2016, Timpa came into New Fine Arts with another gentleman and purchased a sexual toy before going into a private video viewing room with the other gentleman. At around 10:00 p.m., an employee of an independent contractor who was retained to provide security service, John Doe #4, arrived at New Fine Arts to begin his shift. Timpa had been walking in and out of the viewing area and was acting erratically. John Doe #4 and the cashier went to speak to the other gentleman in the parking lot, who appeared to be searching for something in Timpa's car. After speaking with the other gentleman, John Doe #4 and the cashier returned to the entrance of New Fine Arts. At that time Timpa exited New Fine Arts while talking on his phone and then Timpa suddenly ran across the parking lot and attempted to jump over a silver van.

Sometime later, John Doe #4 saw flashing lights of what appeared to be a police car. John Doe #4 walked towards the flashing lights. John Doe #4 then discovered that Timpa had been detained by John Doe #5. John Doe #4 helped John Doe #5 move Timpa out of the street (Mockingbird Lane) and onto the side walk on the North side of Mockingbird Lane. Shortly thereafter, the Dallas Police do arrive and John Doe #4 then walks back to New Fine Arts.

John Doe #4 and John Doe #5 are not employees of LSMT. At no point in time on August 16, 2016 were John Doe #4 or John Doe #5 subject to LSMT's control nor did LSMT attempt to exercise control over John Doe #4 and #5 on August 16, 2016. At no point was Timpa ever pursued, chased, or detained by any employee, agent, or individual under LSMT's control. Based on the foregoing, Plaintiffs' allegations against LSMT for wrongful death, false imprisonment, assault and battery, negligence, gross negligence, negligent hiring, supervision, and/or training, grossly negligent hiring, supervision, and/or training, and liability under the doctrine of *respondeat superior* must fail.

**B.     Status of Settlement Discussions.**

Considering the nature and basis of the asserted claims and defenses, the Parties agree that it is too early in the litigation to have a meaningful settlement discussion at this time. Therefore, no settlement discussions have taken place.

**C.     Possible Joinder of Additional Parties.**

Plaintiff may very likely join the security guard company for New Fine Arts, the actual security guards who are currently identified as John Doe # 4, another unknown security guard company that employed John Doe #5, a security guard, and the actual Dallas Police officers who are currently identified as John Doe #s 1-3.

**D.     Anticipated Challenges to Jurisdiction or Venue.**

There are no anticipated challenges to jurisdiction or venue.

**E.     Expected Date for Trial and Estimated Length.**

The Parties propose trial in March, 2018. The trial would last approximately three to four days.

**F.     Desirability of ADR, and the Timing for ADR.**

The parties agree that this case will benefit from mediation at a later time. Plaintiffs believe mediation will be appropriate at a later date. The City of Dallas Defendant believes mediation should occur at a later date and the Court rules upon the Motion for Summary Judgment. Defendant New Fine Arts believe mediation will be appropriate.

G.    **Any Objections to Disclosure Under Rule 26(a)(1).**

    1.    **Plaintiffs' Positions:**  Plaintiffs have no objections to Rule 26(a)(1) disclosures.

    2.    **Defendant City of Dallas**: Defendant City of Dallas does not object to providing the initial disclosures required by Fed. R. Civ. P. 26(a)(1) 20 days after the filing of this report.

    3.    **Defendant Lone Star Multi-Theatres, Ltd d/b/a New Fine Arts Position:** Defendant has no objections to Rule 26(a)(1) disclosures.

                    Respectfully submitted,

                    **HENLEY & HENLEY, P.C.**

By:    /s/ Geoff J. Henley
        Geoff J. Henley, State Bar No. 00798253
        ghenleyh@henleylawpc.com
        R. Lane Addison, State Bar No.24059355
        3300 Oak Lawn Ave., Suite 700
        Dallas, Texas 75219
        Telephone #:  (214) 821-0222
        Fax #W:  (214) 821-0124

        **ATTORNEYS FOR PLAINTIFFS**

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF
DALLAS

Larry E. Casto
City Attorney

*s/James C. Butt*
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

**ATTORNEYS FOR DEFENDANT CITY OF
DALLAS**

**THOMPSON COE COUSINS & IRONS**

By: /s/ Randy Nelson
Randy Nelson, State Bar No. 14904800
rnelson@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Plaza of the Americas
Dallas, Texas 75201-2832
Telephone #: (214) 871-8200
Facsimile #: (214) 871-8209

**ATTORNEY FOR LONE STARR
MULTI-THEATRES, LTD D/B/A NEW
FINE ARTS**