IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, ET AL.<br>　　Plaintiffs, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 3:16-CV-03089 |
| THE CITY OF DALLAS, ET AL.<br>　　Defendants. | §<br>§<br>§<br>§ | |

**MOTION FOR PROTECTIVE ORDER UNDER FED.R.CIV.P. 26(c) AND BRIEF IN SUPPORT OF DR. EMILY OGDEN AND THE SOUTHWESTERN INSTITUTE OF FORENSIC SCIENCE**

**TO THE HONORABLE JUDGE OF THE COURT:**

COMES NOW Dr. Emily Ogden and the Southwest Institute of Forensic Science ("SWIFS"), a/k/a the Dallas County Medical Examiner's Office, pursuant to Fed.R.Civ.P. 26(c), and move the Court to enter a protective order postponing their compliance with the subpoenas duces tecum served upon them and production of the information sought by Plaintiff for a period of 120 days to allow a state criminal grand jury investigation into a related matter to be concluded. In support of this motion, Dr. Emily Ogden and SWIFS would show the Court as follows:

**I.**

**<u>PROCEDURAL BACKGROUND</u>**

Plaintiff's counsel has issued three subpoenas to SWIFS for production of records in this case. The first subpoena was received on March 13, 2017, and was directed to the 'Custodian of Records' for SWIFS. (Ex. 1). The second and third subpoenas were directed to 'Dr. Emily

Ogden' and were received on March 14, 2017. (Ex. 2 and 3). All of these subpoenas seek records, photos and media relating to the death and autopsy of Anthony Alan Timpa.

## II.

## FACTUAL BACKGROUND

This case involves the in-custody death of Anthony Alan Timpa ("Timpa"). On August 10, 2016, Timpa was found at 1720 W. Mockingbird Lane in Dallas acting erratically and the Dallas Police Department (DPD) responded to a 911 call.  Timpa was placed in custody and subsequently became unresponsive.  Timpa was transported to the hospital and was pronounced dead shortly after arrival.  On August 11, 2016, SWIFS was notified of Timpa's death and performed an autopsy on August 13, 2016.   The autopsy was completed on October 12, 2016, and the findings were released to DPD for its internal investigation.  DPD's internal investigation ran through December 1, 2016, when it was finally turned over to the Dallas County District Attorney's Office for investigation and presentation to the grand jury[1].

## II.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 26 allows a court to enter into a protective order "for good cause shown." Fed.R.Civ.P. 26(c). The information sought by the Plaintiff relates to an on-going criminal grand jury investigation by the Dallas County District Attorney's Office. This case was only submitted by DPD in December of 2016.   This investigation involves several DPD police officers and their conduct during the arrest of Timpa on August 10, 2016. Due to the

---

[1] In late 2016, SWIFS received three (3) Public Information Requests, including a request from Plaintiff's counsel. The Texas Attorney General ruled that SWIFS could withhold the autopsy records while the investigation and/or prosecution was pending based upon Section 552.108 of the Texas Government Code. (Ex. 4).  Section 552.108 of the Texas Government Code allows a law enforcement agency or prosecutor to withhold records "if release of the information would interfere with the detection, investigation, or prosecution of a crime."

surrounding circumstances surrounding his death, Timpa's death was ruled a homicide. As part of this investigation, Timpa's autopsy records were provided and contain not only the medical cause of death, but also details of the incident subject to the grand jury investigation. These details are essential to the grand jury's investigation and must take priority over a civil matter. Art. 20.02 of the Texas Code of Criminal Procedure, requires that the proceedings of the grand jury shall be secret and anyone who receives information under this section and discloses the information for purposes other than those permitted by this section is subject to punishment for contempt of court, including a fine not to exceed $500.00 dollars or imprisonment not to exceed 30 days or both. Maintaining the secrecy of the grand jury proceedings insures the integrity of the grand jury process.

In Gutierrez v. Benevides, 292 FR.D. 401, 404-405 (S.D. Tex. 2013), the court recognized "[T]hat there is a presumption in favor public dissemination of documents, especially in instances that involve "matters of public concern"- such as government overreaching or police misconduct." However, when the document contains investigative materials related to an ongoing criminal investigation, the balance shifts in favor of non-disclosure. Degan v. United States, 517 U.S. 820, 827, 116 S. Ct. 1777, 135 L. Ed. 2d 102 (1996). More importantly, courts can exercise its discretion to manage the civil litigation to avoid the interference with a criminal case. Id. at 828. In a recent case, the United States District Court for the Western District of Texas, Austin Division, found that the DEA's interest in protecting its criminal investigation outweighed the public interest in accessing documents that may show constitutional violations. Zadeh v. Robinson, 2017 U.S. Dist. Lexis 18363, at *6 (W.D. Tex. Feb. 9, 2017)

Practically speaking, Dr. Emily Ogden, as the examining doctor, may appear before the grand jury and provide testimony as to the cause and manner of Timpa's death. But, releasing

her findings before she has had the opportunity to testify and present those findings to the grand jury, would complicate the grand jury process. More concerning, is the possibility that any information released through civil discovery could end up in the public domain and available to the grand jurors, who may be influenced by said information before the case is ever presented to them. Unfortunately, in-custody death cases create a lot of media interest. The publicity could prove difficult to find unbiased grand jurors to hear this case.

Dr. Emily Ogden and SWIFS are not seeking to withhold the information indefinitely or assert that the information is confidential. But rather, asking that compliance with the subpoenas for discovery of this information be postponed and/or delayed until the criminal grand jury investigation is concluded. Sadly, this is not the only in-custody death case in Dallas County, but the Dallas County District Attorney's Office anticipates this case to be presented to the grand jury within 120 days. Postponing compliance with the subpoenas and discovery for 120 days is reasonable and just.

### III.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Dr. Emily Ogden and SWIFS pray that the Court will grant the motion and enter a protective order as set forth above and any other relief the Court may deem appropriate under the law.

    Respectfully submitted,

    FAITH JOHNSON
    DISTRICT ATTORNEY
    DALLAS COUNTY, TEXAS

    /s/ Ashley D. Fourt_____
    Ashley D. Fourt
    Assistant District Attorney
    Texas Bar No. 00792096

>Civil Division
>Administration Building
>411 Elm Street, 5TH Floor
>Dallas, Texas 75202
>(214) 653-7358
>(214) 653-6134 (FAX)
>ashley.fourt@dallascounty.org
>ATTORNEY FOR DR. EMILY OGDEN
>AND THE SOUTHWEST INSTITUTE OF
>FORENSIC SCIENCE

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, hereby certify that I conferred with Plaintiff's' attorney, Geoff Henley via telephone on March 15, 2017. Plaintiff is **opposed** to Dr. Emily Ogden and the Southwestern Institute of Forensic Science's Motion for Protective Order. Plaintiff could not agree to delaying discovery for 9 weeks because it would interfere with certain deadlines imposed in the civil case.

>/s/ Ashley D. Fourt_____
>ASHLEY D. FOURT

## CERTIFICATE OF SERVICE

I certify that on March 17, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert Lane Addison
Henley & Henley PC
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
rladdison@henleylawpc.com
Plaintiff

Geoff J. Henley
Henley & Henley PC
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
ghenley@henleylawpc.com
Plaintiff

Randy A. Nelson
Thompson Coe Cousin & Irons LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
rnelson@thompsoncoe.com
Defendant- Lone Star Multi-Theatres Ltd

James Carroll Butt
Dallas City Attorney's Office
1500 Marilla St., 7th Floor
Dallas, Texas 75201
james.butt@dallascityhall.com
Defendant- City of Dallas

Tatia R. Wilson
Dallas City Attorney's Office
1500 Marilla St., 7th Floor
Dallas, Texas 75201
tatia.wilson@dallascityhall.com
Defendant-City of Dallas

             /s/ Ashley D. Fourt_____
             ASHLEY D. FOURT

# EXHIBIT 1

16-14001-ME

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| VICKI TIMPA, ET AL. | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 3-16-cv-03089 |
| THE CITY OF DALLAS ET AL. | ) |
| | ) |
| Defendant | ) |

INSTITUTE OF FORENSIC SCIENCE RECEIVED 2017 MAR 13 PM 2: 15

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CUSTODIAN OF RECORDS; DALLAS COUNTY MEDICAL EXAMINERS' OFFICE; 2355 NORTH STEMMONS FREEWAY; DALLAS, TEXAS 75207
*(Name of person to whom this subpoena is directed)*

SuAn 00025

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: TRUE AND CORRECT COPIES OF ALL DOCUMENTS, PHOTOGRAPHS, VIDEO FOOTAGE, AND OTHER RECORDINGS RELATED TO THE AUTOPSY OF ANTHONY TIMPA WHO WAS KILLED ON OR ABOUT AUGUST 10, 2016.

| Place: HENLEY & HENLEY, P.C.<br>3300 OAK LAWN, SUITE 700<br>DALLAS, TEXAS 75219 | Date and Time:<br>03/20/2017 9:30 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2017

*CLERK OF COURT*

_____     OR     /s/ Geoff J. Henley
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFFS VICKI TIMPA, CHERYLL TIMPA, K.T. & THE ESTATE OF ANTHONY TIMPA , who issues or requests this subpoena, are:

Geoff J. Henley, HENLEY & HENLEY, P.C., 3300 Oak Lawn, Suite 700, Dallas, Texas 75219, ghenley@henleylawpc.com; (214) 821-0222

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX. 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3-16-cv-03089

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

INSTITUTE OF FORENSIC SCIENCE
RECEIVED
2017 MAR 13 PM 2:15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

INSTITUTE OF FORENSIC SCIENCE
RECEIVED
2017 MAR 13 PM 2:15

# EXHIBIT 2

IFS-16-14001-ME

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| VICKI TIMPA, ET AL. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3-16-cv-03089 |
| THE CITY OF DALLAS ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DR. EMILY OGDEN; DALLAS COUNTY MEDICAL EXAMINERS' OFFICE; 2355 NORTH STEMMONS FREEWAY; DALLAS, TEXAS 75207

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: A TRUE AND CORRECT COPY OF THE AUTOPSY REPORT OF ANTHONY TIMPA WHO WAS KILLED ON OR ABOUT AUGUST 10, 2016.

| Place: HENLEY & HENLEY, P.C.<br>3300 OAK LAWN, SUITE 700<br>DALLAS, TEXAS 75219 | Date and Time:<br>03/20/2017 9:30 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2017

CLERK OF COURT

OR /s/ Geoff J. Henley

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFFS VICKI TIMPA, CHERYLL TIMPA, K.T. & THE ESTATE OF ANTHONY TIMPA , who issues or requests this subpoena, are:

Geoff J. Henley, HENLEY & HENLEY, P.C., 3300 Oak Lawn, Suite 700, Dallas, Texas 75219, ghenley@henleylawpc.com; (214) 821-0222

Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX. 2
E.O.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3-16-cv-03089

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT 3

IFS-16-14001-ME

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| VICKI TIMPA, ET AL. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3-16-cv-03089 |
| THE CITY OF DALLAS ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DR. EMILY OGDEN; DALLAS COUNTY MEDICAL EXAMINERS' OFFICE; 2355 NORTH STEMMONS FREEWAY; DALLAS, TEXAS 75207

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: TRUE AND CORRECT COPIES OF ALL DOCUMENTS, PHOTOGRAPHS, VIDEO FOOTAGE, RECORDINGS, EXAMINATION NOTES, AND EXAMINATION RECORDINGS RELATED TO THE AUTOPSY OF ANTHONY TIMPA WHO WAS KILLED ON OR ABOUT AUGUST 10, 2016.

| Place: HENLEY & HENLEY, P.C.<br>3300 OAK LAWN, SUITE 700<br>DALLAS, TEXAS 75219 | Date and Time:<br>03/20/2017 9:30 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2017

CLERK OF COURT

OR /s/ Geoff J. Henley

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFFS VICKI TIMPA, CHERYLL TIMPA, K.T. & THE ESTATE OF ANTHONY TIMPA, who issues or requests this subpoena, are:

Geoff J. Henley, HENLEY & HENLEY, P.C., 3300 Oak Lawn, Suite 700, Dallas, Texas 75219, ghenley@henleylawpc.com; (214) 821-0222

Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX. 3  E.O.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3-16-cv-03089

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 4

Cheryl Wampu PIA 16-002881
Geoff Henley PIA 16-002893
Cary Aspinwall PIA 16-002809



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

November 17, 2016

Mr. James R. Palomo
Assistant District Attorney
Dallas County District Attorney's Office
411 Elm Street, Suite 500
Dallas, Texas 75202

OR2016-25691

Re: Requests for complete autopsy of regarding death on 08/10/16 including toxicology, report# 16-14001-ME.

Dear Mr. Paloma:

The Office of the Attorney General has received your request for a ruling and assigned your request ID# 641619.

After reviewing your arguments and the submitted information, we have determined your request does not present a novel or complex issue. Thus, we are addressing your claims in a memorandum opinion. You claim the submitted information may be withheld from public disclosure pursuant to section 552.108(a)(1) of the Government Code on behalf of a law enforcement agency with a law enforcement interest. Further, you inform this office the law enforcement agency objects to the disclosure of the information because it relates to an ongoing criminal case and release would interfere with the case. Thus, we conclude you may withhold the submitted information pursuant to section 552.108(a)(1).

For more information on the cited exception, please refer to the open government information on our website at https://www.texasattorneygeneral.gov/og/memorulings. You may also contact our Open Government Hotline at 1-877-OPENTEX.

Enc: Submitted documents

c: 4 Requestors
(w/o enclosures)

EX. 4