# HENLEY & HENLEY, P.C.
*attorneys ▪ www.henleylawpc.com*

December 11, 2017

Via E-Mail:  tatia.wilson@dallascityhall.com
Tatia R. Wilson
Dallas City Attorney's Office
1500 Marilla Street, 7DN
Dallas, Texas 75201

Re:   Cause No.: 3:16-cv-03089-N; *Viki (Huber) Timpa et al. vs. Dustin Dillard et al,*;
      In The United States District Court, For The Northern District of Texas, Dallas
      Division

Dear Ms. Wilson:

I write this correspondence to follow up from my email Friday concerning the protective order.

Pursuant to Paragraph 5 of the order dated April 14, 2017, Plaintiffs challenge the restrictions placed on the dissemination, and use of items previously produced as a result of this litigation, and the state court action in Cause No. DC-16-15678-M, *Henley & Henley, P.C. v. The City of Dallas.*

They further challenge the requirements that these items be filed under seal, and returned to the City in secret at the conclusion of this litigation. Those items include:

- The footage provided from the bodycameras worn by three different officers;
- The 9-1-1 recordings
- The reports, and written statements of the responding officers, and the EMS workers;
- Scene photographs
- Reports, written and electronically recorded statements from the Internal Affairs Division, and Special Investigation Unit of this incident.

As indicated, particularly since the indictments of the three officers, surrogates for the Defendants within the Dallas Police Department, and the Dallas Police Association have made false statements about the incident that flatly contradict the content of the body camera footage, and the state-mandated Custodial Death Report, while Plaintiffs have been unable to defend themselves with the evidence.

What is more, these items that the City has sought protection merit no special restriction on dissemination. Indeed, the contrary is true. As you know, courts have repeatedly held that use of force by public servants is a matter of acute public concern. *See, e.g., Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 792 (3d Cir 1994); *Chatman v. City of Chicago,* 2016 WL 245626  *4

(N.D. Ill. 2016). "The public has a particular interest in the instant case because it involves matters of public safety and the deadly force policies of the local police department."

*Carnaby v. City of Houston,* No. 4:08–cv–1366, 2008 WL 4546606, at *2 (S.D.Tex. Oct. 10, 2008); *see also Gutierrez v.Benevides*, 292 FR.D. 401, 404-405 (S.D. Tex. 2013)(explaining presumption in favor public dissemination of documents, especially in instances that involve matters of public concern such as government overreaching or "police misconduct").

In *Carnaby,* the court rejected restrictions sought by the City of Houston for 9-1-1 recordings that are nearly identical to those here. In a detailed analysis, the court provided a thoughtful explanation for so doing, even when disclosure involved the officers' personal disciplinary history. *Carnaby* bluntly explained,

> The officers understandably prefer not to have disciplinary history and citizen complaints made potentially available outside the police department. Nevertheless, police officers are public employees, paid by the taxpayers. The public's interest in transparency outweighs the officers' privacy interest.

Though disciplinary history is inherently personal, it "has a distinct public character, as it relates to the defendant officers' performance of their official duties."

> Without such information, the public would be unable to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will. *With so much at stake, defendants simply cannot be permitted to operate in secrecy*. (Emphasis added)

The court further explained that the public might want to see whether investigations of citizen complaints—like this one—were "fair and objective," and scrutinize ones that the internal affairs division "determined to be unfounded are really unfounded."

I will not belabor the point, but there can be no argument on the public nature of these incidents. Indeed, every City appropriation for defense, or settlement requires a public vote of the Council. Please contact me if you have any questions, and enjoy your holidays.

Truly yours,


/s/ Geoff J. Henley


Cc:

Susan Hutchison,
hutch@hsjustice.com
Hutchison & Stoy, PLLC
505 Pecan St., #101
Fort Worth, Texas 76102