UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND | § | |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF ANTHONY TIMPA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS DUSTIN DILLARD'S, DANNY VASQUEZ'S AND KEVIN MANSELL'S MOTION TO STAY THIS CASE PENDING THEIR CRIMINAL CASES, AND BRIEF**

Edwin P. Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

COUNSEL FOR DEFENDANT DUSTIN DILLARD

Mark E. Goldstucker
State Bar No. 08104100
mgoldstucker@gmail.com
LAW OFFICE OF MARK E.
GOLDSTUCKER
300 North Coit Road, Suite 1125
Richardson, Texas 75080
972-479-1112 (Telephone)
972-479-1113 (Telecopier)

COUNSEL FOR DEFENDANT KEVIN MANSELL

Gerald Bright
State Bar No. 02991720
gerald.bright@wblpc.com
David L. Craft
State Bar No. 00790522
david.craft@wblpc.com
WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972-744-0192 (Telephone)
972-744-0067 (Telecopier)

COUNSEL FOR DEFENDANT DANNY VASQUEZ

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

I.       BACKGROUND ...............................................................................................1

II.      ARGUMENT AND AUTHORITIES..................................................................3

         A.       Legal Standards Applicable to Determine Defendants' Motion to Stay..................3

         B.       The Court Should Stay This Case Pending Resolution of Defendants' Criminal
                  Cases ..........................................................................................................4

                  1.       Overlapping Issues Between Criminal and Civil Case ..............................4

                  2.       Status of Criminal Cases...........................................................7

                  3.       Plaintiffs' Interests ...................................................................8

                  4.       Defendants' Interests ................................................................9

                  5.       The Court's Interests.................................................................10

                  6.       The Public's Interests................................................................10

         C.       All Six Factors Weigh in Favor of a Stay ........................................................11

III.     CONCLUSION AND PRAYER .......................................................................12

CERTIFICATE OF CONFERENCE.........................................................................13

CERTIFICATE OF SERVICE ................................................................................13

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Alcala v. Texas Webb County*, 625 F.Supp.2d 391 (S.D.Tex. 2009) .................. 4, 5, 7, 8, 9, 10, 11

*Baxter v. Palmigiano*, 425 U.S. 308 (1976) ................................................................................ 5

*Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) ............................................................ 9, 11

*Collins v. Bauer*, No. 3:11-CV-877-B, 2011 WL 3874910 (N.D.Tex. Aug. 31, 2011) ... 5, 6, 9, 10

*Doe v. City of N.Y.*, 2010 WL 286643 (S.D.N.Y. Jan. 19, 2010) .................................................. 4

*Doe v. Morris*, No. 11-1532, 2012 WL 359315 (E.D.La. Feb. 2, 2012) .................................... 5, 6

*Dominguez v. Hartford Fin. Svcs. Grp., Inc.*, 530 F. Supp. 2d 902 (S.D.Tex. 2008) .................... 6

*Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969 (N.D.Tex. June 6, 2003) ......................................................................................................................................... 11

*Gilmore v. City of Bryan*, 2014 WL 5878734 (S.D.Tex. Nov. 10, 2014) ...................................... 4

*Heller Healthcare Fin., Inc. v. Boyes,* No. 3:00-CV-1355-D, 2002 WL 1558337 (N.D.Tex. July 15, 2002) .................................................................................................................... 4, 6

*In re Ramu Corp.*, 903 F.2d 312 (5th Cir. 1990) .......................................................................... 3

*Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683 (N.D.Tex. June 23, 2014) ............................................................... 3

*Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989) .......................................................................... 6

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) .......................................... 5

*Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992) ...................................................................... 6

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................. 3

*Lewis v. City of Garland*, No. 3:05-CV-0683-L, 2005 WL 2647956 (N.D.Tex. Oct. 14, 2005) ... 4

*Librado v. M.S. Carriers, Inc.,* No. 3:02-CV-2095-D, 2002 WL 31495988 (N.D.Tex. Nov. 5, 2002) ................................................................................................................... 4, 9, 10

*Lizarraga v. City of Nogales Arizona*, No. CV 006-474 TUC DCB, 2007 WL 215616 (D.Ariz. Jan. 24, 2007) .......................................................................................................... 7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) .................................... 5

*SEC v. Boock*, 2010 WL 2398918 (S.D.N.Y. June 15, 2010) ........................................................ 5

*SEC v. Mersky*, 1994 WL 22305 (E.D.Pa. Jan. 25, 1994) ................................................. 8

*Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065 (N.D.Tex. Mar. 17, 2008) ................................................................................................. 4

*Sec. & Exch. Comm'n v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2011 WL 4398443 (N.D.Tex. Sept. 20, 2011) ......................................................................................... 4, 7

*Sec. & Exch. Comm'n v. Mutuals.com, Inc*., No. 3:03-CV-2912-D, 2004 WL 1629929 (N.D.Tex. July 20, 2004) ................................................................................... 4, 6, 8, 11

*Sec. & Exch. Comm'n v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072 (N.D.Tex. Apr. 9, 2008) ................................................................................................................... 3, 6, 7, 10

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134 (S.D.N.Y. 1995) ............................................................................................... 4

*United States v. 4003-4005 5th Ave.*, 55 F.3d 78 (2d Cir. 1995) .................................... 5

*United States v. Kordel*, 397 U.S. 1 (1970) ................................................................... 3

*United States v. Little Al*, 712 F.2d 133 (5th Cir. 1983) ................................................ 3

*United States v. Rainey*, 757 F.3d 234 (5th Cir. 2014) ................................................... 3

*Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993) .............................. 5

*Walker v. Wilburn,* No. 3:13-CV-48896-D, 2015 WL 5873392 (N.D.Tex. Oct. 5, 2015) 3, 4, 5, 7, 9, 11

*Wallace v. Kato*, 549 U.S. 384 (2007) ........................................................................... 4

## **Statutes**

42 U.S.C. § 1983 .......................................................................................................... 1

50 U.S.C. § 3932 .......................................................................................................... 2

Alvin Hellerstein & Gary Naftalis, *Private Civil Actions and Concurrent or Subsequent Regulatory or Criminal Proceedings*, SG046 ALI-ABA 903, 951 (2001) ................................ 5

Tex. Penal Code § 22.05(a) ........................................................................................... 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND | § | |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF ANTHONY TIMPA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS DUSTIN DILLARD'S, DANNY VASQUEZ'S AND KEVIN MANSELL'S
MOTION TO STAY THIS CASE PENDING THEIR CRIMINAL CASES, AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Dustin Dillard ("Dillard"), Danny Vasquez ("Vasquez") and Kevin Mansell

("Mansell") (collectively, the "Defendants"), pursuant to Fed.R.Civ.P. 1 and the inherent power

of the court, submit the following motion to stay this case pending the conclusion of Defendants'

criminal cases.  In support thereof, Defendants respectfully show the court the following:

**I.
BACKGROUND**

This is a civil rights action brought by Plaintiffs Vicki and Cheryll Timpa, individually

and as representative of the estate of Anthony Timpa ("Timpa") and as next friend of K.T., a

minor, alleging claims pursuant to 42 U.S.C. § 1983 against Dallas Police Department Officers

Dillard, Vasquez, Mansell, Raymond Dominguez, Domingo Rivera (collectively, the "Officers"),

Glenn Johnson, and the Criminal Investigative Unit, LLC ("CIU").[1]  This case arises from the

alleged use of excessive deadly force by the Officers on August 10, 2016, while Timpa was in

---

[1] Defendants Johnson and CIU have not yet entered an appearance in this litigation.  *See* Court's Docket.  On
September 14, 2017, the Clerk of the Court filed an Entry of Default as to Defendants Johnson and CIU in response
to a request by Plaintiffs.  *See* ECF Doc. Nos. 68 and 69.

their custody.  *See* Plaintiffs' Third Amended Complaint (ECF Doc. No. 78), pp. 3-12.  Plaintiffs allege causes of action against the Officers of unconstitutional use of excessive force, denial of medical care, supervisor liability (against Mansell), and bystander liability (against Vasquez, Rivera, Dominguez, Mansell and Johnson).  *Id.*, at pp. 12-16.  Plaintiffs also assert wrongful death and survival actions under Texas state law.  *Id.*, at pp. 16-17.[2]  The Officers deny Plaintiffs' claims, and each has filed an answer to Plaintiffs' allegations, affirmatively pleading, *inter alia*, their entitlement to the defense of qualified immunity.  *See* Court's Docket, ECF Nos. 90, 91, 92, 93, 94.

Dillard, a Technical Sergeant and reservist in the United States Air Force Reserve, filed a motion to stay this case under the Servicemembers Civil Relief Act, 50 U.S.C. § 3932.  ECF Doc. Nos. 60, 61.  Dillard had been recalled to active duty service overseas and was deployed from July 16, 2017, to March 1, 2018.  *Id.*  The court granted Dillard's motion.  ECF Doc. No. 79.  While Dillard was deployed overseas, he, Vasquez and Mansell were indicted by the Dallas County Grand Jury for deadly conduct arising out of the same events that give rise to these proceedings.  *See* Appendix in Support of Defendants' Motion to Stay this Case ("Appendix"), pp. 3-7.  Plaintiffs have indicated a desire to proceed with discovery in this case notwithstanding Defendants' criminal cases, and also desire to modify/seek relief from the Protective Order entered in this case on April 14, 2017.  Appendix, pp. 8-19.  *See also* Plaintiffs' Motion to Challenge Protective Order Designations, filed March 15, 2018 (ECF Doc. No. 89).

---

[2]  On May 10, 2017, Plaintiffs' Stipulation of Partial Dismissal With Prejudice was filed.  *See* Court's Docket, ECF Doc. No. 48.  In that stipulation, Plaintiffs dismissed their wrongful death and survival causes of action against the Officers.  *Id.*  Plaintiffs allege claims of false imprisonment, assault and battery, negligence and gross negligence, respondeat superior, negligent hiring, supervision and/or training, and grossly negligent hiring, supervision and/or training against named-Defendants Johnson and CIU.  *See* Plaintiffs' Third Amended Complaint (ECF Doc. No. 78) at pp. 17-20.

## II.
## ARGUMENT AND AUTHORITIES

Defendants move the court to stay this case until after the resolution of the criminal cases filed against them for deadly conduct.  The criminal cases arise from the same incident made the basis of this lawsuit, and are currently pending in Dallas County *See* Appendix pp. 3-7. Defendants request that the court stay this case until after their criminal cases are concluded in order to avoid the prejudice that would occur to Defendants if both legal matters are allowed to proceed simultaneously, as more fully outlined in this motion, below.

**A.**     **Legal Standards Applicable to Determine Defendants' Motion to Stay**

A district court has a "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."  *In re Ramu Corp*., 903 F.2d 312, 318 (5th Cir. 1990).  *See also Walker v. Wilburn,* No. 3:13-CV-48896-D, 2015 WL 5873392, at ** 5-9 (N.D.Tex. Oct. 5, 2015); *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *2 (N.D.Tex. June 23, 2014).   Such discretionary power is an inherent one "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

A court may decide within its discretion to stay civil proceedings "when the interests of justice seem to require such action."  *United States v. Kordel*, 397 U.S. 1, 12, n. 27 (1970).  In special circumstances, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.  *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).  *See also Sec. & Exch. Comm'n v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *2 (N.D.Tex. Apr. 9, 2008) (same).  Such practice is typically followed not only in this district but also in other district courts.  *See, e.g., Gilmore v. City of*

*Bryan*, 2014 WL 5878734, at *2 (S.D.Tex. Nov. 10, 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)) ("[T]he district court may, and following common practice often does, stay the civil action until pending or potential criminal case has been decided."); *Doe v. City of N.Y.*, 2010 WL 286643, at *1 (S.D.N.Y. Jan. 19, 2010) ("District courts routinely … stay a case when confronted with the concurrent pendency of civil and criminal proceedings involving the same or related subject matter.").

In determining whether to stay a civil case when a criminal case is pending, courts are to consider the following six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 398-99 (S.D.Tex. 2009) (citing numerous cases and discussing *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134 (S.D.N.Y. 1995)).[3]

**B.   The Court Should Stay This Case Pending Resolution of Defendants' Criminal Cases**

   1.   Overlapping Issues Between Criminal and Civil Case

The first factor, the degree to which civil issues overlap with criminal issues, has been considered the most important factor.  *Walker*, 2015 WL 5873392, at *6; *AmeriFirst Funding, Inc.*, 2008 WL 866065, at *2; *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39

---

[3] *See also Sec. & Exch. Comm'n v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *2 (N.D.Tex. Sept. 20, 2011); *Offill*, 2008 WL 958072, at *2; *Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *2 (N.D.Tex. Mar. 17, 2008); *Lewis v. City of Garland*, No. 3:05-CV-0683-L, 2005 WL 2647956, at *2 (N.D.Tex. Oct. 14, 2005); *Sec. & Exch. Comm'n v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D.Tex. July 20, 2004); *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095-D, 2002 WL 31495988, at *1 (N.D.Tex. Nov. 5, 2002); *Heller Healthcare Fin., Inc. v. Boyes*, No. 3:00-CV-1355-D, 2002 WL 1558337, at *2 (N.D.Tex. July 15, 2002).

(S.D.N.Y. 1993).  *See also Collins v. Bauer*, No. 3:11-CV-877-B, 2011 WL 3874910, at *2 (N.D.Tex. Aug. 31, 2011); *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *1 (E.D.La. Feb. 2, 2012).  A court should consider whether, by allowing the civil case to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving his Fifth Amendment rights.  *Alcala*, 625 F.Supp.2d at 400.  Since Defendants can be called and forced to testify in this case, both at deposition and at trial, permitting discovery and trial to occur will force Defendants to choose between publicly testifying under oath on matters directly implicated in their criminal cases, or asserting Fifth Amendment rights and being unable to defend themselves in this case.  That is precisely the situation this factor seeks to avoid.

The issues and concerns raised by the concurrent pendency of these civil and criminal proceedings are important.  The importance of the conflict presented by two concurrent proceedings was summarized in *Walker*:

> "A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts … her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if … she waives that privilege in the civil litigation."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995)).  "A defendant in a civil proceeding who invokes the Fifth Amendment as a result of an overlapping criminal investigation or proceeding 'risk[s] the adverse inference arising from [her] assertion of the privilege.'" *Id*. at 97-98 (some alterations in original) (quoting Alvin Hellerstein & Gary Naftalis, *Private Civil Actions and Concurrent or Subsequent Regulatory or Criminal Proceedings*, SG046 ALI-ABA 903, 951 (2001)).  "The Supreme Court has explained 'that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" *Id*. at 98 (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (observing that it is permissible for the trier of fact to draw such adverse inferences)).  "But if civil defendants do not elect to assert their Fifth amendment privilege, and instead fully cooperate with discovery, their 'testimony … in their defense in the civil action is likely to constitute admissions of criminal conduct in their criminal prosecution.'" *Id*. (quoting *SEC v. Boock*, 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010)).

*Walker*, 2015 WL 5873392, at *4.

**DEFENDANTS DUSTIN DILLARD'S, DANNY VASQUEZ'S AND KEVIN MANSELL'S MOTION TO STAY THIS CASE PENDING THEIR CRIMINAL CASES, AND BRIEF** – Page 5

Some courts have determined that the first factor weighs in favor of a stay based simply on the subject matter of the two proceedings being the same and the issues in the two cases being substantially similar.  *Mutuals.com, Inc.,* 2004 WL 1629929, at *3.  *See also Collins*, 2011 WL 3874910, at *2; *Offill*, 2008 WL 958072, at *2; *Doe*, 2012 WL 359315, at *1; *Dominguez v. Hartford Fin. Svcs. Grp., Inc.*, 530 F. Supp. 2d 902, 907 (S.D.Tex. 2008).  Even if the overlap of issues is not "entirely coterminous," if the subject matter of both is substantially related, courts will weigh this factor in favor of a stay.  *Heller Healthcare Fin., Inc.*, 2002 WL 1558337, at *2.

In the present case, it is undisputable that the underlying subject matter of Defendants' indictments and this civil lawsuit are the same.  In the criminal proceeding, Defendants' indictments list their offense as deadly conduct based on their actions during the arrest of Anthony Timpa on August 10, 2016.  *See* Appendix, pp. 3, 6, 7.  That offense requires the State to prove that Defendants, on that date, recklessly engaged in conduct that placed Anthony Timpa in imminent danger of serious bodily injury.  *See* Tex. Penal Code § 22.05(a); Appendix, pp. 3, 6, 7.  The indictments provide additional allegations regarding the details of Defendants' encounter with Anthony Timpa.  *Id.*

In this civil case, Plaintiffs' excessive force claim requires Plaintiffs to prove that, on August 10, 2016, their decedent (Anthony Timpa): (1) suffered a physical injury; (2) which resulted directly and only from a use of force by Defendants while acting under color of state law that was clearly excessive to the need; and (3) the excessiveness of the force employed was objectively unreasonable, during Defendants' encounter with Timpa.  *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992); *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989).  The allegations of harm by Plaintiffs mirror, with more factual detail, the allegations in the indictments.  *See* Plaintiffs' Third Amended Complaint, ECF Doc. No. 78, pp. 3-12.  The

parties/witnesses in the criminal action are the same in this civil action. *Id*. Both actions concern the same events. *Compare* Appendix, pp. 3, 6, 7, *with* Plaintiffs' Third Amended Complaint, pp. 3-12. Since the criminal cases and this civil suit arise from the same events, involve the same parties, and implicate similar issues, there is substantial overlap between them. *Id*. This civil case should be stayed in its entirety, therefore, until the criminal cases have been resolved, under the authorities cited above.

   2. <u>Status of Criminal Cases</u>

   The second factor to consider is the status of the criminal cases. *Alcala*, 625 F.Supp.2d at 398-99. A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct. *Walker*, 2015 WL 5873392, at *7 (citations omitted); *Kiselak Capital Group, LLC*, 2011 WL 4398443, at *2. *See also Offill*, 2008 WL 958072, at *2. Prior to an indictment, whether the issues will overlap is a mere "matter of speculation." *Alcala*, 625 F.Supp.2d at 401. Post-indictment, however, is when the degree of overlap between a criminal and civil case can most readily be determined. *Id*. The criminal indictment helps clarify the alleged conduct at issue and can be easily compared against the civil complaint. *Id*. Thus, the "strongest case" for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Id*. *See also Lizarraga v. City of Nogales Arizona*, No. CV 006-474 TUC DCB, 2007 WL 215616, at *3 (D.Ariz. Jan. 24, 2007).

   As noted above, Defendants are currently under criminal indictment for the precise conduct made the basis of Plaintiffs' claims in this civil matter, and there is substantial and significant overlap of issues between the two matters. *Compare* Appendix, pp. 3, 6, 7, *with* Plaintiffs' Third Amended Complaint, pp. 3-12. This factor, therefore, weighs in favor of staying this case.

3.    <u>Plaintiffs' Interests</u>

Courts recognize that "a civil plaintiff has an interest in the prompt resolution of its claims and in obtaining discovery while information is still fresh in witnesses' minds." *Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (quoting *SEC v. Mersky*, 1994 WL 22305, at *3 (E.D.Pa. Jan. 25, 1994).  It is anticipated that Plaintiffs will argue that if this case is stayed as to Defendants, it should not be stayed as to other parties so that some discovery can proceed.  *See, e.g.*, Appendix, pp. 8-19. But such an argument overlooks Plaintiffs' own allegations regarding the interrelatedness of the events and persons giving rise to this case.  *See* Plaintiffs' Third Amended Complaint, pp. 3-12.  The inability of Defendants to participate in such discovery harms their interest in the same way as would be the case if the court denied this motion: participate with the risk of causing conflicts with their interests in the criminal cases.  Plaintiffs must establish more prejudice than simply a delay in their rights to expeditiously pursue their claims.  *Alcala*, 625 F.Supp.2d at 397.

This factor is of less importance in this case, however.  Although very little discovery has occurred in this case, to date, information and evidence has nonetheless been provided to Plaintiffs under the terms of the court's Protective Order, dated April 14, 2017 (ECF Doc. No. 33).  *See* Appendix, pp. 8-13.  *See also* Plaintiffs' Motion to Challenge Protective Order Designations, filed March 15, 2018 (ECF Doc. No. 89).  As a result, concerns regarding acquisition of information while it is still "fresh" are less of an issue and should not cause this motion to be denied.  This is particularly so since the nature of desired discovery concerns Defendants' accounts of the subject incident, which coincides with the information related to the criminal indictments.  *Compare* Appendix, pp. 3, 6, 7, *with* Plaintiffs' Third Amended Complaint, pp. 3-12.

4.    <u>Defendants' Interests</u>

The fourth factor considers the private interest of Defendants in securing the stay, and the burden that would result to them if the stay were denied.  *Collins*, 2011 WL 3874910, at *3.  *See also Librado*, 2002 WL 31495988, at *3.  In ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."  *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).  The first two factors of the stay analysis, overlap of issues and status of the criminal case, also contribute to the analysis of this factor.  *Alcala*, 625 F.Supp.2d at 400-01.

As already discussed, the substantial overlap of issues between the pending criminal indictments against Defendants and this civil case place them in the position of having to choose between the assertion of their Fifth Amendment rights, on the one hand, and the ability to adequately defend themselves in this lawsuit, which seeks millions of dollars in damages, on the other hand.  *See* Plaintiffs' Third Amended Complaint, pp. 22-23.  That tension is improper and manifestly unfair to Defendants.  This conflict may be eliminated by granting a stay of this case until Defendants' criminal cases are resolved.  *Walker*, 2015 WL 5873392, at *8 (also noting that the officer defendant has an interest in staying the civil trial to avoid exposing her criminal defense strategy to the prosecution) (citations omitted).

Plaintiffs' Motion to Challenge Protective Order was filed for the express purpose of removing protections ordered by the court on certain information, already disclosed to Plaintiffs in previous discovery, in order to publicize that information.  *See* ECF Doc. No. 89.  Such publicity will harm Defendants' interests in their defense of their criminal cases, and Defendants will respond to that motion in due course.  Defendants' criminal lawyers are concerned about Defendants' ability to receive a fair trial in their criminal case if these two matters proceed

simultaneously.  *See* Appendix pp. 20-23.  These are yet additional reasons why Defendants' interests strongly support the stay of this case until Defendants' criminal cases are resolved.

     5.    <u>The Court's Interests</u>

In deciding whether to stay a case, the court must also balance its own interests, including judicial efficiency.  *Alcala*, 625 F.Supp.2d at 406.  The court has an interest in moving matters expeditiously through the judicial system.  *Collins*, 2011 WL 3874910, at *4.  Conducting criminal proceedings in advance of civil proceedings promotes judicial economy.  *Offill*, 2008 WL 958072, at *3.  Due to differences in the standards of proof between civil and criminal prosecutions, "the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues."  *Id.*  A court should analyze whether, and to what extent, the outcome of the criminal proceeding would serve to simplify or "streamline" the issues.  *Id.*  Such result is dependent upon the degree of overlap between the criminal and civil cases and whether a conviction in the former would "speak to the actual bases of liability" in the latter action.  *Id.* Resolution of the criminal case may also increase the likelihood of settlement of the civil case. *Id.  See also Alcala*, 625 F.Supp.2d at 406 (finding that the conviction of a civil defendant following the entry of a plea or a trial can "contribute significantly to the narrowing of issues in dispute in the overlapping civil case and promote settlement of civil litigation….").  The court's interests in this case thus weigh in favor of a stay.

     6.    <u>The Public's Interests</u>

Regarding the final factor in the stay analysis, the public has an interest in the just and constitutional resolution of disputes with minimal delay.  *Collins*, 2011 WL 3874910, at *4.  *See also Librado*, 2002 WL 31495988, at *3.  Such resolution, however, must be considered only to the extent that the integrity of Defendants' rights can be maintained.  *Alcala*, 625 F.Supp.2d at 407.  *See also Frierson v. City of Terrell*, No. 3:02-CV-2340-H, 2003 WL 21355969, at *4

(N.D.Tex. June 6, 2003).  As mentioned previously, Defendants' Fifth Amendment rights are at risk if both cases proceed simultaneously.  "The degree of overlap is an important consideration in weighing the public's interests.  *Alcala*, 625 F.Supp.2d at 407.  Moreover, the public also has an interest in ensuring that the criminal discovery process is not subverted.  *Walker*, 2015 WL 5873392, at *9 (citations omitted).  Additionally, the Fifth Circuit has "long recognized the public interest in law enforcement."  *Mutuals.com*, 2004 WL 1629929, at *4 (*citing Campbell*, 307 F.2d at 487).

Taking all of this into consideration, the public's interests also weigh in favor of a stay.  Staying this case will allow for the resolution of the criminal case against Defendants to potentially greatly narrow the issues to be decided in this case when and if it is tried, as well as increase the possibility of a settlement without a trial.  Moreover, staying this case until the criminal cases are resolved protects Defendants' Fifth Amendment rights and their right to a fair and impartial jury in their criminal trials rights which would otherwise be violated if this case proceeds to trial, as discussed herein.

## C.    All Six Factors Weigh in Favor of a Stay

All six factors weigh in favor of staying this case.  Defendants, therefore, move the court to stay this civil case until the resolution of the pending criminal indictments against Defendants that arise from the same underlying facts.

## III.
## CONCLUSION

Under the authorities cited above, Defendants request, in the interest of receiving a fair criminal trial and the interests outlined in this motion, that this case be stayed until the completion of their criminal cases.

WHEREFORE, PREMISES CONSIDERED, Defendants Dustin Dillard, Danny Vasquez and Kevin Mansell pray that this motion be granted and that the court stay this case pending the resolution of the criminal charges against them, and move for such other and further relief, both general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By:   */s/ Edwin P. Voss, Jr.*
      Edwin P. Voss, Jr.
      State Bar No. 20620300
      evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)
COUNSEL FOR DEFENDANT DUSTIN DILLARD

By:   */s/ Mark E. Goldstucker, with permission*
      Mark E. Goldstucker
      State Bar No. 08104100
      mgoldstucker@gmail.com
LAW OFFICE OF MARK E. GOLDSTUCKER
300 North Coit Road, Suite 1125
Richardson, Texas 75080
972-479-1112 (Telephone)
972-479-1113 (Telecopier)
COUNSEL FOR DEFENDANT KEVIN MANSELL

By:   */s/ Gerald Bright, with permission*
      Gerald Bright
      State Bar No. 02991720
      gerald.bright@wblpc.com
      David L. Craft
      State Bar No. 00790522
      david.craft@wblpc.com
WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972-744-0192 (Telephone)
972-744-0067 (Telecopier)
COUNSEL FOR DEFENDANT DANNY VASQUEZ

## CERTIFICATE OF CONFERENCE

On March 9, 2018, the undersigned counsel for Defendant Dustin Dillard conferred with counsel for Co-Defendants Raymond Dominguez and Domingo Rivera, Ms. Tatia R. Wilson, regarding this motion.  Counsel stated that Co-Defendants do not oppose this motion.  On March 9, 2018, the undersigned counsel for Defendant Dustin Dillard conferred with counsel for Plaintiffs, Mr. Geoff J. Henley, regarding this motion.  Counsel stated that Plaintiffs oppose this motion and the relief sought therein.  On March 16, 2018, the undersigned counsel for Defendant Dustin Dillard conferred with counsel for Intervenor, Ms. Susan Hutchison, regarding this motion.  Counsel stated that Intervenor opposes this motion and the relief sought therein.  Based on these conferences, this motion is presented as an opposed motion.

*/s/ Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.


## CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on March 16, 2018.

*/s/ Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.