UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-3089-N |
| DUSTIN DILLARD, et al., | § § | |
| Defendants. | § § | |

## APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS CASE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Dustin Dillard ("Dillard"), Danny Vasquez ("Vasquez") and Kevin Mansell ("Mansell") (collectively, the "Defendants"), respectfully submit this Appendix in Support of Defendants' Motion to Stay This Case ("Appendix"), as required by the court's local rules, to accompany the Defendants Dustin Dillard's, Danny Vasquez's and Kevin Mansell's Motion to Stay This Case Pending Their Criminal Cases, and Brief, filed concurrently herewith. This Appendix consists of the following evidence:

| | | |
|---|---|---|
| A. | Affidavit of Edwin P. Voss, Jr., with exhibits: | Pages 1-2 |
| | 1. Indictment No.: F1700899 (later renumbered MA1704733) in The State of Texas v. Dustin Dillard, with supplement and True Bill Report. | Pages 3-5 |
| | 2. Indictment No.: F1700900 (later renumbered MA1704734) in The State of Texas v. Danny Vasquez. | Page 6 |
| | 3. Indictment No.: F1700898 (later renumbered MA1704732) in The State of Texas v. Kevin Mansell. | Page 7 |

APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS CASE - Page 1

4. E-Mails between Plaintiffs' counsel and counsel for Defendants, dated March 13, 2018, with attached correspondence, dated December 11, 2017.                                    Pages 8-13

5. Deposition Subpoena, with deposition notice, issued by Plaintiffs for the oral deposition of Emily Ogden, M.D., dated March 13, 2018 (ECF Doc. No. 87).                          Pages 14-19

B.  Affidavit of Robert Rogers                           Pages 20-21

C.  Affidavit of Knox Fitzpatrick                        Pages 22-23

## INCORPORATION BY REFERENCE

All evidence in this Appendix is hereby incorporated by reference into Defendants Dustin Dillard's, Danny Vasquez's and Kevin Mansell's Motion to Stay This Case Pending Their Criminal Cases, and Brief.

Respectfully submitted,

By:   /s/ Edwin P. Voss, Jr.
      Edwin P. Voss, Jr.
      State Bar No. 20620300
      evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)
COUNSEL FOR DEFENDANT DUSTIN DILLARD

By:   /s/ Mark E. Goldstucker, with permission
      Mark E. Goldstucker
      State Bar No. 08104100
      mgoldstucker@gmail.com
LAW OFFICE OF MARK E. GOLDSTUCKER
300 North Coit Road, Suite 1125
Richardson, Texas 75080
972-479-1112 (Telephone)
972-479-1113 (Telecopier)
COUNSEL FOR DEFENDANT KEVIN MANSELL

By:   */s/ Gerald Bright, with permission*
   Gerald Bright
   State Bar No. 02991720
   gerald.bright@wblpc.com
   David L. Craft
   State Bar No. 00790522
   david.craft@wblpc.com

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972-744-0192 (Telephone)
972-744-0067 (Telecopier)
COUNSEL FOR DEFENDANT DANNY VASQUEZ

### CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on March 16, 2018.

     */s/ Edwin P. Voss, Jr.*
     Edwin P. Voss, Jr.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICKI TIMPA, INDIVIDUALLY, AND          §
AS REPRESENTATIVE OF THE                §
ESTATE OF ANTHONY TIMPA, et al.,        §
                                        §
            Plaintiffs,                 §
                                        §
v.                                      §          CIVIL ACTION NO. 3:16-CV-3089-N
                                        §
DUSTIN DILLARD, et al.,                 §
                                        §
            Defendants.                 §

### AFFIDAVIT OF EDWIN P. VOSS, JR.

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared Edwin P. Voss,

Jr., who, being of lawful age and duly sworn upon his oath, deposed and stated as follows:

1.      My name is Edwin P. Voss, Jr.  I am over 18 years of age, I have never been

convicted of any felony or other crime involving dishonesty or moral turpitude, and I am fully

competent to testify regarding the matters stated herein.  I am counsel of record for Defendant

Dustin Dillard in the above-styled case.  I have personal knowledge of the facts stated herein.  I

make this Affidavit in support of Defendants Dustin Dillard's, Danny Vasquez's and Kevin

Mansell's Motion to Stay This Case Pending Their Criminal Cases, and Brief.

2.      As counsel of record for Defendant, I have been provided or I have provided

several items in correspondence or online research for public records related to this case.

Attached to this Affidavit are true and correct copies of the following documents: **(1)** Indictment

No.: F1700899 (later renumbered MA1704733) in The State of Texas v. Dustin Dillard, with



1

supplement and True Bill Report; **(2)** Indictment No.: F1700900 (later renumbered MA1704734) in The State of Texas v. Danny Vasquez; **(3)** Indictment No.: F1700898 (later renumbered MA1704732) in The State of Texas v. Kevin Mansell; **(4)** E-Mails between Plaintiffs' counsel and counsel for Defendants, dated March 13, 2018, with attached correspondence, dated December 11, 2017; and **(5)** Deposition Subpoena, with deposition notice, issued by Plaintiffs for the oral deposition of Emily Ogden, M.D., dated March 13, 2018 (ECF Doc. No. 87).

3.      The copies of the above-listed documents that are attached to this Affidavit are true and correct copies of the documents and items as they are on file in my office.

4.      Further, Affiant sayeth not.

Edwin P. Voss, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public in and for Dallas County, Texas, on the _11oth_ day of March, 2018, to certify which witness my hand and official seal of office.

Notary Public in and for Dallas County, Texas

My Commission Expires:



DEBRA R. LYNCH
MY COMMISSION EXPIRES
January 31, 2019



# GRAND JURY REFERRAL

DALLAS COUNTY

2010 JAN 17 PM 4: 11

CO. CRIMINAL COURT NO. 1
DALLAS COUNTY, TEXAS

BY SB _____ DEPUTY

## The State of Texas vs. DUSTIN DILLARD

265th

DOB: ███████    Sex: Male    Race: White

SID No.

AIS No. <#CID#>

GJ Witness:

| C | Offense | LD | Statute | Agency | TRN | TRS | NCIC Code |
|---|---------|----|---------|--------|----|----|-----------|
| 1 | -<br>DEADLY CONDUCT | MA | PC 22.05(a) | TXDPD0000 | | | 53990001 |

---

### INDICTMENT NO.: F1700899

---

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Dallas County, State of Texas, duly organized at the July Term, A.D., 2017 of the 283rd Judicial District Court for said County, upon its oath do present in and to said Court at said term,

That **DUSTIN DILLARD**, hereinafter called Defendant, **on or about the 10th day of August, 2016**, in the County of Dallas, State of Texas, did then and there recklessly engage in conduct, namely: by placing and holding ANTHONY ALAN TIMPA, hereinafter called complainant, face down on the ground for a prolonged period of time, applying pressure to complainant's back while holding complainant face down on the ground for a prolonged period of time, violating Dallas Police Department General Order 905.00 regarding handling suspects exhibiting symptoms of drug-induced psychosis/excited delirium, and failing to place complainant in an upright position or on his side as soon as he was under control, that placed complainant in imminent danger of serious bodily injury.

Against the peace and dignity of the State.

*William R Henderson*

**Foreman of the Grand Jury**

Page 1 of 1



EXHIBIT
A(1)

3

SUPPLEMENT INDICTMENTS: 3

IN THE 283RD JUDICIAL DISTRICT COURT

DALLAS COUNTY

JULY TERM, 2017

PRESENTMENT OF INDICTMENTS BY GRAND JURY

BE IT REMEMBERED:

That on this the 6th day of December, 2017, there was duly delivered and presented to the Clerk of this Court the various Bills of Indictment duly voted and enumerated on the writing attached hereto and made a part hereof for all purposes, said presentment having been made by and through the Foreman of the Dallas County Grand Jury, duly appointed, with at least nine members of said Grand Jury present on said occasion, to all of which said facts we certify and set our hands and the Seal of said Court on the date first above mentioned.

_____
Foreman, Dallas County Grand Jury

Felicia Pitre, District Clerk
Dallas County, Texas

By _____
DEPUTY CLERK

THE STATE OF TEXAS

COUNTY OF DALLAS

IT APPEARING TO THE COURT that delivery and presentment of indictments referred to above had been duly made in accordance with the law, IT IS ORDERED that said fact of presentment shall be entered upon the Minutes of the Court, effective on said date of delivery,

_____
JUDGE



## True Bill Report for A1 October 2017 - 3 - 283rd Docket - Monday, December 04, 2017

| Order | Grand Jury Result | Case | Court | Defendant (DOB) | GOC | Offense(s) | Assigned Prosecutor | Prosecution Unit |
|-------|-------------------|------|-------|-----------------|-----|------------|---------------------|------------------|
| 1 | True Bill | F1700898 | 265th | MANSELL, KEVIN (4/17/1969) | | 1 - DEADLY CONDUCT | Lewis II, George | Public Integrity |
| 2 | True Bill | F1700899 | 265th | DILLARD, DUSTIN (1/22/1985) | | 1 - DEADLY CONDUCT | Lewis II, George | Public Integrity |
| 3 | True Bill | F1700900 | 265th | VASQUEZ, DANNY (7/28/1985) | | 1 - DEADLY CONDUCT | Lewis II, George | Public Integrity |

**Total True Bill: 3**

5

# GRAND JURY REFERRAL

**The State of Texas vs. DANNY VASQUEZ**                                   265th

DOB: ▮▮▮▮▮▮         Sex: Male    Race: White

SID No.                                                                    GJ Witness:
AIS No. <#CID#>

| C | Offense | LD | Statute | Agency | TRN | TRS | NCIC Code |
|---|---------|-----|---------|--------|-----|-----|-----------|
| 1 | -<br>DEADLY CONDUCT | MA | PC 22.05(a) | TXDPD0000 | | | 53990001 |

M1704734

### INDICTMENT NO.: F1700900

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Dallas County, State of Texas, duly organized at the July Term, A.D., 2017 of the 283rd Judicial District Court for said County, upon its oath do present in and to said Court at said term,

That **DANNY VASQUEZ,** hereinafter called Defendant, **on or about the 10th day of August, 2016,** in the County of Dallas, State of Texas, did then and there recklessly engage in conduct, namely: by placing and holding ANTHONY ALAN TIMPA, hereinafter called complainant, face down on the ground for a prolonged period of time, applying pressure to complainant's back while holding complainant face down on the ground for a prolonged period of time, violating Dallas Police Department General Order 905.00 regarding handling suspects exhibiting symptoms of drug-induced psychosis/excited delirium, and failing to place complainant in an upright position or on his side as soon as he was under control, that placed complainant in imminent danger of serious bodily injury.

2017 DEC -7 PM 5: 16
COUNTY CLERK
DALLAS COUNTY

Against the peace and dignity of the State.

*William R Henderson*

**Foreman of the Grand Jury**

Page 1 of 1



EXHIBIT
A(2)

6



# GRAND JURY REFERRAL

**The State of Texas vs. KEVIN MANSELL**                                                    265th

DOB: ████████        Sex: Male      Race: White

SID No.                                                                                   GJ Witness:
AIS No. <#CID#>

| C | Offense | LD | Statute | Agency | TRN | TRS | NCIC Code |
|---|---------|----|---------|--------|-----|-----|-----------|
| 1 | - DEADLY CONDUCT | MA | PC 22.05(a) | TXDPD0000 | | | 53990001 |

M1704732

**INDICTMENT NO.: F1700898**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Dallas County, State of Texas, duly organized at the July Term, A.D., 2017 of the 283rd Judicial District Court for said County, upon its oath do present in and to said Court at said term,

That **KEVIN MANSELL, hereinafter called Defendant, on or about the 10th day of August, 2016**, in the County of Dallas, State of Texas, did then and there recklessly engage in conduct, namely: by placing and holding ANTHONY ALAN TIMPA, hereinafter called complainant, face down on the ground for a prolonged period of time, applying pressure to complainant's back while holding complainant face down on the ground for a prolonged period of time, violating Dallas Police Department General Order 905.00 regarding handling suspects exhibiting symptoms of drug-induced psychosis/excited delirium, and failing to place complainant in an upright position or on his side as soon as he was under control, that placed complainant in imminent danger of serious bodily injury.



Against the peace and dignity of the State.

*William R Henderson*

Foreman of the Grand Jury

Page 1 of 1                                    EXHIBIT
                                               **A(3)**                        7

**Ed Voss**

| | |
|---|---|
| **From:** | Geoff Henley <ghenley@henleylawpc.com> |
| **Sent:** | Tuesday, March 13, 2018 3:48 PM |
| **To:** | Wilson, Tatia; Ed Voss; Mark Goldstucker; Gerald Bright; Schuette, Jason |
| **Cc:** | hutch@hsjustice.com; Lane Addison |
| **Subject:** | RE: L16-1234 | Timpa v. Dillard, 3:16cv3089-N |
| **Attachments:** | challenge to protective order 12-11-2017.pdf |

Given the delays that have taken place to date, and the efforts to obtain more, I am now going to proceed with the previous challenge for relief from the Protective Order.

Given the previous positions, I do not assume that Defendants have changed their positions, and still *oppose* relief.

Please advise.

Geoff J. Henley

**HENLEY & HENLEY, P.C.**

2520 Fairmount Street, Suite 200
Dallas, Texas 75201
P 214.821.0222
F 214.821.0124

**Privileged and Confidential: The information contained in this e-mail message, including any file attachments, is confidential. It is intended only for the individual(s) designated above. You are hereby notified that any use, copying or distribution of the information contained in this transmission by anyone other than the recipient(s) named above is unauthorized and strictly prohibited. If you have received this transmission in error, please notify the sender immediately by replying via e-mail and delete the message and any file attachments from your computer. Thank you.**

**From:** Wilson, Tatia <tatia.wilson@dallascityhall.com>
**Sent:** Tuesday, March 13, 2018 11:18 AM
**To:** Geoff Henley <ghenley@henleylawpc.com>
**Cc:** hutch@hsjustice.com; 'evoss@bhlaw.net' <evoss@bhlaw.net>; Mark Goldstucker (mgoldstucker@gmail.com) <mgoldstucker@gmail.com>; Gerald Bright <Gerald.Bright@wblpc.com>; Schuette, Jason <Jason.Schuette@dallascityhall.com>
**Subject:** RE: L16-1234 | Timpa v. Dillard, 3:16cv3089-N

Mr. Henley –



1

This acknowledges your email, below.  It is my understanding that Defendants Dillard, Mansell, and Vasquez intend to file a motion to stay this litigation pending disposition of their criminal case.  We would like to get a ruling on that motion first before we proceed with discovery, including scheduling the depositions of officers Dominguez and Rivera.

Thank you.



**Tatia R. Wilson**
Assistant City Attorney
Deputy Chief, Torts Section
**City of Dallas**
Dallas City Attorney's Office
1500 Marilla St., 7DN
Dallas, TX 75201
O:  214-671-9553
F:  214-670-0622
tatia.wilson@dallascityhall.com

Please be advised that this e-mail is subject to being disclosed pursuant to a request for public information under the Texas Public Information Act.

CONFIDENTIALITY NOTICE: This communication, including attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient of this communication, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, you are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited, may be unlawful, and are requested to reply to this email to notify the sender that you have received the communication in error and promptly delete this e-mail, including attachments without reading or saving them in any manner.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**From:** Geoff Henley [mailto:ghenley@henleylawpc.com]
**Sent:** Friday, March 09, 2018 9:39 AM
**To:** Wilson, Tatia <tatia.wilson@dallascityhall.com>
**Cc:** hutch@hsjustice.com
**Subject:** FW: L16-1234 | Timpa v. Vasquez, 3:16cv3089-N (BN)

Ms. Wilson:

I am following up with your email response of last week concerning deposition dates for your remaining clients. What dates do you have for Officers Rivera and Dominguez?

Best,

Geoff J. Henley

**HENLEY & HENLEY, P.C.**

9

2520 Fairmount Street, Suite 200
Dallas, Texas 75201
P 214.821.0222
F 214.821.0124

**Privileged and Confidential: The information contained in this e-mail message, including any file attachments, is confidential. It is intended only for the individual(s) designated above. You are hereby notified that any use, copying or distribution of the information contained in this transmission by anyone other than the recipient(s) named above is unauthorized and strictly prohibited. If you have received this transmission in error, please notify the sender immediately by replying via e-mail and delete the message and any file attachments from your computer. Thank you.**

**From:** Wilson, Tatia <tatia.wilson@dallascityhall.com>
**Sent:** Friday, March 2, 2018 10:15 AM
**To:** Geoff Henley <ghenley@henleylawpc.com>
**Cc:** Lane Addison <rladdison@henleylawpc.com>; Charlene Hanson <chanson@henleylawpc.com>
**Subject:** L16-1234 | Timpa v. Vasquez, 3:16cv3089-N (BN)

Good morning, Mr. Henley.

Yes, I am well, thank you, and I hope you are, too.

Due to a conflict of interest, we have retained outside counsel to represent Sgt. Mansell and Officer Vasquez in this litigation.  Mark Goldstucker now represents Sgt. Mansell, and Gerald Bright now represents Officer Vasquez.  I expect counsel to enter their appearances soon.   In the meantime, I will forward them your email for consideration and coordination of deposition dates for their clients.

As for my clients, Officers Rivera and Dominguez, I will check with them and provide you with available dates sometime next week.

Thanks and have a great weekend.

Regards,



| | **Tatia R. Wilson** |
| --- | --- |
| | Assistant City Attorney |
| | Deputy Chief, Torts Section |
| | **City of Dallas** |
| | Dallas City Attorney's Office |
| | 1500 Marilla St., 7DN |
| | Dallas, TX 75201 |
| | O:  214-671-9553 |
| | F:  214-670-0622 |
| | tatia.wilson@dallascityhall.com |

Please be advised that this e-mail is subject to being disclosed pursuant to a request for public information under the Texas Public Information Act.

*10*

CONFIDENTIALITY NOTICE: This communication, including attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient of this communication, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, you are notified that any use, dissemination, distribution, or copying of the communication is strictly prohibited, may be unlawful, and are requested to reply to this email to notify the sender that you have received the communication in error and promptly delete this e-mail, including attachments without reading or saving them in any manner.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.


**From:** Geoff Henley [mailto:ghenley@henleylawpc.com]
**Sent:** Friday, March 02, 2018 9:26 AM
**To:** Wilson, Tatia <tatia.wilson@dallascityhall.com>
**Cc:** Lane Addison <rladdison@henleylawpc.com>; Charlene Hanson <chanson@henleylawpc.com>
**Subject:**


Ms. Wilson:

I hope that you are doing well.

I need deposition dates for the following witnesses for either the week of March 19th-23rd, March 26th-30th, or April 2nd-April 6th. I will need up to a full day for each of the following:

Danny Vasquez
Kevin Mansell
Domingo Rivera
Raymond Dominguez

For the convenience of you, other counsel, and defendants themselves, I am amenable to an order of their choosing with the understanding that we needs for all of them by the close of business, Tuesday, March 6th.

Best personal regards,




Geoff J. Henley

**HENLEY & HENLEY, P.C.**

2520 Fairmount Street, Suite 200
Dallas, Texas 75201
P 214.821.0222
F 214.821.0124

**Privileged and Confidential:** The information contained in this e-mail message, including any file attachments, is confidential. It is intended only for the individual(s) designated above. You are hereby notified that any use, copying or distribution of the information contained in this transmission by anyone other than the recipient(s) named above is unauthorized and strictly prohibited. If you have received this transmission in error, please notify the sender immediately by replying via e-mail and delete the message and any file attachments from your computer. Thank you.



HENLEY & HENLEY, P.C.

December 11, 2017

Via E-Mail: tatia.wilson@dallascityhall.com
Tatia R. Wilson
Dallas City Attorney's Office
1500 Marilla Street, 7DN
Dallas, Texas 75201


Re:   Cause No.: 3:16-cv-03089-N; *Viki (Huber) Timpa et al. vs. Dustin Dillard et al,*;
      In The United States District Court, For The Northern District of Texas, Dallas
      Division

Dear Ms. Wilson:

I write this correspondence to follow up from my email Friday concerning the protective order.

Pursuant to Paragraph 5 of the order dated April 14, 2017, Plaintiffs challenge the restrictions placed on the dissemination, and use of items previously produced as a result of this litigation, and the state court action in Cause No. DC-16-15678-M, *Henley & Henley, P.C. v. The City of Dallas.*

They further challenge the requirements that these items be filed under seal, and returned to the City in secret at the conclusion of this litigation. Those items include:

- The footage provided from the bodycameras worn by three different officers;
- The 9-1-1 recordings
- The reports, and  written statements of the responding officers, and the EMS workers;
- Scene photographs
- Reports, written and electronically recorded statements from the Internal Affairs Division, and Special Investigation Unit of this incident.

As indicated, particularly since the indictments of the three officers, surrogates for the Defendants within the Dallas Police Department, and the Dallas Police Association have made false statements about the incident that flatly contradict the content of the body camera footage, and the state-mandated Custodial Death Report, while Plaintiffs have been unable to defend themselves with the evidence.

What is more, these items that the City has sought protection merit no special restriction on dissemination. Indeed, the contrary is true. As you know, courts have repeatedly held that use of force by public servants is a matter of acute public concern. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 792 (3d Cir 1994); *Chatman v. City of Chicago*, 2016 WL 245626 *4

12

(N.D. Ill. 2016). "The public has a particular interest in the instant case because it involves matters of public safety and the deadly force policies of the local police department."

*Carnaby v. City of Houston,* No. 4:08–cv–1366, 2008 WL 4546606, at *2 (S.D.Tex. Oct. 10, 2008); *see also Gutierrez v.Benevides,* 292 FR.D. 401, 404-405 (S.D. Tex. 2013)(explaining presumption in favor public dissemination of documents, especially in instances that involve matters of public concern such as government overreaching or "police misconduct").

In *Carnaby,* the court rejected restrictions sought by the City of Houston for 9-1-1 recordings that are nearly identical to those here. In a detailed analysis, the court provided a thoughtful explanation for so doing, even when disclosure involved the officers' personal disciplinary history. *Carnaby* bluntly explained,

> The officers understandably prefer not to have disciplinary history and citizen complaints made potentially available outside the police department. Nevertheless, police officers are public employees, paid by the taxpayers. The public's interest in transparency outweighs the officers' privacy interest.

Though disciplinary history is inherently personal, it "has a distinct public character, as it relates to the defendant officers' performance of their official duties."

> Without such information, the public would be unable to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will. *With so much at stake, defendants simply cannot be permitted to operate in secrecy.* (Emphasis added)

The court further explained that the public might want to see whether investigations of citizen complaints—like this one—were "fair and objective," and scrutinize ones that the internal affairs division "determined to be unfounded are really unfounded."

I will not belabor the point, but there can be no argument on the public nature of these incidents. Indeed, every City appropriation for defense, or settlement requires a public vote of the Council. Please contact me if you have any questions, and enjoy your holidays.

Truly yours,

/s/ Geoff J. Henley

Cc:

Susan Hutchison,
hutch@hsjustice.com
Hutchison & Stoy, PLLC
505 Pecan St., #101
Fort Worth, Texas 76102

13

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| VICKI TIMPA, ET AL | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:16-cv-03089-N |
| DUSTIN DILLARD, ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     EMILY OGDEN, M.D., Southwestern Institute of Forensic Sciences at Dallas, 2355 North Stemmons Frwy.,
Dallas, Texas 75207

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Southwestern Institute of Forensic Sciences at Dallas, 2355 North Stemmons Frwy., Dallas, Texas 75207 | Date and Time: 03/23/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:    STENOGRAPHICALLY, AUDIO, VIDEOTAPE

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/13/2018

| *CLERK OF COURT* | |
|---|---|
| _____ | OR  _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  VICKI TIMPA, ET AL
, who issues or requests this subpoena, are:

GEOF J. HENLEY, HENLEY & HENLEY, P.C., 2520 FAIRMOUNT ST., #200, DALLAS, TX 75201; E-Mail:
ghenley@henleylawpc.com; Tel. #:  (214) 821-0222

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
A(5)

14

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:16-cv-03089-N

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* DOCTOR EMILY ~~OF~~ OGDEN
on *(date)* MARCH 13, 2018

☑ I served the subpoena by delivering a copy to the named individual as follows: 2355 NORTH
STEMMONS FWY, DALLAS, TX 75207
on *(date)* MARCH 13, 2018 or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: MARCH 13, 2018

_Michael Fennell_
Server's signature

MICHAEL FENNELL
Printed name and title
CPS 2558 EXPiRES: 3-31-19

6033 E NW HWY #2033, DALLAS,
Server's address
TX 75231

Additional information regarding attempted service, etc.:

15

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*16*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICKI TIMPA, INDIVIDUALLY, AND §
AS REPRESENTATIVE OF THE §
ESTATE OF ANTHONY TIMPA, §
AND CHERYLL TIMPA, §
INDIVIDUALLY AS NEXT FRIEND §
OF K. T., A MINOR CHILD, §
§
Plaintiffs, §
§            3:16-cv-03089-N
vs. §
§
DUSTIN DILLARD, §
DANNY VASQUEZ, §
RAYMOND DOMINGUEZ, §
DOMINGO RIVERA, §
KEVIN MANSELL, GLENN JOHNSON, §
AND CRIMINAL INVESTIGATIVE §
UNIT, LLC, §
§
Defendants. §

## PLAINTIFFS' FIRST AMENDED NOTICE OF INTENTION TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF EMILY OGDEN, M.D.

TO:  Emily Ogden, M.D., Southwestern Institute of Forensic Sciences at Dallas, 2355 North Stemmons Frwy., Dallas, Texas 75207.

Counsel for the Plaintiffs, Vicki Timpa, Individually, And  As Representative of The

Estate of Anthony Timpa, Deceased, And Cheryll Timpa, As Next Friend of K. T., A Minor Child,

hereby give notice of their intentions to take the oral deposition of **Dr. Emily Ogden** to be used

at the trial in this instant case and said deposition will be taken pursuant to Rules 27, 28, 30, and

32 of the Federal Rules of Civil Procedure before a certified court reporter who is authorized to

administer oaths, or her designate, with Lockwood & Associates.  Said deposition will be taken

17

on March 23, 2018 at 9:00 at the Southwest Institute of Forensic Sciences, located at 2335 North Stemmons Freeway, Dallas, Texas 75207.

The deposition will be taken stenographically, audio, and videotaped. You are invited to attend and participate.

Respectfully submitted,

HENLEY & HENLEY, P.C.

BY: _____

Geoff Henley, Bar No. 00798258
ghenley@henleylawpc.com
R. Lane Addison, Bar No. 24059355
rladdison@henleylawpc.com
2520 Fairmount Street
Suite 200
Dallas, Texas 75219
Telephone #: (214) 821-0222
Facsimile #: (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of March, 2018, a true and correct copy of the foregoing document was served via electronic transmissions to all counsel of record as permitted pursuant to the Federal Rules of Civil Procedure.

_____

GEOFF HENLEY

*18*

<u>Via E-Mail</u>:
Ashley D. Fourt, (Ashley.fourt@dallascounty.org )
Tatia R. Wilson, (tatia.wilson@dallascityhall.com
Jennifer C. Huggard, (jenniferhuggard@dallascityhall.com)
Susan Hutchinson, (schservice@hsjustice.com
James Robert Hudson, (jr@hsjustice.com)
Mark Goldstucker, (mgoldstucker@gmail.com
Gerald Bright, (Gerald.bright@wblpc.com )

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICKI TIMPA, INDIVIDUALLY, AND          §
AS REPRESENTATIVE OF THE                §
ESTATE OF ANTHONY TIMPA, et al.,        §
                                        §
            Plaintiffs,                 §
                                        §
v.                                      §        CIVIL ACTION NO. 3:16-CV-3089-N
                                        §
DUSTIN DILLARD, et al.,                 §
                                        §
            Defendants.                 §

### AFFIDAVIT OF ROBERT ROGERS

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

BEFORE ME, the undersigned authority, on this day personally appeared Robert Rogers,

who, being of lawful age and duly sworn upon his oath, deposed and stated as follows:

1.      My name is Robert Rogers.  I am over 18 years of age, I have never been

convicted of any felony or other crime involving dishonesty or moral turpitude, and I am fully

competent to testify regarding the matters stated herein.  I have personal knowledge of the facts

stated herein, and all such facts are true and correct.

2.      I am an attorney licensed to practice law in the State of Texas.  I am admitted to

practice before the United States District Court for the Northern District of Texas.  I am

representing Dustin Dillard and Kevin Mansell in the criminal prosecutions brought against them

arising from the death of Anthony Timpa during his detention and arrest by Defendants.

3.      The criminal cases against these Defendants began when indictments were issued

against them by the Dallas County Grand Jury on or about December 6, 2017.  Each case is



**AFFIDAVIT OF ROBERT ROGERS – Page 1**                                **20**

pending in Dallas County, under the following cause numbers: MA1704733 (Dillard); MA1704732 (Mansell).  A setting for announcement in these cases is scheduled for April 9, 2018 in Dallas County Criminal Court #1.  These criminal cases are not currently set for trial.  I am currently engaged in obtaining discovery from the prosecutors in these cases.

4.       In my professional opinion, having the civil case against Officer Dillard and Sgt. Mansell continue to proceed while the criminal cases are pending will be detrimental to Officers Dillard's and Sgt. Mansell's defense in the criminal cases.  Discovery generated in the civil case, which is not normally in the purview of state prosecutors, may potentially prejudice the prosecutors against Officer Dillard and Sgt. Mansell.  I am also concerned that the publicity surrounding the civil trial, including inflammatory comments made by the Plaintiffs' and Intervenor's attorneys in the civil case to the media, will taint any potential jury pool and prevent any chance that my client will receive a fair trial in the criminal case.

5.       Further, Affiant sayeth not.

_____
Robert Rogers

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the 15th day of March, 2018, to certify which witness my hand and official seal of office.

_____
Notary Public in and for Dallas County, Texas

My Commission Expires:

7-26-2020
_____



DEBORAH HATCHER
Notary Public, State of Texas
Comm. Expires 07-26-2020
Notary ID 130754744

21

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND | § | |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF ANTHONY TIMPA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, et al., | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF KNOX FITZPATRICK

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Knox Fitzpatrick, who, being of lawful age and duly sworn upon his oath, deposed and stated as follows:

1.    My name is Knox Fitzpatrick. I am over 18 years of age, I have never been convicted of any felony or other crime involving dishonesty or moral turpitude, and I am fully competent to testify regarding the matters stated herein. I have personal knowledge of the facts stated herein, and all such facts are true and correct.

2.    I am an attorney licensed to practice law in the State of Texas. I am admitted to practice before the United States District Court for the Northern District of Texas. I am representing Danny Vasquez in the criminal prosecution brought against him arising from the death of Anthony Timpa during his detention and arrest by Defendant.

3.    The criminal case against this Defendant began when an indictment was issued against him by the Dallas County Grand Jury on or about December 6, 2017. This case is pending



EXHIBIT
C

22

AFFIDAVIT OF KNOX FITZPATRICK – Page 1

in Dallas County, under the following cause number: MA1704734.  A setting for announcement in this case is scheduled for April 9, 2018 in Dallas County Criminal Court #1.  This criminal case is not currently set for trial.  I have been engaged in obtaining discovery from the prosecutor in this case, however, discovery is not yet complete.

4.     In my professional opinion, having the civil case against Officer Vasquez continue to proceed while the criminal case is pending will be detrimental to Officers Vasquez's defense in the criminal case.  Discovery generated in the civil case, which is not normally in the purview of state prosecutors, may potentially prejudice the prosecutors against Officer Vasquez.  I am also concerned that the publicity surrounding the civil trial, including inflammatory comments made by the Plaintiffs' attorney in the civil case to the media, will taint any potential jury pool and prevent any chance that my client will receive a fair trial in the criminal case.

5.     Further, Affiant sayeth not.



Knox Fitzpatrick

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the 16th day of March, 2018, to certify which witness my hand and official seal of office.



Notary Public in and for Dallas County, Texas

My Commission Expires:

6/15/2021

ALEXANDRA KATHRYN HARVICK
Notary Public, State of Texas
Comm. Expires 06-15-2021
Notary ID 13117310-2

AFFIDAVIT OF KNOX FITZPATRICK – Page 2

23