**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKI TIMPA, INDIVIDUALLY, AND AS** | § | |
| **REPRESENTATIVE OF THE ESTATE OF** | § | |
| **ANTHONY TIMPA, AND CHERYLL TIMPA,** | § | |
| **INDIVIDUALLY AND AS NEXT FRIEND** | § | |
| **OF K.T., A MINOR CHILD,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-CV-03089-N** |
| | § | |
| **DUSTIN DILLARD, DANNY VASQUEZ,** | § | |
| **RAYMOND DOMINGUEZ, DOMINGO** | § | |
| **RIVERA, KEVIN MANSELL,** | § | |
| **GLENN JOHNSON, AND CRIMINAL** | § | |
| **INVESTIGATIVE UNIT, LLC,** | § | |
| **Defendants.** | § | |

**DEFENDANTS AND CITY OF DALLAS'S RESPONSE TO PLAINTIFFS' MOTION TO
CHALLENGE PROTECTIVE ORDER DESIGNATIONS, AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Respondents, Defendants Dustin Dillard ("Dillard"), Danny Vasquez ("Vasquez"), Raymond Dominguez ("Dominguez"), Domingo Rivera ("Rivera"), Kevin Mansell ("Mansell") (collectively, the "Officers") and the City of Dallas (the "City"), and file this their Response to Plaintiffs' Motion to Challenge Protective Order Designations, and Brief in Support. In support hereof, Respondents respectfully show the Court the following.

## I.      BACKGROUND

This is a civil rights action brought by Plaintiffs Vicki and Cheryll Timpa, individually and as representative of the estate of Anthony Timpa ("Timpa") and as next friend of K.T., a minor, alleging claims pursuant to 42 U.S.C. §1983 against Dallas Police Department Officers Dillard, Vasquez, Dominguez, Rivera, and Mansell, as well as the Criminal Investigative Unit, LLC

("CIU") and Glenn Johnson (a private security guard and owner of CIU).[1]  This case arises from

the alleged use of excessive deadly force by the Officers on August 10, 2016, while Timpa was in

their custody.  *See* Pls.' 3d Am. Compl. (ECF Doc. No. 78) at 3-12.  Plaintiffs attempt to allege

causes of action against the Officers for unconstitutional use of excessive force, denial of medical

care, supervisor liability (against Mansell), and bystander liability (against Vasquez, Rivera,

Dominguez, Mansell, and Johnson).  *Id*. at 12-16.  Plaintiffs also attempt to assert wrongful death

and survival actions under Texas state law.  *Id*. at 16-17.[2]  The Officers deny Plaintiffs' claims, and

each has filed an answer to Plaintiffs' allegations, affirmatively pleading, *inter alia*, his entitlement

to the defense of qualified immunity.  *See* Ct.'s Docket, ECF Doc. Nos. 90, 91, 92, 93 and 94.

As Plaintiffs note in their Motion to Challenge Protective Order Designations ("Plaintiffs'

Motion"), prior to filing this civil lawsuit, the Plaintiffs and their counsel on three separate

occasions, in August and October 2016, requested that the City of Dallas Police Department

("DPD") disclose, pursuant to the TEXAS PUBLIC INFORMATION ACT, the same information that is

the subject of the Plaintiffs' Motion, including, *inter alia*, the DPD's investigative file, police

reports, crime scene photographs, 9-1-1 recordings, witness statements, and body worn camera

recordings of the officers involved in the incident.  *See* Exhibit "A."  Because the requested

information pertained to an active ongoing criminal investigation, the City requested authority from

---

[1] On July 21, 2017, Timpa's father, Intervenor Joe Timpa, intervened in this action on his own behalf against the Officers, asserting the same facts and claims alleged in the Plaintiffs' Second Amended Complaint, which was the operative complaint at the time.  *See* ECF Doc. 65.  The Plaintiffs have since filed a Third Amended Complaint.  *See* ECF Doc. 78.  Defendants Johnson and CIU have not yet entered an appearance in this litigation.  *See* Ct.'s Docket. On September 14, 2017, the Clerk of the Court filed an Entry of Default as to Defendants Johnson and CIU in response to a request by Plaintiffs.  *See* ECF Doc. Nos. 68 and 69.

[2] On May 10, 2017, Plaintiffs' Stipulation of Partial Dismissal With Prejudice was filed.  *See* Ct.'s Docket, ECF Doc. No. 48.  In that stipulation, Plaintiffs dismissed their wrongful death and survival causes of action against the Officers.  *Id*.  Plaintiffs allege claims of false imprisonment, assault and battery, negligence and gross negligence, *respondeat superior*, negligent hiring, supervision and/or training, and grossly negligent hiring, supervision and/or training against named-Defendants Johnson and CIU.  *Id*. at 17-20.

the Attorney General to withhold the information pursuant to the law enforcement exception provided under the Act.  Further, because the Dallas County District Attorney's Office objected to the release of any information pending the criminal investigation and prosecution, *see* Exhibit "B," the City also sought to withhold the information based on the law enforcement interests of that entity, as well.  *See* Exhibit "C."  On December 8, 2016, while the City was awaiting the Attorney General's opinion, counsel for the Plaintiffs filed a petition for writ of mandamus against the City in state district court, seeking an order directing the City to release the requested information.  On January 30, 2017, the Attorney General issued a ruling authorizing the City to withhold the information based on the third-party interests of the District Attorney's Office.[3]  *See* Exhibit "D."

Thereafter, the Plaintiffs in this action served the City requests for production seeking the information that was the subject of the Attorney General's opinion.  *See* Exhibit "E."  In March 2017, Plaintiffs' counsel and the City entered into an agreement regarding the release of the requested information, which effectively resolved the dispute over the release of information.  Specifically, the City agreed to release the requested information if the Plaintiffs served the City with a subpoena and if they agreed to a protective order allowing for the documents to be designated as "Confidential Information" or "Confidential Attorney Eyes Only Information" to prevent dissemination of information that was not publicly known.  The Plaintiffs agreed to the conditions of release of information, as well as to the terms of the Protective Order.  The City released the requested information to Plaintiffs on April 7, 2017, and the Court signed the Protective Order on April 14, 2017.  *See* ECF Doc. Nos. 32 and 33.  In May 2017, the City and Plaintiffs' counsel entered in the state court action an agreed judgment of dismissal with prejudice.

---

[3] The Attorney General issued a corrected ruling on March 20, 2017.  A true and correct copy of this corrected ruling is also contained within the attached Exhibit "D".

In July 2017, Dillard, a Technical Sergeant and reservist in the United States Air Force Reserve, moved to stay this case under the SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. §3932, until March 1, 2018, after his scheduled return from active duty service overseas. *See* ECF Doc. Nos. 60, 61. The Court granted Dillard's motion on October 4, 2017, and stayed this case until March 1, 2018. *See* ECF Doc. No. 79.

While this case was stayed and Dillard was deployed overseas, Dillard, Vasquez and Mansell were indicted by a Dallas County Grand Jury for deadly conduct arising out of the same events that give rise to these proceedings. Less than a week after the criminal indictments were handed down, Plaintiffs' counsel advised that Plaintiffs intended to challenge the restrictions placed on the dissemination, and use of items previously produced as a result of this litigation, and the state court mandamus action. *See* Exhibit "F." Now that the Plaintiffs have the documents and materials that they received pursuant to their counsel's agreement with the City, Plaintiffs seek to renege on that agreement so that they may wage a media campaign against statements allegedly made by members of the Dallas Police Association, which is not a party to this action. *See* Plaintiffs' Motion to Challenge Protective Order Designations ("Plaintiffs' Motion") at 3 (members of the DPA "have made public statements about the events, and circumstances of Tony Timpa's death.") Respondents respectfully assert that the information that the Plaintiffs seek to have removed from restriction should remain confidential, particularly in light of the fact that Officers Dillard, Vasquez and Mansell have been indicted by a Dallas County Grand Jury. *Id.* at 3 ("a Dallas County grand jury handed down three indictments for Deadly Conduct on December 7, 2017"). The overwhelming need to protect the officers' right to a fair trial in both the criminal and civil contexts requires that the materials sought to be disclosed by Plaintiffs to the media retain their confidential designations. As a result, Plaintiffs' Motion should be denied in its entirety.

## II.      ARGUMENT AND AUTHORITIES

### A.

A district court has the authority to manage discovery in a civil suit, including the power to enter protective orders limiting discovery as the interests of justice require.  FED. R. CIV. P. 26(c). Numerous courts have recognized that the public has a common law right to inspect and copy judicial records.  *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir. 1981).  However, the public's rights are not absolute.  *Nixon,* 435 U.S. at 598; *see also Belo,* 654 F.2d at 430.  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon,* 435 U.S. at 598.

In cases involving a party's request to disclose information to the public, the Court must balance the public's common-law right of access with the interests favoring non-disclosure.  *See, S.E.C. v. Van Wayenberghe,* 990 F.2d 845, 849 (5th Cir. 1993).   When materials contain information related to an ongoing criminal investigation, this balance "shifts in favor of non-disclosure."  *Zadeh v. Robinson,* 1:15-CV-598-RP, 2017 WL 532315, at *2 (W.D. Tex. Feb. 9, 2017) (citing *Degen v. United States,* 517 U.S. 820, 827 (1996) (a "court can exercise discretion to manage the civil litigation to avoid interference with a criminal case.")).

In this case, Plaintiffs' Motion seeks a declaration from this Court that various materials produced in the discovery process "are NOT confidential, but are public information that may be used, or disseminated for any lawful purpose."  Pls.' Mot. at 9.  These items are as follows:

1.   The footage provided from the body cameras worn by three different officers;

2.   The 9-1-1 recordings;

3.   The reports, and written statements of the responding officers, and the EMS workers;

4. Scene photographs; and

5. Reports, written and electronically recorded statements from the Internal Affairs Division, and Special Investigation Unit of this incident.

*Id.* at 9.

Plaintiffs' Motion acknowledges the fact that indictments have been handed down against three of the Defendants in this case: Dillard, Vasquez and Mansell. Pls.' Mot. at 3. Plaintiffs presumably understand the seriousness of these pending indictments, yet they appear to assert that their right to engage in a media war with the Dallas Police Association somehow trumps the rights of these officers to a fair criminal trial. As noted by the Supreme Court in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 31 (1984), a litigant does not have "an unrestrained right to disseminate information that has been obtained through pre-trial discovery." *Id.* Clearly, the officers' right to a fair trial outweighs Plaintiffs' desire to battle the Dallas Police Association in the media. *See, e.g., Pamlab, LLC v. Brookstone Pharm., LLC*, 2010 WL 4363870, at *4 (E.D. La. Oct. 22, 2010) (entering protective order precluding dissemination to the public of information gained through pre-trial discovery where both parties "alleged that the other party has waged a negative media campaign against it"). If the Plaintiffs are allowed to release the requested information to the media, the Officers' jury pools for their criminal trials could be tainted.

The cases cited by Plaintiffs in support of their challenge to the confidential protective order designations are inapposite. For instance, in the case of *Carnaby v. City of Houston,* 4:08-CV-1366, 2008 WL 4546606, at *1 (S.D. Tex. Oct. 10, 2008), the defendants therein did not present any "evidence as to why [the] discovery should be subject to a protective order; they simply describe the requested materials as 'sensitive' and the case as 'high profile.'" *Id.* Importantly, in *Carnaby,* there is no mention of any type of pending criminal proceeding or other matter that could result in oppression or undue burden to the defendants therein, unlike the present case where

Dillard, Vasquez, and Mansell's criminal trials could be severely prejudiced by the release of information to the media.

Plaintiffs' reliance upon *Ryder v. Union Pacific Railroad Co.*, 315 F.R.D. 186 (M.D. La. 2016) is also misplaced. As in *Carnaby*, the defendants in *Ryder* failed to provide "any 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ryder*, 315 F.R.D. at 188. Just like in *Carnaby*, the right to a fair criminal trial was not an issue, as the *Ryder* opinion does not state that any of the parties were currently under a criminal indictment.

In a case cited by Plaintiffs that actually does touch upon the issue of criminal indictments, *Morrow v. City of Tenaha*, 208-CV-288, 2010 WL 3927969, at *6 (E.D. Tex. Oct. 5, 2010), the court therein was careful to note that its order was "strictly limited to the Court's management of this case and should not be construed as making any comment as to the appropriateness of handling discovery issues, or any other issues, in any case resulting from a potential indictment of one or more of the defendants in this case." *Id.* Thus, in reaching its decision to allow the requested dissemination, the court in *Morrow* obviously understood the stark differences between cases involving criminal indictments against one or more parties, and those without such important concerns.

As asserted in Defendants Dustin Dillard's, Danny Vasquez's and Kevin Mansell's Motion to Stay This Case Pending Their Criminal Cases, and Brief (ECF No. 97), the criminal cases arise from the same incident made the basis of this lawsuit and are currently pending in Dallas County. Mot. Stay Case at 2. The civil issues in this lawsuit overlap with the criminal issues. The requested release of information to the media causes conflicts with the Officers' interests in their criminal cases, including but not limited to, exposing their criminal defense strategy to the prosecution in the criminal cases, tainting the jury pool in their criminal cases, and generally affecting their ability

to receive a fair trial in their criminal cases.  Thus, the Officers have shown good cause to restrict the release of the items requested by Plaintiffs, and Plaintiffs' Motion should therefore be denied in its entirety.

## B.

Plaintiffs cite Rule 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE with respect to a court's authority to issue a discovery protective order on a showing of good cause.  Pls.' Mot. at 7. As Respondents acknowledged in subsection A, above, Rule 26(c) gives district courts the power to enter protective orders.  That, of course, is the authority for the Protective Order, ECF Doc. No. 33, issued by the Court in this action.  With respect to Plaintiff's Motion, however, any argument by Plaintiffs whether good cause exists or existed to issue a protective order under Rule 26(c) in the first place is irrelevant because the Protective Order has already been issued, and Plaintiffs agreed to both its issuance and its terms – which, in effect, was an agreement that good cause existed.  In addition, Plaintiffs assert that the burden is on Defendants to show good cause that the challenged confidential material should remain confidential.  Pls.' Mot. at 9.  According to Plaintiffs, "[n]o good cause exists to continue to squelch the facts of Tony Timpa's death," and "[t]o date, Defendants have shown no good cause for deeming the documents, footage, and recordings confidential."  *Id.*  Plaintiffs' assertion is incorrect.  The Protective Order provides: "Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of the Protective Order."  Protective Order, ¶ 18.  Accordingly, the burden is on Plaintiffs to show good cause that the challenged material should no longer be designated as confidential.  Plaintiffs have failed to make such a showing, and Plaintiffs' Motion should therefore be denied.

Plaintiffs also argue that the Protective Order precludes them "from sharing discovery with even Intervenor's counsel." Pls.' Mot. at 8. Such is not the case, however. The Protective Order, by its very terms, "governs any document, information, or other thing furnished by any party *to any other party . . . .*" Protective Order, ¶ 1 (emphasis added). Thus, Intervenor and his counsel are entitled to receive confidential materials on the same basis and under the same terms as any other party.

Plaintiffs desire to have their proverbial cake and eat it, too. Although Plaintiffs could have objected to the entry of the protective order prior to receiving the requested information, they chose not to. Plaintiffs understood that the information released to them was confidential due to the ongoing criminal investigation, and they knew that the City had been authorized by the Attorney General to withhold the information on behalf of the Dallas County District Attorney's Office because the release could hinder the investigation and/or prosecution of the case. Plaintiffs now attempt to renege on that agreement and they audaciously request an order from this Court allowing them to do so. Worse still, it is obvious that Plaintiffs intend to disseminate information obtained in this case as widely as possible for the specific purpose of trying their case in the media.

WHEREFORE, Defendants Dillard, Vasquez, Dominguez, Rivera and Mansell pray that Plaintiffs' Motion to Challenge Protective Order Designations be denied in its entirety, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

By:    /s/ Gerald Bright
       GERALD BRIGHT
       State Bar No. 02991720
       DAVID L. CRAFT
       State Bar No. 00790522
       gerald.bright@wblpc.com
WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972-744-0192 (Telephone)
972-744-0067 (Telecopier)
COUNSEL FOR DEFENDANT DANNY VASQUEZ

*AND*

By:     /s/ Edwin P. Voss, Jr.
       Edwin P. Voss, Jr.
       State Bar No. 20620300
       evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

COUNSEL FOR DEFENDANT DUSTIN DILLARD

*AND*

By:     /s/ Mark E. Goldstucker
       Mark E. Goldstucker
       State Bar No. 08104100
       mgoldstucker@gmail.com
LAW OFFICE OF MARK E. GOLDSTUCKER
300 North Coit Road, Suite 1125
Richardson, Texas 75080
972-479-1112 (Telephone)
972-479-1113 (Telecopier)

COUNSEL FOR DEFENDANT KEVIN MANSELL

*AND*

CITY ATTORNEY OF THE CITY OF DALLAS

Larry E. Casto
City Attorney

*/s/ Tatia R. Wilson*
Tatia R. Wilson
Senior Assistant City Attorney
Texas State Bar No. 00795793
tTatia.wilson@dallascityhall.com

Jason G. Schuette
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Jennifer C. Huggard
Executive Assistant City Attorney
Texas State Bar No. 00792998
jennifer.huggard@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:  214-670-3519
Facsimile:   214-670-0622

ATTORNEYS FOR DEFENDANTS
RAYMOND DOMINGUEZ AND DOMINGO RIVERA, AND
RESPONDENT CITY OF DALLAS

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served electronically through the court's ECF system

on all counsel of record on April 12, 2018.

/s/ Gerald Bright
Gerald Bright