08/24/2016  11:25    9722936897          FEDEXOFFICE                    PAGE 01/01

RECEIVED
DPD OPEN RECORDS TEAM
AUG 24 2016
OPR # 2016-19508

# OPEN RECORDS REQUEST FORM

Dallas Police Department
Open Records Unit
1400 South Lamar Street, 1st Floor
Dallas, Texas 75215
Telephone (214) 671-3148
Fax (214) 671-4636
Open Records email address:openrecordsunit@dpd.ci.dallas.tx.us
To access the Dallas Police Department website, please visit
www.dallaspolice.net

**DPD USE ONLY**
**DIVISIONS SENT TO:**
✓ 2143
✓ 2182
___ 2115
___ 2163
✓ 2162 Det. Arredondi  #7051
___ 2127
___ 2117
✓ 2147 911 AUDIO
___ 2147 (Tech Support)
✓ 2164
NW Patrol Station - DASH
___ Open Records Team
✓ Other JERI- DFR

**[PLEASE PRINT]**

TODAY'S DATE: _8-24-2016_

MR/MS/MRS (YOUR NAME) _Vicki Timpa_
(CIRCLE ONE)

BUS. OR AGENCY: _____
(IF REQUESTING FOR A BUSINESS OR AGENCY)

ADDRESS: _1307 High Ridge Drive_

CITY, STATE & ZIP: _Duncanville, Texas 75137_

PHONE NO: _(469) 662-6500_

Under the Public Information Act, I request copies of the following:

✓ Offense Report   ✓ Accident Photos   ✓ Crime Scene Photos   ✓ Arrest Report
✓ IAD Files        ✓ 911 Call Sheet    ✓ 911 Tapes (Not Kept After 30 Days)
✓ Investigative file   ✓ Prosecution Report   ___ Certified

✓ Body Cam
✓ Dash Cam
✓ police report
✓ Ambulance report & who
✓ called the ambula #47

SERVICE (REPORT) NUMBER: _192631-2016_

DATE OF OCCURRENCE: _8/10/2016_

IF REQUESTING AN OFFENSE REPORT, EXPLAIN WHAT TYPE?

_I want to know what happened._
_I also want the medical_
_Examiners autopsy report #16-14001_

_Please help,_
_Mother Vicki Timpa_

Sincerely,                    REQUEST RECEIVED BY: _____

_Vicki Timpa_
(SIGNATURE)

Det. recv'd 10-12-16

EXHIBIT A

RECEIVED
DPD OPEN RECORDS TEAM

OCT 21 2016

2016-24484
ORR #

# OPEN RECORDS REQUEST FORM
### Dallas Police Department
Open Records Unit
1400 South Lamar Street, 1st Floor
Dallas, Texas 75215
Telephone (214) 671-3148
Fax (214) 671-4636
Open Records email address:openrecordsunit@dpd.ci.dallas.tx.us
To access the Dallas Police Department website, please visit
www.dallaspolice.net

**[PLEASE PRINT]**

**TODAY'S DATE:** October 21, 2016        EXEMPTION REQUESTED

**MR/MS/MRS: (YOUR NAME)** R. Lane Addison
(CIRCLE ONE)

**BUS. OR AGENCY:** Henley & Henley, PC
(IF REQUESTING FOR A BUSINESS OR AGENCY)

**ADDRESS:** 3300 Oak Lawn Ave., Ste. 700

**CITY, STATE & ZIP:** Dallas, Texas 75219

**PHONE NO:** (214) 821-0222

Under the Public Information Act, I request copies of the following:

X Offense Report   X Accident Photos   X Crime Scene Photos   X Arrest Report
x IAD Files   x 911 Call Sheet   x 911 Tapes (Not Kept After 30 Days)
x Investigative file   Prosecution Report   Certified

**SERVICE (REPORT) NUMBER:** Unknown

**DATE OF OCCURRENCE:** August 10, 2016

**IF REQUESTING AN OFFENSE REPORT, EXPLAIN WHAT TYPE?**

Seeking the 911 call, police report, dash cam videos, body cam videos, and witness

statements relating to custodial death of Anthony Timpa (DOB 08-05-1984) on 8-10-2016.

Sincerely,                    REQUEST RECEIVED BY: _____

**(SIGNATURE)**

| DPD USE ONLY DIVISIONS SENT TO: | |
|---|---|
| ✓ | 2143 |
| | 2182 |
| | 2115 |
| ✓ 2163 | Det. Arredondo #7651 |
| 2162 | |
| | 2127 |
| | 2117 |
| ✓ | 2147 |
| | 2147 (Tech Support) |
| ✓ | 2164 |
| | Patrol Station |
| | Open Records Team |
| ✓ | Other A.N.N. Patrol |

Det. Arredondo
#7651
Dash Cam
Body Cam

2016-24434-A

# OPEN RECORDS REQUEST FORM

**Dallas Police Department**
Open Records Unit
1400 South Lamar Street, 1st Floor
Dallas, Texas 75215
Telephone (214) 671-3148
Fax (214) 671-4636
Open Records email address:openrecordunit@dpd.ci.dallas.tx.us
To access the Dallas Police Department website, please visit
www.dallaspolice.net

**[PLEASE PRINT]**

TODAY'S DATE: October 24, 2016

MR/MS/MRS: (YOUR NAME) R. Lane Addison
(CIRCLE ONE)

BUS. OR AGENCY: Henley & Henley, PC
(IF REQUESTING FOR A BUSINESS OR AGENCY)

ADDRESS: 3300 Oak Lawn Ave., Ste. 700

CITY, STATE & ZIP: Dallas, Texas 75219

PHONE NO: (214) 821-0222

| DPD USE ONLY DIVISIONS SENT TO: |
|---|
| _____ 2143 |
| _____ 2182 |
| _____ 2115 |
| _____ 2163 |
| _____ 2162 |
| _____ 2127 |
| _____ 2117 |
| _____ 2147 |
| _____ 2147 (Tech Support) |
| _____ 2164 |
| _____ Patrol Station |
| _____ Open Records Team |
| _____ Other |

Under the Public Information Act, I request copies of the following:

____Offense Report      ____Accident Photos  ____Crime Scene Photos  ____Arrest Report
____IAD Files            ____911 Call Sheet   ____ 911 Tapes (Not Kept After 30 Days)
____Investigative file   ____Prosecution Report  ____Certified

SERVICE (REPORT) NUMBER: _____

DATE OF OCCURRENCE: August 10, 2016

IF REQUESTING AN OFFENSE REPORT, EXPLAIN WHAT TYPE?

Seeking copies of any dash camera or body camera videos relating to detention and arrest

of Anthony Timpa (DOB 08-05-1984) on 8-10-2016 between 10:30 pm and 11:30 pm

at 1700 Mockingbird Lane, Dallas, Dallas County, Texas.

Sincerely,

REQUEST RECEIVED BY: _____

**(SIGNATURE)**



**SUSAN HAWK**
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

October 28, 2016

RE:     *Deceased individual* Anthony Timpa
        *Involved Officer(s)* Mansell, #6570, Dillard,
        #10997, Dominguez, #8231, Rivera, #8691 &
        Vasquez, #10489
        *Case/Service # 192631-2016*

To whom it may concern:

I am writing on behalf of the Dallas District Attorney's
Office concerning the above referenced case. I have been
advised by DPD that an open records request has been
made for this file. As these cases are open and pending
investigations, the Dallas County District Attorney's Office
objects to the release of any information regarding the
cases until such time as the investigations are concluded.
Please call me if you have any questions about this
matter.

_____

Jason M. Hermus
Dallas District Attorney's Office
214-653-3816

**EXHIBIT B**



CITY OF DALLAS

November 11, 2016

*VIA CERTIFIED MAIL 7015 1730 0002 4366 9660*

Honorable Ken Paxton
Attorney General of Texas
Price Daniel Building, 7th Floor
P. O. Box 12548
Austin, TX 78711

**Requestor:   Vicki Timpa**
**1307 High Ridge Drive**
**Duncanville, TX 75137**

DPD Request Number:      2016-19508
Report Requested:        192631-2016;
Date of Request:         August 24, 2016

Dear General Paxton:

The above named individual has requested a copy of the listed police report/reports.  This Office represents the legal interests of the City of Dallas and its police.  The Dallas Police Department (DPD) failed to request and Attorney General ruling within 10 business days; however, DPD believes that parts of the requested information are protected from public disclosure under Section 552.108 of the Texas Government Code, because of a compelling reason.  The release of information will hurt the interest of a third party.  Specifically, the release of information will hinder the Dallas District Attorney's efforts to prosecute this matter.

The 911 calls regarding this matter were the subject of a prior open records request in DPD 2016-21568 that is still pending with your office.  The present requestor asks for additional information not previously requested including the investigative file, IAD files, dash cam, photos, etc.

Section 552.108(a)(1) protects part of the requested information because it is information held by a law enforcement agency that deals with the detection, investigation, or prosecution of crime, and its release would interfere with the investigation or prosecution of crime.  The requested information pertains to a pending death in custody investigation.  DPD requests that information

EXHIBIT C

beyond that considered "first page" information be protected from public release in these pending cases; otherwise, the release could hinder the investigation and/ or prosecution at this time. The type of information beyond first page information includes witness information, as well as detailed information beyond the basic elements of the offenses in question. Likewise, the Dallas District Attorney's Office requests that this information be protected from release at this time. That office has indicated to us its belief that release of this information will negatively affect its ability to successfully prosecute this case. The Attorney General's Office has consistently held that information pertaining to a pending investigation can be withheld under Section 552.108 of the Government Code. Accordingly, this Office believes that the withheld information is protected pursuant to Section 552.108.

In addition, the following exemptions may apply:

Common law privacy- Common law privacy, as incorporated in Section 552.101, protects information that is highly intimate or embarrassing, such that its release would be highly objectionable to a reasonable person, and it is of no legitimate concern to the public. *Industrial Found. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668 (Tex. 1976), cert. denied, 430 U.S. 931 (1977); See generally Tex. Att'y Gen. ORD-339 (1982). We believe that part of the requested information qualifies as such. Accordingly, that part of the requested information should be excepted from public disclosure.

Motor vehicle information- Pursuant to Section 552.130 of the Texas Government Code, motor vehicle information, such as license plate and driver's license information, is protected from public disclosure.

9-1-1 information- The caller's originating address and telephone number are protected from disclosure pursuant to Section 772.318 of the Texas Health and Safety Code.

Please advise whether the information should be released or withheld. A representative sample of the requested information will be forwarded for your review.

Respectfully submitted,

*Sylvia McClellan*

S. McClellan
Assistant City Attorney
Criminal Law and Police Division
1400 S. Lamar
Dallas, Texas 75215
214.671.3430/telephone

Enclosures

c:      Requestor
        (w/o enclosures)



CITY OF DALLAS

December 6, 2016

*CM-RR # 7007 0220 0000 5567 0306*

Honorable Ken Paxton
Attorney General of Texas
Price Daniel Building, 7th Floor
PO Box 12548
Austin, Texas 78711

RE:     **ORR# 2016-24434 R. Lane Addison**
        **Requested Info: Incident # 192631-2016 regarding Anthony Timpa**
        **Request Date: October 21, 2016**

Dear Attorney General Paxton:

By Correspondence received by the Dallas Police Department (DPD), the above-named person(s) has/have requested the above-mentioned information. This office represents the legal interest of the City of Dallas and its police department. Previously, the City submitted a request for letter ruling on the information regarding the above referenced case number (*See Attachment A*).

DPD failed to request an Attorney General ruling within 10 business days. However, please see the attached letter from the Dallas County District Attorney's Office asserting their third party interest objection to the release of the requested information.

If there are further questions, please contact me.

Respectfully submitted,

*Sylvia Mc Clellan*

Assistant City Attorney
Criminal Law and Police Section
1400 S. Lamar
Dallas, Texas 75215
(214) 671-3430

c: Requestor
Enclosures



CITY OF DALLAS

RECEIVED

JAN 2 0 2017

BY: __AS__

January 11, 2017

*Via CM-RR # 7014 3490 0000 5835 1897*

Honorable Ken Paxton
Attorney General of Texas
Price Daniel Building, 7th Floor
PO Box 12548
Austin, Texas 78711

RE:   **ORR# 2016-24434-A, Lane Addison**
      **Requested Info: Dash camera and body camera videos relating to the arrest**
      **of a named individual on August 10, 2016 between 10:30 pm – 11:30 pm at**
      **1700 Mockingbird Lane, Dallas, Texas**
      **Request Date: October 24, 2016**

Dear Attorney General Paxton:

The Dallas Police Department (DPD) received the above referenced response to a request for clarification and narrowing of the original request to which we assigned ORR# 2016-24434 and asked for a ruling in a letter dated December 6, 2016 (*See Attachment A*). Although this October 24 response specifies the time and location of the requested dash camera and body camera videos, the response does not request additional information and the videos are those requested in ORR# 2016-24434 and previously in ORR# 2016-19508. Thus, the City did not include a copy of this response in its request for an Attorney General ruling on ORR# 2016-24434.

DPD was recently informed that the requestor intended for this response to be a separate and independent request for public information. This office represents the legal interest of the City of Dallas and its police department.  DPD asserts that portions of the requested information are still protected from public disclosure because of a compelling reason. The release of this information will hurt the interest of a third party.  Specifically, the release of this information will hinder the Dallas County District Attorney's efforts to prosecute this matter (*See Attachment B - DA's correspondence*).

Previously, the City submitted a request for letter ruling regarding the requested video information in ORR# 2016-19508 (*See Attachment C*). This requestor seeks information related to that prior request. The City of Dallas and its police department is currently awaiting a ruling on the prior request. The representative sample of the requested video information was submitted in ORR# 2016-19508 for your review.

Respectfully submitted,

*P. Armstrong*

Assistant City Attorney
Criminal Law and Police Section
1400 S. Lamar
Dallas, Texas 75215
(214) 671-3430

c:  Requestor(s) w/o enclosures

Enclosures



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS



RECEIVED

FEB 0 2 2017

CITY ATTORNEY'S OFFICE
POLICE LEGAL LIASON

January 30, 2017

Ms. S. McClellan
Assistant City Attorney
Criminal Law and Police Division
City of Dallas
1400 South Lamar
Dallas, Texas 75215

OR2017-02037

Dear Ms. McClellan:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 643412.

The Dallas Police Department (the "department") received three requests from two different requestors for information pertaining to a specified incident, including a specified autopsy report. You claim the submitted information is excepted from disclosure under sections 552.101, 552.108, and 552.130 of the Government Code. We have considered the exceptions you claim and reviewed the submitted information.

Initially, we note, and you acknowledge, the department failed to meet the statutory deadlines imposed by section 552.301 of the Government Code for requesting a ruling from this office. *See* Gov't Code § 552.301(b). Pursuant to section 552.302 of the Government Code, a governmental body's failure to comply with the procedural requirements of section 552.301 results in the legal presumption the requested information is public and must be released unless there is a compelling reason to withhold the information from disclosure. *See id.* § 552.302; *Simmons v. Kuzmich*, 166 S.W.3d 342 (Tex. App.—Fort Worth 2005, no pet.); *Hancock v. State Bd. of Ins.*, 797 S.W.2d 379, 381-82 (Tex. App.—Austin 1990, no writ); *see also* Open Records Decision No. 630 (1994). A compelling reason to withhold information exists where some other source of law makes the information confidential or where third party interests are at stake. Open Records Decision No. 150 at 2 (1977). The



EXHIBIT D

Ms. S. McClellan - Page 2

department seeks to withhold the submitted information under section 552.108 of the Government Code, but that exception is a discretionary exception to disclosure that protects a governmental body's interest and may be waived. *See* Open Records Decision Nos. 665 at 2 n.5 (2000) (discretionary exceptions in general), 663 at 5 (1999) (untimely request for decision resulted in waiver of discretionary exceptions), 177 (1977) (statutory predecessor to section 552.108 subject to waiver). However, the need of a governmental body, other than the one that failed to timely seek a ruling, to withhold information under section 552.108 can provide a compelling reason to withhold information under section 552.302. Open Records Decision No. 586 (1991). You assert, and provide documentation showing, the Dallas County District Attorney's Office (the "district attorney's office") has a law enforcement interest in the submitted information. Therefore, we will consider whether the department may withhold the submitted information on behalf of the district attorney's office under section 552.108. You also raise sections 552.101 and 552.130 of the Government Code, which make information confidential and can provide compelling reasons to overcome the presumption of openness caused by a failure to comply with section 552.301. Thus, we will also consider your arguments under those sections.

Next, we note you have not submitted the requested autopsy report for our review. Thus, to the extent the autopsy report existed when the present request was received, we assume it has been released. If such information has not been released, then it must be released at this time. *See* Gov't Code §§ 552.301(a), .302; *see also* Open Records Decision No. 664 (2000) (if governmental body concludes that no exceptions apply to requested information, it must release information as soon as possible).

We also note a portion of the submitted information consists of officers' body worn camera recordings. Body worn cameras are subject to chapter 1701 of the Occupations Code. Chapter 1701 provides the procedures a requestor must follow when seeking a body worn camera recording. Section 1701.661(a) provides:

> A member of the public is required to provide the following information when submitting a written request to a law enforcement agency for information recorded by a body worn camera:
>
> (1) the date and approximate time of the recording;
>
> (2) the specific location where the recording occurred; and
>
> (3) the name of one or more persons known to be a subject of the recording.

Occ. Code § 1701.661(a). In this instance, the first requestor does not give the requisite information under section 1701.661(a). As the body worn camera recordings were not properly requested by the first requestor pursuant to chapter 1701, it need not be released to

Ms. S. McClellan - Page 3

the first requestor.[1]  However, pursuant to section 1701.661(b), a "failure to provide all the information required by Subsection (a) to be part of a request for recorded information does not preclude the requestor from making a future request for the same recorded information." *Id.* § 1701.661(b).  As the second requestor did provide the requisite information under section 1701.661 (a), we will address your arguments for the body worn camera recordings as to the second requestor.

Section 552.108(a)(1) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . release of the information would interfere with the detection, investigation, or prosecution of crime[.]"  Gov't Code § 552.108(a)(1).  A governmental body claiming section 552.108(a)(1) must explain how and why the release of the requested information would interfere with law enforcement.  *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706 (Tex. 1977).  You state the submitted information pertains to an active criminal investigation.  Further, the district attorney's office objects to the release of the submitted information because it would interfere with the prosecution of the case.  Based upon this representation and our review, we find release of the information at issue would interfere with the detection, investigation, or prosecution of crime.  *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975) (delineating law enforcement interests present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976).

However, section 552.108 does not except from disclosure basic information about an arrested person, an arrest, or a crime.  Gov't Code § 552.108(c).  Basic information refers to the information held to be public in *Houston Chronicle*.  *See* 531 S.W.2d at 186-88; Open Records Decision No. 127 at 3-4 (1976) (summarizing types of information deemed public by *Houston Chronicle*).  Thus, with the exception of basic information, which must be released, you may withhold the submitted information under section 552.108(a)(1) of the Government Code on behalf of the district attorney's office.[2]

In summary, as the first requestor did not properly request the body worn camera recordings at issue pursuant to chapter 1701, it need not be released to the first requestor.  With the exception of basic information, which must be released, you may withhold the submitted information under section 552.108(a)(1) of the Government Code on behalf of the district attorney's office.

[1]As we are able to make this determination, we need not address the arguments against disclosure of this information.

[2]As our ruling is dispositive, we need not address your remaining arguments against disclosure.

Ms. S. McClellan - Page 4

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Jennifer Copeland
Assistant Attorney General
Open Records Division

JC/sb

Ref:    ID# 643412

Enc.    Submitted documents

c:      2 Requestors
        (w/o enclosures)



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

RECEIVED

MAR 20 2017

CITY ATTORNEY'S OFFICE
POLICE LEGAL LIASON

March 15, 2017

Ms. S. McClellan
Assistant City Attorney
Criminal Law and Police Division
City of Dallas
1400 South Lamar
Dallas, Texas 75215

Timpa, Vicki  A16-14500
Addison, Lane A16-15703.

OR2017-02037A

Dear Ms. McClellan:

This office issued Open Records Letter No. 2017-02037 (2017). We have examined this ruling and determined we will correct the previously issued ruling. *See generally* Gov't Code § 552.011 (providing that Office of Attorney General may issue decision to maintain uniformity in application, operation, and interpretation of Public Information Act (the "Act"), chapter 552 of the Government Code). Consequently, this decision serves as the correct ruling and is a substitute for the decision issued on January 30, 2017. Your request was assigned ID# 653604 (DPD OR2016-19508, DPD OR2016-24434).

The Dallas Police Department (the "department") received three requests from two different requestors for information pertaining to a specified incident, including a specified autopsy report. You claim the submitted information is excepted from disclosure under sections 552.101, 552.108, and 552.130 of the Government Code. We have considered the exceptions you claim and reviewed the submitted representative samples of information.[1]

---

[1] We assume the "representative samples" of records submitted to this office are truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

Ms. S. McClellan - Page 2

Initially, we note, and you acknowledge, the department failed to meet the statutory deadlines imposed by section 552.301 of the Government Code for requesting a ruling from this office. *See* Gov't Code § 552.301(b). Pursuant to section 552.302 of the Government Code, a governmental body's failure to comply with the procedural requirements of section 552.301 results in the legal presumption that the requested information is public and must be released unless there is a compelling reason to withhold the information from disclosure. *See id.* § 552.302; *Simmons v. Kuzmich*, 166 S.W.3d 342, 350 (Tex. App.—Fort Worth 2005, no pet.); *Hancock v. State Bd. of Ins.*, 797 S.W.2d 379, 381 (Tex. App.—Austin 1990, no writ). The need of a governmental body, other than the governmental body that failed to timely seek an open records decision, to withhold information under section 552.108 of the Government Code can provide a compelling reason sufficient to overcome the presumption of openness. *See* Open Records Decision No. 586 (1991). Because you inform us, and provide documentation showing, the Dallas District Attorney's Office (the "district attorney's office") objects to the release of the information at issue, we will consider whether the department may withhold the submitted information under section 552.108 of the Government Code on behalf of the district attorney's office. Additionally, you raise sections 552.101 and 552.130 of the Government Code for some of the submitted information. Because sections 552.101 and 552.130 can provide compelling reasons to overcome the presumption of openness, we will also address your arguments under these sections for the information at issue. However, we find you have failed to establish a compelling reason to address your remaining exception.

Next, we note a portion of the submitted information consists of officers' body worn camera recordings. Body worn cameras are subject to chapter 1701 of the Occupations Code. Chapter 1701 provides the procedures a requestor must follow when seeking a body worn camera recording. Section 1701.661(a) provides:

> A member of the public is required to provide the following information when submitting a written request to a law enforcement agency for information recorded by a body worn camera:
>
> (1) the date and approximate time of the recording;
>
> (2) the specific location where the recording occurred; and
>
> (3) the name of one or more persons known to be a subject of the recording.

Occ. Code § 1701.661(a). In this instance, the first requestor does not give the requisite information under section 1701.661(a). As the body worn camera recordings were not properly requested by the first requestor pursuant to chapter 1701, the recordings need not

be released to the first requestor.[2] However, pursuant to section 1701.661(b), a "failure to provide all the information required by Subsection (a) to be part of a request for recorded information does not preclude the requestor from making a future request for the same recorded information." *Id.* § 1701.661(b). As the second requestor did provide the requisite information under section 1701.661 (a), we will address your arguments for the body worn camera recordings as to the second requestor.

Section 552.108(a)(1) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . release of the information would interfere with the detection, investigation, or prosecution of crime[.]" Gov't Code § 552.108(a)(1). A governmental body claiming section 552.108(a)(1) must explain how and why the release of the requested information would interfere with law enforcement. *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706 (Tex. 1977). You state the submitted information pertains to an active criminal investigation. Further, the district attorney's office objects to the release of the submitted information because it would interfere with the prosecution of the case. Based upon this representation and our review, we find release of the information at issue would interfere with the detection, investigation, or prosecution of crime. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975) (delineating law enforcement interests present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976).

However, section 552.108 does not except from disclosure basic information about an arrested person, an arrest, or a crime. Gov't Code § 552.108(c). Basic information refers to the information held to be public in *Houston Chronicle*. *See* 531 S.W.2d at 186-88; Open Records Decision No. 127 at 3-4 (1976) (summarizing types of information deemed public by *Houston Chronicle*). Thus, with the exception of basic information, which must be released, you may withhold the submitted information under section 552.108(a)(1) of the Government Code on behalf of the district attorney's office.[3]

In summary, as the first requestor did not properly request the body worn camera recordings at issue pursuant to chapter 1701, the recordings need not be released to the first requestor. With the exception of basic information, which must be released, you may withhold the submitted information under section 552.108(a)(1) of the Government Code on behalf of the district attorney's office.

---

[2]As we are able to make this determination, we need not address the arguments against disclosure of this information.

[3]As our ruling is dispositive, we need not address your remaining arguments against disclosure.

Ms. S. McClellan - Page 4

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Jennifer Copeland
Assistant Attorney General
Open Records Division

JC/sb

Ref:    ID# 653604

Enc.    Submitted documents

c:      2 Requestors
        (w/o enclosures)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKIE TIMPA, ET AL., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-cv-03089-N |
| | § | |
| | § | |
| CITY OF DALLAS, ET AL,, | § | |
|     Defendant. | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT CITY OF DALLAS

TO:   Defendant, City of Dallas, by and through its counsel of record, Asst. City
Attorney James Butt, Office of City Attorney, 1500 Marilla St., Rm 7DN, Dallas,
Texas 75201

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Vickie Timpa, Cheryll Timpa,

Colton Timpa, and the Estate of Anthony Timpa sserve their First Request for Production to

Defendant City of Dallas for answering.  The documents must be produced within 30 days after

service. Defendant is required to supplement her responses in accordance with Rule 26 (5)(e)(1)

of the Federal Rules of Civil Procedure in a reasonable period of time if the information and/or

documents acquired subsequent to the date of production is no longer valid or changed.



EXHIBIT E

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By: _____

Geoff J. Henley
Texas State Bar No. 00798253
ghenley@henleylawpc.com
R. Lane Addison
Texas Bar No. 24059355
rladdison@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 821-0222
Facsimile: (214) 821-0124
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 5 day of February, 2017, a true and correct copy of the foregoing was served on all counsel of record via facsimile pursuant to the Federal Rules of Civil Procedure.

_____
Geoff J. Henley

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.      **Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means that party and, where applicable, all his/her/its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      **Person.** The term "person" means natural persons, corporations, unincorporated business entities, partnerships, sole proprietorships, financial institutions, unions, associations, joint ventures, federations, or any other kind of entity.

3.      **Present.** The term "present" means the date on which you deliver your answers as requested herein, and all dates on which you supplement your answers.

4.      **Document.** The term "document" is defined to by synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a).

5.      **Identify** when referring to:

>     a.    a person, means to state his or her full name, address, and telephone number;
>
>     b.    a public or private corporation, partnership, association, or other business entity, or to a governmental agency, means to state the entity's full name, address, and telephone number;
>
>     c.    a statement, means to identify (as that term is defined herein) who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to when, where, and how the statement was taken or recorded; and to identify (as that term is defined herein) who has possession, custody, and/or control thereof; and
>
>     d.    a document, means to give a reasonably detailed description thereof, including when, where, and how the document was created, drafted, and/or made; to identify (as that term is defined herein) who created, drafted, and/or made the document; and to identify (as that term is defined herein) the person who has possession, custody, and/or control thereof.

6.      **Communication.** The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes

without limitation written contacts (including without limitation letters, memoranda, telegrams, telexes, or other documents) and oral contacts (including without limitation by face-to-face meetings and telephone conversations).

7.   **You/Your.** The terms "you" and "your" shall refer to City of Dallas, its attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of City of Dallas, whether authorized to do so or not.

8.   **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9.   **All/Each.** The terms "all" and "each" should be construed as "and," "each," and "and/or."

10.   **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.   **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.   **Number.** The use of the singular form of any word includes the plural and vice versa.

13.   **Incident Date.** The date of the "incident" is August 6, 2016.

14.   **Plaintiffs.** The term "plaintiff" refers to Vickie Timpa, Cheryll Timpa, Colton Timpa, and the Estate of Anthony Timpa.

15.   **Defendant.** The term "defendant" refers to City of Dallas.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production August 6, 2016 of documents, all information herein requested is for the entire time period from through the date of production of documents requested herein, including but not limited to the information relating to City of Dallas Police Department police Incident identification numbers 192631-2016, 16-1587610, and 16-1587660, and the Dallas Fire-Rescue Department Incident identification number 16-1587610.

## DOCUMENTS TO BE PRODUCED

1.   Color copies of all photographs, copies of all movies, drawings, diagrams, sketches, compact discs (CDs), audiotapes, 9-1-1 calls, transcripts, videos, blood draw results, blood samples and any related reports, forensics and related reports and findings, ballistics reports, electronic and written statements, measurements, emails, letters, drafts of reports, and any other documents depicting, describing, or relating any part of the incident or any object or person involved in the incident made the basis of this lawsuit. (**NOTE:** Plaintiffs will reimburse counsel reasonable costs incurred in reproducing the color photographs and/or videos.)

**RESPONSE:**

2.   Copies of all documents referring to, describing, recording the results of, or prepared for, as a result of, or in connection with any and all tests, inspections, measurements, investigations, or examinations of the incident scene, *including* the emergency vehicle, where Anthony Timpa was placed.

**RESPONSE:**

3.   Copies of all reports, summaries, or descriptions of, or other documents referring to or created in connection with, any and all investigations of the incident made the basis of this lawsuit conducted by or at the request of any law enforcement agency or any other federal, state, county, or local government agency.

**RESPONSE:**

4.   Copies of all documents referring to, describing, or created in connection with the injuries or damages suffered by Anthony Timpa in the incident, including but not limited to, ambulance run sheets, emergency medical service records, and medical records rendered in connection with the incident.

**RESPONSE:**

5.   A copy of all witness statements pertaining to the incident made the basis of this lawsuit, whether written or electronically recorded.

**RESPONSE:**

6.   A copy of the witness statement(s) of Kim Timpa, and any other non-law enforcement witness.

**RESPONSE:**

7.      A copy of all dispatch records for the officers responding to the incident made the basis of this lawsuit.

**RESPONSE:**

8.      A copy of all onboard audio and video recordings, from dashboard cameras or otherwise, from all of the police vehicles responding to the incident made the basis of this lawsuit.

**RESPONSE:**

9.      All documents that show Plaintiffs did not properly and timely exhaust any administrative remedies.

**RESPONSE:**

10.     All documents that show Plaintiffs' claims are barred by the statute of limitations.

**RESPONSE:**

11.     All documents that show Plaintiffs has not satisfied all legal prerequisites to bring this suit.

**RESPONSE:**

12.     All documents that show all officers that participated in the incident made the basis of this lawsuit are entitled to qualified immunity from liability.

**RESPONSE:**

13.     All documents relating to the incident made the basis of this lawsuit following the initial 9-1-1 emergency call.

**RESPONSE:**

14.     All documents regarding complaints of excessive or lethal restraint made against City of Dallas for five years preceding the incident made the basis of this lawsuit until the time of trial.

**RESPONSE:**

15.     All documents that show disciplinary action taken by the City of Dallas Police Department against City of Dallas for excessive or lethal restraint ten years preceding the events giving rise to this lawsuit.

**RESPONSE:**

16.     All documents that were provided to you, or that you have access to, that detail or describe the policies and procedures of the City of Dallas Police Department pertaining to arrests of persons detained by police officers of the City of Dallas Police Department.

**RESPONSE:**

17.     All documents that were provided to you, or that you have access to, that detail or describe the policies and procedures of the City of Dallas Police Department pertaining to the provision of medical care to subjects of Apprehensions by a Peace Officer Without a Warrant.

18.

**RESPONSE:**

18.     All documents that were provided to you, or that you have access to, that detail or describe the policies and procedures of the City of Dallas Police Department pertaining to the provision of mental health care or mental health commitments to subjects of Apprehensions by a Peace Officer Without a Warrant.

**RESPONSE:**

19.     All documents showing that Anthony Timpa was in custody of law enforcement personnel and showing the duration of that custody.

**RESPONSE:**

20.     All documents that were provided to you, that you provided, or that you have access to, pertaining to any internal or other investigation, by the City of Dallas Police Department or any other law enforcement or governmental agency, of the incident made the basis of this lawsuit.

**RESPONSE:**

21.     All documents that you were provided, or that you have access to, regarding the actions taken by the City of Dallas, the City of Dallas Police Department, or any other governmental entity as a result of the investigation described in the above request.

**RESPONSE**:


22.     All documents that you were provided, or that you have access to, regarding the actions taken by the City of Dallas, the City of Dallas Police Department, or any other governmental entity in response to the incident made the basis of this lawsuit.

**RESPONSE**:


23.     Copies of all documents, photographs, videotapes, video recordings and audio recordings made of the arrest, injuries, and/or confrontation of Plaintiff Anthony Timpa.

**RESPONSE**:


24.     All reports and statements made or received relating to the events made the basis of this lawsuit by all officers of the City of Dallas Police Department.

**RESPONSE**:


25.     A copy of all inventory tags for all items taken into evidence relating to the events made the basis of this lawsuit.

**RESPONSE**:


26.     Color copies of all photographs of all physical evidence obtained relating to the events made the basis of this lawsuit.

**RESPONSE**:


27.     A copy of all notes made regarding the incident made the basis of this lawsuit.

**RESPONSE**:

28.     A copy of the dispatch and communication logs for the two (2) hours before and after the incident made the basis of this suit.

**RESPONSE:**

29.     A copy of any employee handbook or other documents relating to policies and procedures that were provided to you by the City of Dallas Police Department.

**RESPONSE:**

30.     A copy of any employee handbook or other documents relating to policies and procedures that were provided to you by the City of Dallas Police Department pertaining to the use of restraints—including but not limiting to (a) handcuffs, (b) "hogties," (c) holds, and (d) choke holds.

**RESPONSE:**

31.     A copy of any documents, handbooks, manuals, or/or policies and procedures that were provided to you by the City of Dallas Police Department, or that you have access to you, pertaining to identifying, recognizing, and/or describing an action by a detained person as resistance, as that identification, recognition, and/or description relates to the City of Dallas Police Department's use of force policy, or the use of force continuum.

**RESPONSE:**

32.     Copies of all reports prepared by all experts whom you anticipate testifying at trial in this case.

**RESPONSE:**

33.     Copies of all reports reviewed by all consulting experts whom you anticipate testifying at trial in this case.

**RESPONSE:**

34.     All documents providing information about designated experts, such as resumes, curriculum vitae, reports, fee sheets, and billing statements.

**RESPONSE:**

35.   All documents and other evidence (including photographs, videos, audio recordings, reports, statements, and notes) that support your contention that you should not be liable in this lawsuit based on the causes of action stated in the live Complaint.

**RESPONSE:**

36.   All documents and other evidence (including photographs, videos, audio recordings, reports, statements, and notes) that support your contention that Anthony Timpa's actions or behaviors justified your use of deadly force on him during the incident made the basis of this lawsuit.

**RESPONSE:**

37.   All documents and other evidence (including photographs, videos, audio recordings, reports, statements, and notes) that support your contention that Anthony Timpa was resisting or noncompliant at any point during the incident made the basis of this lawsuit.

**RESPONSE:**

38.   All impeachment documents that may be used at trial pursuant to Federal Rule of Evidence 609.

**RESPONSE:**

39.   All documents that may be used to give judicial notice pursuant Federal Rule of Evidence 201.

**RESPONSE:**

40.   Copies of all training materials received in each training session on the "use of force".

**RESPONSE:**

41.     Copies of all reports that were made and issued and all actions taken as a result of the investigation.

**RESPONSE:**

42.     Copies of each statement given by each police officer.

**RESPONSE:**

43.     Copies of all reports, statements, supplements, data sheets, inventories, electronic recordings, witness statements, photographs, body camera footage, dash camera footage, and logs pertaining to Dallas Police Department Incident No. 192631-2016.

**RESPONSE:**

44.     Copies of all reports, statements, supplements, data sheets, inventories, electronic recordings, witness statements, photographs, body camera footage, dash camera footage, and logs pertaining to Dallas Police Department Incident No.. 16-1587610.

**RESPONSE:**

45.     Copies of all reports, statements, supplements, data sheets, inventories, electronic recordings, witness statements, photographs, body camera footage, dashboard camera footage, and logs pertaining to Dallas Police Department Incident No. 16-1587660.

**RESPONSE:**

46.     Copies of all reports, statements, supplements, data sheets, inventories, electronic recordings, witness statements, photographs, body camera footage, dashboard camera footage, and logs pertaining to Dallas Fire-Rescue Department Incident identification number 16-1587610.

**RESPONSE:**

47.     Copies of all reports, statements, supplements, data sheets, inventories, electronic recordings, witness statements, photographs, body camera footage, dashboard camera footage, and logs pertaining to Dallas Fire-Rescue Department Incident identification number 16-1587610.

**RESPONSE:**

48.     A copy of the Custodial Death Report as a result of this incident.

**RESPONSE:**

49.     A copy of all drafts, and notes related to the Custodial Death Report as a result of this incident.

**RESPONSE:**

50.     A copy of all documents related to any criminal or internal affairs investigation of any officer involved in the death of Anthony Timpa.

**RESPONSE:**

51.     A copy of all documents related to any government agency, including but not limited to the Dallas County District Attorneys' Office, the Dallas County Medical Examiner, and the Attorney General of the State of Texas concerning this incident, or the death of Anthony Timpa.

**RESPONSE:**

# HENLEY & HENLEY, P.C.

*attorneys • www.henleylawpc.com*

December 11, 2017

Via E-Mail: tatia.wilson@dallascityhall.com
Tatia R. Wilson
Dallas City Attorney's Office
1500 Marilla Street, 7DN
Dallas, Texas 75201

Re:     Cause No.: 3:16-cv-03089-N; *Viki (Huber) Timpa et al. vs. Dustin Dillard et al,*;
        In The United States District Court, For The Northern District of Texas, Dallas
        Division

Dear Ms. Wilson:

I write this correspondence to follow up from my email Friday concerning the protective order.

Pursuant to Paragraph 5 of the order dated April 14, 2017, Plaintiffs challenge the restrictions placed on the dissemination, and use of items previously produced as a result of this litigation, and the state court action in Cause No. DC-16-15678-M, *Henley & Henley, P.C. v. The City of Dallas.*

They further challenge the requirements that these items be filed under seal, and returned to the City in secret at the conclusion of this litigation. Those items include:

- The footage provided from the bodycameras worn by three different officers;
- The 9-1-1 recordings
- The reports, and written statements of the responding officers, and the EMS workers;
- Scene photographs
- Reports, written and electronically recorded statements from the Internal Affairs Division, and Special Investigation Unit of this incident.

As indicated, particularly since the indictments of the three officers, surrogates for the Defendants within the Dallas Police Department, and the Dallas Police Association have made false statements about the incident that flatly contradict the content of the body camera footage, and the state-mandated Custodial Death Report, while Plaintiffs have been unable to defend themselves with the evidence.

What is more, these items that the City has sought protection merit no special restriction on dissemination. Indeed, the contrary is true. As you know, courts have repeatedly held that use of force by public servants is a matter of acute public concern. *See, e.g., Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 792 (3d Cir 1994); *Chatman v. City of Chicago,* 2016 WL 245626 *4

EXHIBIT F

(N.D. Ill. 2016). "The public has a particular interest in the instant case because it involves matters of public safety and the deadly force policies of the local police department."

*Carnaby v. City of Houston,* No. 4:08–cv–1366, 2008 WL 4546606, at *2 (S.D.Tex. Oct. 10, 2008); *see also Gutierrez v.Benevides*, 292 FR.D. 401, 404-405 (S.D. Tex. 2013)(explaining presumption in favor public dissemination of documents, especially in instances that involve matters of public concern such as government overreaching or "police misconduct").

In *Carnaby,* the court rejected restrictions sought by the City of Houston for 9-1-1 recordings that are nearly identical to those here. In a detailed analysis, the court provided a thoughtful explanation for so doing, even when disclosure involved the officers' personal disciplinary history. *Carnaby* bluntly explained,

> The officers understandably prefer not to have disciplinary history and citizen complaints made potentially available outside the police department. Nevertheless, police officers are public employees, paid by the taxpayers. The public's interest in transparency outweighs the officers' privacy interest.

Though disciplinary history is inherently personal, it "has a distinct public character, as it relates to the defendant officers' performance of their official duties."

> Without such information, the public would be unable to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will. *With so much at stake, defendants simply cannot be permitted to operate in secrecy.* (Emphasis added)

The court further explained that the public might want to see whether investigations of citizen complaints—like this one—were "fair and objective," and scrutinize ones that the internal affairs division "determined to be unfounded are really unfounded."

I will not belabor the point, but there can be no argument on the public nature of these incidents. Indeed, every City appropriation for defense, or settlement requires a public vote of the Council. Please contact me if you have any questions, and enjoy your holidays.

Truly yours,


/s/ Geoff J. Henley

Cc:

Susan Hutchison,
hutch@hsjustice.com
Hutchison & Stoy, PLLC
505 Pecan St., #101
Fort Worth, Texas 76102