IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 3:16-CV-3089-N | |
| § | | |
| THE CITY OF DALLAS, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# ORDER

This Order addresses Defendants Dustin Dillard, Danny Vasquez, and Kevin Mansell's (collectively, the "Officers") motion to stay litigation pending resolution of the criminal proceedings against them [97]. For the reasons discussed below, the Court grants the motion.

## I. ORIGINS OF THE ACTION

This action arises from a confrontation between Plaintiffs' decedent Anthony Timpa ("Timpa") and Dallas Police Department Officers Dustin Dillard, Danny Vasquez, Domingo Rivera, Raymond Dominguez, and Kevin Mansell and security guard Glenn Johnson. Plaintiffs allege that on August 10, 2016, the Officers used excessive deadly force on Timpa while he was in their custody. Plaintiffs assert causes of action under 42 U.S.C. § 1983 against Officers Dillard, Vasquez, Rivera, and Mansell for violations of Timpa's constitutional rights, and against Officers Vasquez, Rivera, Dominguez, and Mansell for aiding and abetting and bystander liability.

In December 2017, a Dallas County Grand Jury indicted the Officers for deadly conduct, a class A misdemeanor, for their conduct in arresting Timpa. The Officers now move to stay litigation of Plaintiffs' civil claims pending resolution of the criminal charges against them.

## II. THE COURT GRANTS THE OFFICERS' MOTION TO STAY

### A. Applicable Law

A district court, within its discretion, may stay civil litigation in deference to parallel criminal proceedings. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 2009). In determining whether to stay civil litigation pending resolution of a parallel criminal matter, district courts weigh six factors: (1) the degree to which the issues presented in the criminal case overlap with those of the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the interests of and burden on the defendant; (5) the interests of the courts; and (6) the interest of the public. *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N, 2010 WL 11492395, at *2 (N.D. Tex. Jan. 5, 2010).

### B. The Court Grants the Motion

First, the Court weighs the degree to which the issues presented in the criminal case overlap with those in the civil case. *Id.* The presence of overlapping issues between the civil and criminal proceedings weighs in favor of granting a stay. *Heller Healthcare Fin., Inc. v. Boyes*, No. Civ. A. 3:00-CV-1335-D, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002);

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 866 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Here, both the civil action and the criminal indictments arise from the Officers' conduct during Timpa's arrest on August 10, 2016. The Officers may be called to testify with respect to the civil action. Permitting the civil action to continue at this time will require the Officers to choose between testifying about matters directly implicating the criminal proceedings or asserting their Fifth Amendment rights and suffering prejudice in the civil suit against them. This factor thus weighs in favor of staying the litigation.

Second, the Court weighs the status of the criminal case, including whether the defendant has been indicted. *Stanford*, 2010 WL 11492395, at *2. Staying a civil case is most appropriate when a party has been indicted for the conduct giving rise to the civil case. *Plumbers & Pipefitters*, 886 F. Supp at 1139. Because the Officers have been indicted already, this factor weighs in favor of a stay.

Third, the Court weighs the interest of the plaintiff in proceeding expeditiously against the potential prejudice to the plaintiff caused by a delay. *Stanford*, 2010 WL 11492395, at *2. While Plaintiffs are interested in promptly resolving claims and conducting discovery while information is still readily available, they have not established that they will be prejudiced by a stay. This factor thus weighs in favor of granting a stay.

Fourth, the Court weighs the interests of and the burden on the defendant. *Id.* As discussed above, absent a stay, the Officers face a conflict between asserting their Fifth Amendment rights and defending the civil action. Granting a stay eliminates this conflict. This factor thus weighs in favor of granting a stay.

Fifth, the Court weighs its own interests in staying litigation. *Id.* Staying civil litigation pending resolution of a parallel criminal case may promote judicial economy by mooting or clarifying various contentions of the civil case or increasing prospects for settlement of the civil case. *Id.* at *3. Because the issues present in both the civil and criminal proceedings overlap, streamlining those issues is possible here. Therefore, this factor weighs in favor of granting a stay.

Finally, the Court weighs the public's interest in staying litigation. *Id.* The public has an interest in the resolution of civil disputes with minimal delay, but it also has an interest in maintaining criminal defendants' rights. *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 407 (S.D. Tex. May 1, 2009). Given the overlap of issues between this civil action and the Officers' pending criminal charges, the public's interests are in conflict here. This factor thus weighs neither for nor against granting a stay.

## CONCLUSION

On balance, the relevant factors weigh in favor of staying this case. The Court thus grants the Officers' motion and stays this action pending resolution of the Officers' parallel criminal proceedings.

Signed June 5, 2018.

_____
David C. Godbey
United States District Judge