UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND | § | |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF ANTHONY TIMPA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, et al., | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Dustin Dillard ("Dillard"), Danny Vasquez ("Vasquez"), Kevin Mansell ("Mansell"), Raymond Dominguez ("Dominguez") and Domingo Rivera ("Rivera")(collectively, "Defendants"), submit the following Response to Plaintiffs' Motion to Lift Stay ("Motion to Lift Stay")(ECF No. 112). Defendants assert that Plaintiffs' Motion to Lift Stay does not mandate the lifting of stay entered by this Court on June 5, 2018 (ECF No. 111), in which the Court stayed this entire action pending resolution of Dillard, Vasquez and Mansell's parallel criminal proceedings. In support of this Response, Defendants respectfully show the Court the following:

**I.**
**<u>BACKGROUND</u>**

This is a civil rights action brought by Plaintiffs Vicki and Cheryll Timpa, individually and as representative of the estate of Anthony Timpa ("Timpa") and as next friend of K.T., a minor, alleging claims pursuant to 42 U.S.C. § 1983 against Dallas Police Department Officers Dillard, Vasquez, Mansell, Dominguez, and Rivera, Glenn Johnson, and the Criminal Investigative Unit,

LLC ("CIU").[1]  This case arises from the alleged use of excessive deadly force on August 10, 2016, while Timpa was in Defendants' custody.  *See* Plaintiffs' Third Amended Complaint (ECF Doc. No. 78), pp. 3-12.  The Officers deny Plaintiffs' claims, and each has filed an answer to Plaintiffs' allegations, affirmatively pleading, *inter alia*, his entitlement to the defense of qualified immunity.  *See* Court's Docket, ECF Nos. 90, 91, 92, 93 and 94.

Dillard, a Technical Sergeant and reservist in the United States Air Force Reserve, filed a Motion to Stay Proceedings under the Servicemembers Civil Relief Act ("Dillard's Motion to Stay").  ECF Doc. Nos. 60, 61.  Dillard had been recalled to active duty service overseas and was deployed from July 16, 2017, to March 1, 2018.  *Id*.  The Court granted Dillard's Motion to Stay on October 4, 2017.  ECF No. 79.  Dillard was released from military active-duty status on March 1, 2018, and on March 12, 2018, the Court lifted the stay previously entered on account of Dillard's deployment.  *See* Court's Docket.

While Dillard was deployed overseas, he, Vasquez, and Mansell were indicted by the Dallas County Grand Jury on December 7, 2017, for deadly conduct arising out of the same events that give rise to the instant civil case.  *See* Appendix in Support of Defendants' Motion to Stay this Case ("Appendix in Support of Defendants' Motion to Stay").  ECF No. 97-1, pp. 6-10.  As a result of these indictments, and the lifting of the initial stay on account of Dillard's deployment, on March 16, 2018, Dillard, Vasquez, and Mansell filed a Motion to Stay this Case Pending Defendants' Criminal Cases ("Defendants' Motion to Stay").  ECF No. 97.  On April 27, 2018, Plaintiffs filed their Response to Motion to Stay by Defendants Dillard, Vasquez and Mansell Pending Their Criminal Cases ("Plaintiffs' Response to Defendants' Motion to Stay").  ECF No. 108.  On June

---

[1]  Defendants Johnson and CIU have not yet entered an appearance in this litigation.  *See* Court's Docket.  On September 14, 2017, the Clerk of the Court filed an Entry of Default as to Defendants Johnson and CIU in response to a request by Plaintiffs.  *See* ECF Nos. 68 and 69.

5, 2018, the Court granted Defendants' Motion to Stay "pending resolution of the Officers' parallel criminal proceedings." ECF No. 111.

Less than five (5) months later, on October 17, 2018, Plaintiffs filed the instant Motion to Lift Stay. ECF No. 112. This motion is largely a "cut and paste" restatement of the arguments made in Plaintiffs' Response to Defendants' Motion to Stay, arguments which have already been rejected by the Court in its June 5, 2018 Order. The only "new" information provided in connection with Plaintiffs' Motion to Lift Stay is the attachment of a number of "Pass Slips" from Dillard's, Vasquez's and Mansell's respective criminal cases[2]. *See* ECF Nos. 112-2, 112-4, 112-6. While these "Pass Slips" do show that a number of settings have been passed in the criminal cases pending against Dillard, Vasquez, and Mansell, Plaintiffs have wholly failed to demonstrate that these recent passes render the Court's stay immoderate, and therefore, Plaintiffs' Motion to Lift Stay should be denied in its entirety.

## II.

## ARGUMENT AND AUTHORITIES

As before, Plaintiffs' Motion to Lift Stay confirms Plaintiffs' desire to proceed with discovery in this case notwithstanding Defendants' pending criminal cases that arise out of the same events giving rise to this lawsuit. Defendants continue to request a stay of this case until after the resolution of the criminal cases filed against them because it is undisputable that the criminal cases currently pending in Dallas County arise from the same incident made the basis of this lawsuit. Defendants continue to request the stay in this case in order to avoid the prejudice that would occur to Defendants if both legal matters are allowed to proceed simultaneously.

---

[2] Interestingly, many of these "Pass Slips" existed prior to the untimely filing of Plaintiffs' Response to Motion to Stay, and it is unclear why Plaintiffs failed to make this argument back in April of 2018 in connection with their Response to Defendants' Motion to Stay. *See* ECF Nos. 112-2 pp. 1-2; 112-4, pp. 1-3; 112-6, pp. 1-3.

A.    **The Court Properly Applied the Legal Standards Governing Stays Involving Parallel Criminal Proceedings**

In its June 5, 2018, Order, the Court properly applied the six (6) factors in determining whether to stay civil litigation pending resolution of a parallel criminal matter.  These factors are: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *See* Court's Order dated June 5, 2018, ECF Doc. No. 111, pp. 2, citing *SEC v. Stanford Int'l Bank, Ltd.,* No. 3:09-CV-298-N, 2010 WL 11492395, at *2 (N.D. Tex. Jan 5, 2010); *see also Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *5–9 (N.D. Tex. Oct. 5, 2015); *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 398-99 (S.D. Tex. 2009) (citing numerous cases and discussing *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995)).

Notably, one of the few key differences between Plaintiffs' Response to Defendants' Motion to Stay and the instant Motion to Lift Stay is the absence in the instant Motion to Lift Stay of any mention of these six (6) factors.  *Compare* Plaintiffs' Response to Defendants' Motion to Stay, pp. 7-10, *with* Plaintiffs' Motion to Lift Stay.  If, in fact, Plaintiffs actually were in possession of new information that somehow altered the calculus of the Court's weight assigned to each of these factors, then presumably this information would have been presented to the Court.  However, the inclusion of the "Pass Slip" argument mentioned above simply fails to move the needle or otherwise alter the Court's prior assignment of weight to the various factors, and thus, there is no need to lift the stay previously entered by the Court.

For instance, Plaintiffs have failed to present any new evidence or arguments that would affect the degree to which the issues in this civil case overlap with the criminal issues in the criminal cases.  This is the most significant and important consideration in considering whether to grant the stay.  *See Walker*, 2015 WL 5873392, at *6; *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); quoting *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (S.D.N.Y. 1989)("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.").  Whether or not Dillard, Vasquez and/or Mansell have received passes in their criminal cases does not affect the overlap between the civil and criminal cases at issue, and therefore, this first factor continues to weigh in favor of keeping the stay in place.

Likewise, any request for a pass, or continuance, in the criminal cases does not alter the fact that Defendants Dillard, Vasquez and Mansell have all been indicted.  As noted by the Court, staying a civil case "is most appropriate when a party has been indicted for the conduct giving rise to the civil case."  Court's Order dated June 5, 2018, ECF No. 111, p. 3.  Thus, this second factor continues to weigh in favor of keeping the stay in place.

Of the six (6) factors to be considered by the Court, the third factor (*i.e.*, the interests of the Plaintiffs in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay) is the only factor which could possibly have been affected by the four and one-half months that have elapsed between the time that the Court granted the current stay and the filing of Plaintiffs' Motion to Lift Stay.  In June, the Court noted that "While Plaintiffs are interested in promptly resolving claims and conducting discovery while information is still readily available, they have not established that they will be prejudiced by a stay."  *Id.*  Since this pronouncement by the Court, and the granting of the stay in June of 2018, not much has changed other than the

changing of the seasons from summer to fall. Therefore, this factor continues to weigh in favor of keeping the current stay in place.

Throughout Plaintiffs' Motion to Lift Stay, Plaintiffs offer their own speculation as to what might happen in the criminal cases. For instance, Plaintiffs surmise that the criminal cases will continue to remain pending in the indefinite future and, therefore, prejudice Plaintiffs' ability to pursue their claims in this case. Plaintiffs also speculate about various criminal proceeding matters, and even speculate (again, somewhat inconsistently) that the Dallas County District Attorney's Office may not pursue the criminal cases.[3] Plaintiffs' Motion to Lift Stay, p. 6.[4] Plaintiffs' speculation regarding how long it might take for the criminal cases to be resolved was insufficient to show prejudice this summer, and it is likewise insufficient this fall. Plaintiffs must establish more prejudice than simply a delay in their rights to expeditiously pursue their claims, *Alcala*, 625 F.Supp.2d at 397, and since they have failed to do so, the Court should maintain the current stay.

As for the fourth, fifth and sixth factors, the passes in the criminal cases do not alter the analysis previously undertaken by the Court. Defendants Dillard, Vasquez and Mansell are still faced with a "conflict between asserting their Fifth Amendment rights and defending the civil action." *See* Order, dated June 5, 2018, ECF No. 111, p. 3. Also, because of the overlap between the civil and criminal cases, the fact that judicial economy may be promoted by the streamlining of common issues still remains. *Id.* at 4. Similarly, the overlap between the civil and criminal cases places the public's interest in resolution of civil disputes with minimal delay against the

---

[3] Since the filing of Plaintiffs' Response to Defendants' Motion to Lift Stay, a Dallas County jury convicted former Balch Springs Police Officer Roy Oliver of murder and sentenced him to 15 years in prison, undercutting Plaintiffs' argument.

[4] Without any supporting evidence, Plaintiffs' Motion to Lift Stay, at 7, further asserts: "Though the City of Dallas has embraced the three Defendants, a plea of guilt would decidedly spell the ruin for such protective custody." There is no showing of the relevance of this vague, confusing statement to the issues presented herein.

<u>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY**</u> – Page 6

public's interests in maintaining criminal defendants' rights. Thus, the fourth and fifth factors continue to weigh in favor of maintaining a stay, and the sixth factor continues to weigh neither for nor against a stay.

In sum, the relevant factors continue to weigh in favor of continuing the stay previously entered by the Court in this case. Plaintiffs, in their Motion to Lift Stay, have failed to produce any evidence that would alter the Court's analysis of the relevant factors examined by the Court in its June 5, 2018, Order. Thus, Plaintiffs' Motion to Lift Stay should be denied in its entirety.

**B.    The Stay Entered by the Court is Not Immoderate.**

Contrary to Plaintiffs' suggestions, the Court's entry of the present stay is not immoderate or otherwise improper. As previously noted, the current stay has only been in place for less than five (5) months. In contrast, the Fifth Circuit, in *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir. 1979), instructed a district court on remand to stay a case for a period of more than three years until the threat of criminal prosecution had passed. In so doing, the Fifth Circuit noted that: "Although a three-year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and his lawsuit." *Id.* at 1089.

The arguments advanced by Plaintiffs in this case are similar to those advanced by Timpa's counsel in *Walker,* 2015 WL 5873392, at *5–9. In his 2015 opinion, Judge Fitzwater granted a stay of the civil case in the face of parallel criminal and civil proceedings. In so doing, Judge Fitzwater rejected the plaintiff's contention that a stay should not be granted because Dallas County criminal cases can sometimes be prolonged for several years, particularly when they involve significant complexity and the defendant is not in custody. *Id.* at *7; citing *Librado v. M.S. Carriers, Inc.,* 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002) (rejecting plaintiffs' contention that the fact that "the criminal case against [defendant] is proceeding slowly and

uncertainly, with no specific trial date," weighs against a stay because "Texas law recognizes a right to a speedy trial").

Although Judge Fitzwater ultimately ordered the lifting of the stay in *Walker* two and one-half (2 1/2) years later in April of 2018 (as noted on pages 5-6 of Plaintiff's Motion to Lift Stay), the fact remains that a stay of two (2) to three (3) years to allow for a criminal proceeding to run its course is well established, both by the Fifth Circuit and the district courts in the Northern District of Texas.  Thus, the current stay is not immoderate or in any way improper, and the Court should therefore deny Plaintiffs' Motion to Lift Stay and maintain the current stay until such time as the factors weigh in favor of lifting the stay.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' Motion to Lift Stay be denied and that the Court continue to stay this case pending the resolution of the criminal charges against Defendants Dillard, Vasquez, and Mansell, and Defendants request such other and further relief, both general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: ___/s/ Edwin P. Voss, Jr., with permission_____
      Edwin P. Voss, Jr.
      State Bar No. 20620300
      evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)
COUNSEL FOR DEFENDANT DUSTIN DILLARD

By:  /s/ Mark E. Goldstucker, with permission
        Mark E. Goldstucker
        State Bar No. 08104100
        mgoldstucker@gmail.com
LAW OFFICE OF MARK E. GOLDSTUCKER
300 North Coit Road, Suite 1125
Richardson, Texas 75080
972-479-1112 (Telephone)
972-479-1113 (Telecopier)
COUNSEL FOR DEFENDANT KEVIN MANSELL

By:  /s/ Gerald Bright
        Gerald Bright
        State Bar No. 02991720
        gerald.bright@wblpc.com
        David L. Craft
        State Bar No. 00790522
        david.craft@wblpc.com
WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972-744-0192 (Telephone)
972-744-0067 (Telecopier)
COUNSEL FOR DEFENDANT DANNY VASQUEZ

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

 /s/ Jason G. Schuette, with permission
Jason G. Schuette
Senior Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas State Bar No. 00795793
Tatia.wilson@dallascityhall.com

Jennifer C. Huggard
Executive Assistant City Attorney
Texas State Bar No. 00792998
jenniferhuggard@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:    214-670-0622

COUNSEL FOR DEFENDANTS RAYMOND
DOMINGUEZ AND DOMINGO RIVERA

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing document was served electronically through the court's ECF system on all counsel of record on November 7, 2018.

_____*/s/ Gerald Bright*_____
Gerald Bright