IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKI TIMPA, INDIVIDUALLY, § <br> AND AS REPRESENTATIVE OF THE § <br> ESTATE OF ANTHONY TIMPA, AND § <br> CHERYL TIMPA, INDIVIDUALLY § <br> AS NEXT FRIEND OF K. T., A § <br> MINOR CHILD, § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> DUSTIN DILLARD, DANNY § <br> VASQUEZ, RAYMOND § <br> DOMINGUEZ, DOMINGO RIVERA, § <br> KEVIN MANSELL, GLENN § <br> JOHNSON, CRIMINAL § <br> INVESTIGATIVE UNIT, LLC, § <br>     Defendants. § | CIVIL ACTION NO. 3:16-CV-03089-N |

## PLAINTIFFS' AMENDED MOTION TO LIFT STAY

Plaintiffs Vicki Timpa, Cheryll Timpa and K.T. file this amended motion to lift stay.

## SUMMARY OF MOTION

The Court stayed this action pending the outcome of criminal actions filed against Defendants Dustin Dillard, Danny Vasquez and Kevin Mansell. The Dallas County District Attorneys' Office dismissed those actions on March 18, 2019. These dismissals vitiate any reason for further staying this action.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this civil rights action arising from the death of Anthony "Tony" Timpa on August 10, 2016. The Dallas County Medical Examiner concluded Timpa's death was a "Homicide," caused by the "toxic effects of cocaine and physiological stress associated with physical restraint." While others pinned Tony down, Defendant Dillard lodged his knee in

decedent's back for more than 14 minutes, smashing his face into the ground while his hands were cuffed, and his legs zip tied. Tony stopped breathing and died at the scene, according to paramedics. The publicly-filed Custodial Death Report, available on the Texas Attorney General's website, states that Anthony, though, while "intoxicated," was neither resisting, nor threatening any person when killed in custody.

On November 3, 2016, Plaintiffs filed suit in this action, and subsequently attended the 26(f) conference, and obtained limited written discovery. The Court's first scheduling order entered on February 10, 2017 set this matter for trial on March 5, 2018. (ECF Doc. 19). Thereafter, this action was stayed as a result of Defendant Dillard's military deployment.

On December 7, 2017, a Dallas County grand jury handed down three indictments for Deadly Conduct.

On June 5, 2018, this court granted the "Officers' motion and stay[ed] this action pending resolution of the Officers' parallel criminal proceedings." *Order,* at 4. (#Dkt. 111).

On March 18, 2019, the Dallas County District attorney dismissed all three actions.[1]

### A. There is no further basis for the stay.

The raison d'être for the present stay was the parallel criminal proceedings. As a result of the dismissals, that basis no longer exists.

### B. Stays shall not be 'immoderate.'

"The decision whether ... to stay civil litigation in deference to parallel criminal proceedings is discretionary." *United States v. Simcho,* 326 F. App'x 791, 792 (5th Cir.2009) (citing *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.,* 385 F.3d 72, 77 (1st Cir.2004)). "[T]he

---

[1] *See* **Exhibit "A,"** *State v. Mansell,* Cause No. M17-04732; *State v. Dillard,* Cause No. M17-04733; *State v. Vasquez,* M17-04734

**PLAINTIFFS' AMENDED
MOTION TO LIFT STAY**  Page | 2

granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." *Id.* (citation omitted); *see also Dominguez v. Hartford Fin. Servs. Group, Inc.,* 530 F.Supp.2d 902, 905 (S.D.Tex.2008). "[A] defendant has no constitutional right to a stay simply because a parallel criminal proceeding is in the works." *Microfinancial, Inc. v. Premier Holidays Intern.,* 385 F.3d 72, 77–78 (1st Cir.2004).

Whenever a court grants a stay, though, it must not be immoderate. "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.,* 299 U.S. 248, 257, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936). "[N]otwithstanding a district court's wide discretion to grant a stay under its inherent powers, a discretionary stay must not be '"immoderate or of an indefinite duration."' *Fishman Jackson PLLC v. Israely,* 180 F.Supp. 476, 483 (N.D. Tex.)(Fish, J.) citing *In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir.1990) (quoting *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982)).

An indefinite, or unreasonably lengthy stay does not simply delay a case; it **effectively kills** it. *Hines v. D'Artois,* 531 F.2d 726, 730 (5th Cir. 1976). Effectively killing a plaintiff's action, such stays constitute final orders and confer appellate jurisdiction. *Id.* As the Fifth Circuit explained,

> A 'practical' construction requires that when a plaintiff's action is effectively dead, the order which killed it must be viewed as final. Effective death should be understood to comprehend any extended state of suspended animation. *Id. Hines*

At the outset, it must not appear that a stay will be either indefinite or of an unreasonable duration. If so, "the fetters should fall off." *Landis,* 299 U.S. at 257.

> To put the thought in other words, an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done.

This case has been pending since November 3, 2016 but has been stayed a substantial portion of

the time. Plaintiffs thus urge the Court to lift the present stay.

## CONCLUSION

As there is no criminal action presently pending, there is no reason for staying this matter any further. Plaintiffs thus urge that the Court immediately lift the present stay.

        Respectfully Submitted,

By:   /s/ Geoff J. Henley
       Geoff J. Henley
       Texas Bar No. 00798253
       ghenley@henleylawpc.com
       **HENLEY & HENLEY, P.C.**
       2520 Fairmount
       Suite 200
       Dallas, Texas 75201
       Tel. (214) 821-0222
       Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On March 20, 2019, I certify that I attempt to confer with counsel for all Defendants on this matter both by email and phone. Attorney Ed Voss, counsel for Defendant Dillard, is **UNOPPOSED**. Attorney Mark Goldstucker, counsel for Defendant Mansell, is **UNOPPOSED**. Attorney Susan Hutchison, counsel for Intervenor Joe Timpa, is **UNOPPOSED**.

I further certify that calls were placed to Gerald Bright, counsel for Danny Vasquez, on March 19th and 20th. He indicated he would call me back to state his position but such a call was not received before the close of business on March 19th. A second call was made on March 20th. Plaintiffs will thus assume that the motion is **OPPOSED** by that Defendant.

I further certify that calls were placed to Tatia Wilson, Assistant City Attorney, counsel for Defendants Rivera and Dominguez, on March 19th and 20th. Messages were left on both days. Plaintiffs will thus assume that the motion is **OPPOSED** by those Defendants.

       /s/ Geoff J. Henley
       Geoff J. Henley

## **CERTIFICATE OF SERVICE**

      I hereby on March 20, 2019 t certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.


                                        /s/ Geoff J. Henley
                                        Geoff J. Henley