**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKI TIMPA, INDIVIDUALLY,** | § | |
| **AND AS REPRESENTATIVE OF** | § | |
| **THE ESTATE OF ANTHONY** | § | |
| **TIMPA, AND CHERYLL TIMPA** | § | |
| **INDIVIDUALLY AS NEXT FRIEND** | § | |
| **OF K. T., A MINOR CHILD** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:16-cv-03089-N** |
| | § | |
| **DUSTIN DILLARD,** | § | |
| **DANNY VASQUEZ,** | § | |
| **RAYMOND DOMINGUEZ,** | § | |
| **DOMINGO RIVERA, KEVIN** | § | |
| **MANSELL, GLENN** | § | |
| **JOHNSON, CRIMINAL** | § | |
| **INVESTIGATIVE UNIT, LLC** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**JOINT STATUS REPORT AND**
**PROPOSED AMENDED SCHEDULING ORDER**

TO THE HONORABLE COURT:

Pursuant to the Court's Order (ECF No. 121), the Parties, Plaintiffs Vicki Timpa,

Individually and as Representative of the Estate of Anthony Timpa, and Cheryll Timpa,

Individually as Next Friend of K.T., a Minor Child, Intervenor Joe Timpa, and Defendants Dustin

Dillard, Danny Vasquez, Kevin Mansell, Raymond Dominguez, and Domingo Rivera, file this

Joint Status Report.

The Parties conferred on April 25, 2019, to discuss the status of this case and when it will

be ready for trial. Considering the procedural history of the case and the Defendants' anticipated

dispositive motions based on qualified immunity, the Parties agree that it will take approximately

15 months to adequately prepare this case for trial.  The Parties, therefore, propose a trial date in

August 2020.   Attached, as Exhibit A, is a Proposed Amended Scheduling Order that sets forth

the Parties' proposed deadlines to facilitate the course of proceedings.

The Parties further report that there are two (2) motions that remain pending: Plaintiffs'

Motion to Challenge Protective Order Designations (ECF No. 89), and Amicus Curiae The Dallas

Morning News, Inc.'s Motion for Leave to File Amicus Brief (ECF No. 116).  The Parties are

attempting to reach an agreement that will dispose of those motions and, therefore, request that the

Court grant them seven (7) days to report on the status of those motions, if no agreed order is filed

before that time.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By:    /s/ Geoff J. Henley_____
       Geoff J. Henley
       Texas State Bar No. 00798253
       ghenley@henleylawpc.com
       2520 Fairmount, Suite 200
       Dallas, Texas 75201
       Telephone #:  (214) 821-0222
       Fax #W:      (214) 821-0124
       **ATTORNEYS FOR PLAINTIFFS**

       /s/ Susan E. Hutchison_____
       Susan E. Hutchison
       HUTCHISON & STOY
       Texas State Bar No. 10354100
       hutch@hsjustice.com
       505 Pecan Street, Suite 101
       Fort Worth, Texas 76102
       (817) 820-0100
       (817) 820-0111 fax
       **ATTORNEYS FOR INTERVENOR**

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

/s/ Tatia R. Wilson
Tatia R. Wilson
Senior Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:    214-670-0622

*Attorneys for Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, Domingo River, and Kevin Mansell*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice. I further certify that I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Geoff J. Henley
Geoff J. Henley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKI TIMPA, INDIVIDUALLY,** | § | |
| **AND AS REPRESENTATIVE OF** | § | |
| **THE ESTATE OF ANTHONY** | § | |
| **TIMPA, AND CHERYLL TIMPA** | § | |
| **INDIVIDUALLY AS NEXT FRIEND** | § | |
| **OF K. T., A MINOR CHILD** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:16-cv-03089-N** |
| | § | |
| **DUSTIN DILLARD,** | § | **EXHIBIT "A"** |
| **DANNY VASQUEZ,** | § | |
| **RAYMOND DOMINGUEZ,** | § | |
| **DOMINGO RIVERA, KEVIN** | § | |
| **MANSELL, GLENN** | § | |
| **JOHNSON, CRIMINAL** | § | |
| **INVESTIGATIVE UNIT, LLC** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**SECOND AMENDED SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1.      This case is set for trial on **August 5, 2020**. The setting is for a one week docket. Reset or continuance of the trial setting does not alter the deadlines in this Order unless expressly provided by court order.

2.      The parties may by written agreement alter the following deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed

extensions of these deadlines. Motions may become moot due to trial if filed after the deadline in this Order.

a.  **Qualified immunity discovery**. Qualified immunity and cause of death discovery closes on **December 15, 2019**. The parties will conduct discovery limited to matters related to qualified immunity. Discovery requests must be served in time to permit response by this date.

b. **Qualified immunity expert designation deadline.** A party with burden of proof must disclose experts pursuant to Rule 26(a)(2) by **September 1, 2019.**

c. **Qualified immunity expert designation deadline - opposing experts.** An opposing party must  disclose experts pursuant to Rule 26(a)(2) by **October 1, 2019.**

d. **Qualified immunity expert designation deadline – rebuttal experts.** A party must disclose rebuttal experts pursuant to Rule 26(a)(2) or supplement with rebuttal opinions pursuant to Rule 26(e)(1) by **November 1, 2019.**

e. **Qualified immunity dispositive motions deadline.**  All dispositive motions related to qualified immunity, including motions for summary judgment, shall be filed by **January 15, 2020.**

f. **Mediation deadline. April 22, 2020 (120 days before trial)**.

g. **All other expert designations deadline.** A party with burden of proof must disclose experts pursuant to Rule 26(a)(2) by **April 5, 2020 (120 days before trial).**

h. **All other expert designations deadline - opposing experts.** An opposing party must disclose experts pursuant to Rule 26(a)(2) by **May 5, 2020 (90 days before trial).**

i. **All other expert designations deadline – rebuttal experts.** A party must disclose rebuttal experts pursuant to Rule 26(a)(2) or supplement with rebuttal opinions pursuant to Rule 26(e)(1) by **May 20, 2020.**

j. **Discovery completion deadline.** All remaining discovery closes; discovery requests must be served in time to permit response by **June 5, 2020 (60 days before trial)**.

k. **Motions deadline.** All other motions, including any objections to expert testimony must be filed by **June 20, 2020 (45 days before trial).**

3.      The parties shall file all pretrial materials 30 days before trial. Pretrial materials shall include the following:

a. a pretrial order pursuant to LR 16.4;

b. exhibit lists, witness lists, and depositions designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of the anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials shown to the jury, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

c. proposed jury charge pursuant to LR 51.1 or proposed findings of fact and conclusion of law pursuant to LR 52.1; any objections to the proposed jury

charge shall be filed within 14 days thereafter; objections not so disclosed are

waived unless excused by the court for good cause;

d.   motions; matters that are not case specific are strongly discouraged;

e.   requested voir dire questions.


Signed May ___, 2019.


_____
David C. Godbey
United States District Judge