**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKI TIMPA, ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:16-CV-03089-N** |
| | § | |
| **DUSTIN DILLARD, ET AL.** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FOURTH
REQUESTS FOR PRODUCTION AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO THE HON. JUDGE DAVID GODBEY:

Plaintiffs , Plaintiffs Vicki Timpa, Individually, and as Representative of the Estate of Anthony Timpa and Cheryll Timpa, individually, and as next friend of K.T.,, file this *Plaintiffs' Motion to Compel Responses to Plaintiffs' Fourth Requests for Production and Motion for Attorneys' Fees and Expenses,* and would show the following:

**I.**

**FACTS AND PROCEDURAL HISTORY**

Defendants asphyxiated Tony Timpa on August 10, 2016, violating his Fourth Amendment rights. On November 3, 2016, Plaintiffs filed suit pursuant to Title 42 U.S.C. § 1983. Timpa's father, filed a plea in intervention on July 17, 2017. Following the filing of suit, the parties conducted discovery related to the issue of qualified immunity, which was resolved on appeal on December 15, 2021 when the U.S. Court of Appeals for the Fifth Circuit determined that that Defendants may have employed unreasonable force and unreasonable deadly force in the homicide of Tony Timpa. *Opinion,* Case No. 20-10876, Dec. 15, 2021, at 18.

Defendants sought a rehearing and rehearing *en banc* of the Fifth Circuit's decision. Those motions were denied. On February 4, 2022, the Fifth Circuit remanded this action back to this Court "for further proceedings in accordance with the opinion of this Court." On February 9, 2022, this Court ordered the parties to confer and issue a joint report concerning the status of this action, including relevant deadlines; when this case should be reset for trial; and "any other matters the parties would like to bring to the Court's attention." (ECF No. 186).

On February 18, 2022, Plaintiffs propounded their *Fourth Request for Production* to Defendants, which pertained to Defendants' designated experts and Plaintiffs' claims for exemplary damages. **Exhibit "A,"**. Defendants' discovery answers were due on March 20, 2022, Defendants did not serve Plaintiffs with any responses or objections or move for a protective order. On March 21, 2022**,** the day Defendants' discovery answers were due, Defendants filed a motion to stay this litigation predicated solely on Defendants' assertion that they had until the end of April to petition for a writ of certiorari to the United States Supreme Court to reverse the Fifth Circuit. (ECF No. 188). On March 23, 2022, Plaintiffs filed their response to the stay motion. (ECF No. 189). On  March 25, 2022, Plaintiffs' counsel directed correspondence to Defendants' counsel urging the production requests be made by March 30, 2022 and that as they had served no responses all objections were waived. **Exhibit "B".** In an email reply, Defendants' counsel  urged their stay motion to this Court relieved them of complying with Rule 34. **Exhibit "C".**

### III.

### ARGUMENT AND AUTHORITIES

**A. Defendants did not comply with FRCP 34.**

**1. Rule 34 requires specific objections and responses to each request.**

"Generally speaking, '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party' " and that, "'[u]nder the federal discovery

rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged'." *Booth v. City of Dallas,* 312 F.R.D. 427, 433 (N.D. Tex. 2015) citing (quoting FED. R. CIV. P. 26(b)(1); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004). "Put simply, '[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense or defense of a party." *Rangel v. Mascorro,* 274 F.R.D. 585, 590 (S.D. Tex. April 11, 2011) (internal citation omitted). Document production under FRCP 34 follows the broad mandate of Federal Rule 26(b), which provides for the discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 34(a), 26(b). Parties receiving discovery requests "must respond in writing within 30 days after being served," unless otherwise ordered by the court or addressed by stipulation. FED. R. CIV. P. 34(b)(2)(A); *ARESCOM, Inc. v. Prime Hospitality, L.L.C* 2005 WL 8160543 at *3 citing . *Marks v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8 (1st Cir. 1991); *Davis v. Sendler*, 650 F.2d 1154 (9th Cir. 1981). Rule 34 requires a party to address "each item" and "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." "[U]nder Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Lopez v. Don Herring Ltd.,* 327 F.R.D. 567, 580 (N.D. Tex. 2018); see also  citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *accord Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018). FED. R. CIV. P. 34(b)(2)(B).

**2.  Failure to file response and specific objections waives objections.**

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing thirty days of being served a request for production of documents, it is appropriate for the court to find the party's objections are waived, unless the court finds good cause toe excuse that failure." *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 156 (S.D. Tex. 2009) citing  *In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989)(the "general rule" is that when a party fails to object time to production requests, "objections thereto are waived."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC,* Civ. No. H–07–2426, 2008 WL 2036816, *5 (S.D.Tex. May 9, 2008) (and cases cited therein). "'Any other result would ... completely frustrate the time limits contained in the Federal rules and give license to litigants to ignore the time limits for discovery without any adverse consequences.'" *RE/MAX, id., quoting Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass.1988), *quoting Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H.,* 35 F.R. Serv.2d 975 (D.Mass.1983).

Citing no authority at any time, Defendants appear to assert globally their stay motion to this Court somehow extinguished their duties under Rule 34. That is not the case and certainly is not good cause.  *See, e.g., RE/MAX,* 2008 WL 2036816, at *5 ("Courts examine the circumstances behind the failure to file a timely response to determine 'whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance'; consider subsequent actions by the party to ascertain whether 'it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner'; and take into account any resulting prejudice and the need to preserve the integrity of the rule; and may consider any lesser appropriate sanction. [citations omitted]").

Nothing in Rule 34 indicates that a party can refuse compliance, because it has moved for a protective order, much less a stay. *Davis v. Romney*, 53 F.R.D. 247, 248 (E.D. Pa. 1971) ("If discovery rules are to have 'any effect or meaning, the failure to serve such objections within the

time prescribed * * * should be considered a waiver of such objections'"); *American President Lines v. Hartford Fire Insurance Co*., 55 F.R.D. 61 (E.D.Pa.1971). "Although a party from whom discovery is sought under Fed. R. Civ. P. 34 may seek a protective order under Fed. R. Civ. P. 26(c), it is still necessary to make timely objections in response to the request; *failure to do so results in waiver of the objections not raised in the response.*" 10A *Federal Procedure*, *Lawyers Edition* § 26:645 ("(emphasis supplied). "It is clear that the defendants' failure to file timely objections to the Request for Production constituted a waiver of the objections…Similarly, the defendants' protective order does not alter the situation, since Rule 34 required that the point be raised by timely objections." *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D. Ala. 1976).[1] Here, Defendants asserted *no* specific objections—not even impermissible boilerplate. See *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86, 591-92 (N.D. Tex. 2018). Under these facts and authorities, Defendants have waived all objections and assertions of privilege to Plaintiffs' requests.

**B.  Federal Rule 37 requires compelling Defendants to produce the discovery.**

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." *Star Creek Ctr., L.L.C. v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *1 (E.D. Tex. Apr. 23, 2018) (quoting FED. R. CIV. P. 37(a)(1)). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Star Creek*, 2018 WL 1934084, at *1 (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party

---

[1] See also See also *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D. Ala. 1976); <u>*accord*</u> *Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D.Mass.1988); *Scaturro v. Warren and Sweat Mfg. Co., Inc.,* 160 F.R.D. 44, 46 (M.D.Pa.1995); *Phillips v. Dallas Carriers Corp.,* 133 F.R.D. 475, 477 (M.D.N.C.1990); *Socas v. Northwestern Mutual Life Insurance Co.*, No. 07-20336-CIV, 2008 WL 619322, at * 6 (S.D. Fla., Mar. 4, 2008).

resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.* Here, Plaintiffs have sought very specific and relevant discovery related to Defendants designated experts and Plaintiffs' claims for exemplary damages. Defendants have not objected to relevance, proportionality or privilege to any of these matters, but asserted that their global stay motion absolves them from answering the Timpa family's requests. As the Federal Rules make clear, Defendants are wrong and are wasting time.

### C. Defendants' stay motion does not comply with Rule 34.

**1. Defendants' failure to respond waived their objections.**

**2. A <u>motion</u> to stay does relieve a party of discovery obligations.**

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Indiana State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961, 129 S.Ct. 2275 (2009) citing *Nken v. Holder, ante*, at 433, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009) (internal quotation marks omitted); see also *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015)("In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule.") "A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Griffin,* at 2. "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.; Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017)(" [H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). A federal district court has discretion to stay discovery "for good cause shown." *Von Drake v. National Broadcasting  Co.,* No. 3-04-CV-0652-R, 2004 WL 1144142 at * 1 (N.D.Tex. May 20, 2004) (Kaplan,   J.), *citing* Fed.R.Civ.P.   26(c).   While discovery may   be stayed pending   the

outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Id.,* *quoting Spencer Trash Software and Information Services, LLC v. RPost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y.2002). In fact, such a stay is the exception rather than the rule. *See Ford Motor Co. v. United States Auto Club, Motoring Division, Inc.,* No. 3-07-CV-2182-L, 2008 WL 2038887 at *1 (N.D.Tex. Apr.24, 2008) (Kaplan, J.). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990).

Most authorities address the propriety of a stay pending the outcome of more common circumstances, like a stay motion during the pendency of a 12(b)(6) motion to dismiss before the district court, rather than a petition for writ of certiorari to reverse a court of appeals. The paucity of authority on the issue, though, does not legitimate Defendants' practices but illustrates just how far they have deviated from accepted practice. *Areziaga v. ADW Corporation,* 314 F.R.D. 428, 436-439 ( N.D. Tex. 2016)(Horan, J.) addressed operative facts like the ones before the Court. There, the plaintiff refused to answer discovery because it had sought a mandamus petition in the interim, but where no stay had been granted. *Id.,* at 436. Finding that the district court's jurisdiction had not been interrupted by the petition for writ of mandamus, the court found that discovery had not been terminated. *Id.;* see also *Sikiotis v. Vitesse Worldwide Chauffeured Services, Inc.,* 2015 WL 13643681 at *2 (D. Conn. 2015)(filing motion to stay discovery "is unavailing" and does not constitute good cause not to answer discovery); *Shahzad v. Cty. of Nassau*, No. 13-CV-2268 (SJF)(SIL), 2014 WL 4805022, at *3 (E.D.N.Y. Sept. 26, 2014) ("Defendants' blanket refusal to answer, asserted as part of its ... motion to stay discovery and grounded in several cursory objections to the interrogatories as a whole, does not satisfy the requirements of Rule 33."). Here,

the facts are more obvious than in *Areziaga*. Defendants recognize that this court has jurisdiction to conduct discovery. Moreover, they recognize that the action is *not* stayed—as they presently seek the Court to enter such a stay. Despite that fact, they have behaved as though their discovery obligations are too stayed by simply filing a motion.

The present circumstances are egregious when other facts are considered. Federal Rule of Appellate Procedure 41, Title 28 U.S.C. § 2101(f) and the mandate rule—which govern stays during the pendency of a writ of certiorari—make transparent just how out of bounds Defendants' present conduct is.[2] Section 2101(f) not only requires the party to seeking a stay to seek it from "a judge of the court rendering the judgment or decree or by a justice of the Supreme Court," but that such a stay "may be conditioned on the giving of security" and be made to "answer for all damages and costs which the other party may sustain by reason of the stay. 28 U.S.C. § 2101(f). Of course, not only must Defendants seek relief from the right tribunal and perhaps post a bond, they have to satisfy the requirements of FRAP 41(d)(1) that the "petition would present a substantial [legal] question and that there is good cause for a stay" and FRAP(d)(2)(A) for any periods exceeding 90 days. **Defendants have complied with none of these provisions and blithely ignored their obligations under Rule 34.** Time and again, authorities have held that a party's motion does not alter its discovery obligations. *Rodriguez,* 2014 WL 4055364, at *1; *Glazer's Wholesale Drug Co.,* at *1; *Areziaga,* 314 F.R.D. at 436-439. If such were the case, no party would *ever* have to object or respond to discovery, if it had filed a motion for stay. Here, Defendants seek to avoid its discovery obligations *before* they have even filed an application for a petition of certiorari. The Federal Rules do not favor such perverse outcomes. *RE/MAX, supra* (internal citations omitted).

---

[2] For the sake of brevity, Plaintiffs do not restate all of their argument and authorities concerning the propriety of Defendants' stay motion. For more detail, please *Plaintiffs' Response to Defendants' Motion to Stay Proceedings and Discovery Pending Disposition of Petition for Writ of Certiorari, and Brief in Opposition.* (ECF 189).

**D. Plaintiffs are entitled to attorneys' fees.**

Rule 37 provides that if a motion to compel is granted

the court ***mus***t, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

FED. R. CIV. P. 37(a)(5)(A)(***Emphasis added***); see *Brotherhood Mutual Insurance Company v. Vinkov,* 2021 WL 1152896 at *4 (C.D. Cal. Jan. 13, 2021)(awarding attorneys' fees where party asserted "relief from discovery pending possible appellate review"). Plaintiffs' counsel had to expend some **13.8 hours** to prepare the present motion and a half hour to review the discovery responses, correspond and confer with opposing counsel. **Exhibit "D".** As a result, the evidence shows that Plaintiffs have incurred between $7,935.00 and $10,005.00.

Moreover, Defendants' position here is transparent and feckless. Having lost the rehearing *en banc,* Defendants did not seek relief from the Court that denied it (twice). Rather, they waited for this Court to enter a new scheduling order and moved for a stay after Plaintiffs propounded discovery. Defendants did not seek a ruling on any matter before the expiration of the deadline to respond to the discovery. They determined that they would not respond—nor even take the time to time to object—because they planned on moving for a stay (in the wrong court) in late April. As Plaintiffs have urged *ad nauseam*, this action has been pending since November 2016. *See, e.g.,* (ECF No. 189). This matter has already been stayed twice by Defendants. Inexcusable delay is not the only matter here, either. Prior to the filing of this action, Plaintiffs, through their counsel, had to seek a writ of mandamus to obtain the salient bodycamera footage after the City of Dallas denied their Freedom of Information requests. During more than one deposition, Defendants' counsel impeded Plaintiffs' and Intervenor's counsel's questioning. *See, e.g.,* (ECF No. 138). Thus, besides having their beloved family member asphyxiated, Plaintiffs have had to endure

several calculated  cycles of delay, obstruction and a "larger calculated strategy of non-compliance." *Enron,* 258 F.R.D. at 156 citing *RE/MAX,* 2008 WL 2036816, at *5. An award of attorneys in conjunction with an order compelling Defendants to answer would be the minimum necessary to discourage, if not actually deter, Defendants from continuing their cavalier outlook toward the prosecution of this action.

<u>**CONCLUSION**</u>

Defendants ignored Rule 34 outright. They made matters worse, though, by asserting that a stay motion filed before this Court somehow absolved them of that duty. As Section 2101(f), the Federal Rule of Appellate Procedure 41, and the *mandate rule* make plain, Defendants are not making the right arguments before the right court. Worse still, though, Defendants have filed only a *motion* and have treated it like an *order* that extinguished all of their other obligations. No litigant enjoys such license. Plaintiffs have already endured ample delay and obstruction. They thus urge this Court to tell Defendants enough is enough and **GRANT** this motion, and **DECLARE** the following:

(1) Plaintiffs' propounded relevant production requests;

(2) Defendants' waived all objections and assertions of privilege to the requests;

(3) Defendants have no good cause for providing no response or objections;

(4) Plaintiffs had to incur reasonable and necessary attorneys' fees; and

**ORDER** the following:

(1) Defendants provide complete copies of all documentary evidence responsive to *Fourth Request for Production* within 10 days of this Order; and

(2) Defendants or their counsel pay to Plaintiffs' counsel within 10 days of this Order no less than $7,935.00, as reasonable attorneys' fees incurred for this discovery motion.

Respectfully Submitted,

**HENLEY & HENLEY, P.C.**

By:    /s/ *Geoff J. Henley*
           Geoff J. Henley
           Texas Bar No. 00798253
           ghenley@henleylawpc.com

           2520 Fairmount
           Suite 200
           Dallas, Texas 75201
           Tel. (214) 821-0222
           Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On March 31, 2022,  I certify that I conferred telephonically with Assistant City Attorney Lindsay Gowin on March 30, 2022. Pursuant to that conversation and her previous correspondence, she is OPPOSED, and judicial intervention is required for the sought relief.

           /s/ *Geoff J. Henley*
           Geoff J. Henley

## CERTIFICATE OF SERVICE

I hereby on March 31, 2022 t certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.

           /s/ *Geoff J. Henley*
           Geoff J. Henley