IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

This Order addresses Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, Domingo Rivera, and Kevin Mansell's ("DPD Defendants") emergency motion to amend the scheduling order and continue trial [215]. Because the DPD Defendants have shown good cause, the Court grants the motion.

"District courts have 'broad discretion' in deciding motions for continuances." *Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 298 (5th Cir. 2014) (citations omitted); *see also HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (noting that district courts' discretion in making scheduling decisions is "exceedingly wide"). "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted).

After reviewing the parties' briefs and considering the arguments, the Court concludes that there is good cause to revise the current schedule and set a new trial date. The DPD Defendants have shown that, due to the complex nature of this case, many of the current pretrial deadlines are overly burdensome and cannot reasonably be met even when acting with diligence. The Court acknowledges Plaintiffs' concerns about the delays that have already occurred in this case, but the interest in ensuring that the parties can properly address the many complex and technical issues raised in this case outweighs any potential prejudice posed by a short continuance.[1]  Accordingly, the Court grants the emergency motion to continue and will continue the trial at least 90 days.

The Court will issue a Fourth Amended Scheduling Order with revised deadlines[2] in a separate order and reset this case for trial.

Signed February 7, 2023.

David C. Godbey
Chief United States District Judge

---

[1] Although Plaintiffs argue that they may suffer prejudice due to increased costs of obtaining and producing discovery, Pls.' Resp. Opp. Mot. Continue 11 [217], that is no longer at issue because the Court is not extending the fact deadline.  *See infra* n.2.

[2] Because the DPD Defendants have retracted their request to extend the fact discovery deadline, the Court will maintain the current deadline of February 10, 2023, and "discovery requests must [have been] served in time to permit response by this date."  Third Am. Scheduling Order 2 [197].

ORDER – PAGE 2