IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, Domingo Rivera, and Kevin Mansell's ("DPD Defendants") motion for leave to depose an incarcerated witness [218] and motion for finding of good cause to obtain substance abuse treatment records [222]. For the reasons set forth below, the Court grants the motions.

## I. ORIGINS OF THE MOTIONS

The circumstances giving rise to this litigation have been detailed in prior court orders, *see* Mem. Op. & Order Summ. J. [173]; *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021), and are not recounted in great detail here. On remand, Plaintiffs' Fourth Amendment excessive force and bystander liability claims remain.

DPD Defendants filed the instant motions seeking to depose an incarcerated witness, Frederick Johnson, and obtain substance abuse treatment records from various rehabilitation facilities. The DPD Defendants argue that the information sought may shed light on Mr. Timpa's activities on the night of his death and therefore inform both the cause

ORDER – PAGE 1

of death and damages analyses. Plaintiffs oppose the DPD Defendants' request, arguing that the motions are untimely under the scheduling order, seek information that would be inadmissible at trial, and violate 42 U.S.C. Section 290dd-2(c)'s prohibition on law enforcement access to substance abuse treatment records.

## II. The Court Grants The Motions

After reviewing the parties' briefs and considering the arguments, the Court concludes that the information sought by the DPD Defendants is relevant to the claims and defenses at issue in this case.[1] Both motions seek information touching on the issues of cause of death and damages. Because objections made under the Federal Rules of Evidence do not apply at the discovery stage, the Court declines to consider them. The motions are not untimely, as DPD Defendants filed them prior to the close of fact discovery on February 10, 2023. Therefore, the Court declines to apply the good cause standard required to amend scheduling order deadlines. Furthermore, the law enforcement prohibition in 42 U.S.C. § 290dd-2(c) is not applicable, as the DPD Defendants are not utilizing the requested information for any law enforcement purpose. Lastly, 42 U.S.C. § 290dd-2(b)(2)(C) requires that in the absence of written consent from the patient, their personal representative under state law, or any responsible member of the patient's family, the Court must make a determination of good cause before substance abuse treatment records may be released. The Court finds that there are no other available means for the DPD Defendants to acquire the information, and that the public interest and need for disclosure

---

[1] The Court expresses no opinion as to the admissibility of this information at trial.

ORDER – PAGE 2

outweigh the harms to the patient and the physician-patient relationship.  *See* 42 C.F.R. § 2.64(d).  As such, the Court finds there is good cause for the Rehabilitation Facilities to release the requested records.

## CONCLUSION

Accordingly, the Court grants leave to the DPD Defendants to conduct a deposition of Frederick Johnson on a date agreed upon by the parties' attorneys and jail staff. Furthermore, the Court directs the Rehabilitation Facilities to comply with the DPD Defendants' subpoenas and produce the requested records.

Signed March 14, 2023.

_____
David C. Godbey
Chief United States District Judge