

# AFFIDAVIT IN ANY FACT

STATE OF TEXAS §
COUNTY OF DALLAS §

BEFORE ME, Angela Arredondo, #7651, on this day personally appeared Dustin Dillard, #10997 Who, after being by me duly sworn, on oath deposes and says:

I, Police Officer Dustin Dillard, badge 10997, have been a Dallas police officer for one year, and I am currently assigned to Northwest Patrol, working Third Watch. On Wednesday, August 10, 2016, I was working as a two-man element, C517, with Police Officer Danny Vasquez, badge #10489. I was driving a marked Dallas Police squad car. This car was equipped with a video recording system, but the system was not activated during this incident. I have been issued a body camera and was wearing a body camera which was activated during this incident. I was wearing my full Dallas Police uniform, which clearly identified me as a Dallas Police Officer.

At around 10:30 p.m., we responded to 1720 W. Mockingbird Lane, the New Fine Arts, in regards to a potentially mentally disturbed person. Dispatch reported that the suspect was off his medication. I arrived in the area and observed Sergeant Mansell with the suspect near a bus stop to the east of New Fine Arts. The bus stop was within a few feet of the roadway. The suspect was handcuffed on the ground kicking, screaming, and trying to get up, and Officer Vasquez and I restrained the suspect to control him. I restrained the suspect by placing my leg on his back and shoulder area. I applied only the amount of my body weight needed to control the suspect. The suspect was struggling and officers were telling him to relax, but he continued to scream and struggle while he tried to roll around and get up. Other officers applied flex cuffs to the suspect's ankles to prevent him from kicking.

Paramedics had arrived to treat the suspect. At some point a paramedic gave the suspect a shot in his arm. At some point the suspect stopped screaming, appeared to have gone to sleep, and it was no longer necessary to restrain him and I stopped doing so. The suspect sounded as if he was snoring. Paramedics brought a gurney an officers placed the suspect on the gurney. Paramedics loaded the suspect onto the ambulance and asked Officer Dominquez to start chest compressions. Officer Dominquez started chest compressions and I later took over chest compressions. Officer Dominguez took over and continued chest compressions. Paramedics transported the suspect to Parkland Hospital and I remained on scene until I was released by investigators.

_____ #10997
Affiant

"I, Angela Arredondo, Badge Number 7651, a police officer for the Dallas Police Department, as described in Article 2.12(3) of the Texas Code of Criminal Procedure, have administered this oath to the above noted individual while in the performance of my assigned job duties, as authorized by Section 602.002(7) of the Texas Government Code."

SUBSCRIBED AND SWORN TO BEFORE ME THIS 17 DAY OF August A.D. 2016

_____ AArredondo, #7651
Officer's Signature

CONTROL NO.

16-184

CONFIDENTIAL

ATTACHMENT 5

DEFS000333                                                    COD 007642

# INTERNAL STATEMENT

Control Number: CN2016-184
Date: January 24, 2017,   Time: 10:13 AM   Place: 1400 S. Lamar Street

**I, Police Officer Dustin Dillard, #10997,** am giving this statement at the direction of Detective Scott Corkery, 9717, who has identified himself as a Peace Officer of the City of Dallas and is conducting an Internal Investigation. He has ordered me to submit this Internal Statement as required by General Orders, describing my actions during the incident or any knowledge that I have of the incident. He has informed me that my failure to do so may subject me to disciplinary action, including discharge from employment with the Dallas Police Department. He has informed me that any information or evidence which is gained through this statement cannot be used against me in any criminal proceeding, except that I may be subject to any false statement which I make in this statement.

He has also informed me that I am required to be truthful in my statement and if it is determined that I have been untruthful in my responses, I could be subject to disciplinary action up to, and including, discharge from employment with the Dallas Police Department. In response to this lawful order I submit the following to the Chief of Police.

I stand by my SIU statement on August 17, 2016.

Respectfully Submitted,

*[signature]* #10997

Dustin Dillard, #10997
Police Officer
Northwest Patrol Division
Patrol Bureau

CONFIDENTIAL
DEFS000334
COD 007643

# INTERNAL STATEMENT

Control Number: CN2016-184
Date: April 11, 2017,     Time: 2:40 PM   Place: 1400 S. Lamar Street

**I, Police Officer Dustin Dillard, #10997,** am giving this statement at the direction of Detective Scott Corkery, 9717, who has identified himself as a Peace Officer of the City of Dallas and is conducting an Internal Investigation. He has ordered me to submit this Internal Statement as required by General Orders, describing my actions during the incident or any knowledge that I have of the incident. He has informed me that my failure to do so may subject me to disciplinary action, including discharge from employment with the Dallas Police Department. He has informed me that any information or evidence which is gained through this statement cannot be used against me in any criminal proceeding, except that I may be subject to any false statement which I make in this statement.

He has also informed me that I am required to be truthful in my statement and if it is determined that I have been untruthful in my responses, I could be subject to disciplinary action up to, and including, discharge from employment with the Dallas Police Department. In response to this lawful order I submit the following to the Chief of Police.

## Supplemental Statement

I believed Mr. Timpa was going to be APOWW when we arrived on scene. I did not think Mr. Timpa was in Excited Delirium. I recall Crisis Intervention Training in June of 2015, when we discussed in class what Excited Delirium was and that officers should get Dallas Fire and Rescue on scene immediately. Dallas Fire and Rescue arrived a few seconds before I did. Paramedics eventually began treating Mr. Timpa, but I do not know DFR procedures for loading patients on ambulances. I restrained Mr. Timpa to prevent him from harming officers or running into traffic.

Respectfully Submitted,

*[signature]* #10997

Dustin Dillard, #10997
Police Officer
South Central Patrol Division
Patrol Bureau