IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF ANTHONY | § | |
| TIMPA, AND CHERYLL TIMPA | § | |
| INDIVIDUALLY AS NEXT FRIEND | § | |
| OF K. T., A MINOR CHILD | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:16-cv-03089-N |
| | § | |
| DUSTIN DILLARD, | § | |
| DANNY VASQUEZ, | § | |
| RAYMOND DOMINGUEZ, | § | |
| KEVIN MANSELL | § | |
| | § | |
| | § | |
|     Defendants. | § | |

## PLAINTIFFS' PROPOSED CHARGE

## GENERAL INSTRUCTIONS[1]

MEMBERS OF THE JURY:

    It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

    If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

    You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.
    The testimony of the witnesses and other exhibits introduced by the parties constitute the

---

[1] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.1.

evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### Burden of Proof: Preponderance of The Evidence[2]

Plaintiff Vicki Timpa, individually and on behalf of the Estate of the Decedent, Anthony "Tony" Alan Timpa, Cheryll Timpa, individually and as representative of K.T., and K.T. have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

### Evidence[3]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[2]  Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.2.

[3]  Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.3.

## Witnesses[4]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.[5]

When knowledge of technical subject matter may be helpful to the jury, a person who has special knowledge or training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[6]

## Impeachment by Witness's Inconsistent Statements[7]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on

---

[4] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.4.

[5] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 2.15.
[6] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.5.
[7] See Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 2.11; see Id. § 3.4 n. 4.

whether it has to do with an important fact or with only an unimportant detail.

## SPECIAL INSTRUCTIONS

### Plaintiffs' Claim of Excessive Force[8]

Plaintiffs claim that the Defendant Dustin Dillard under 42 U.S.C. § 1983 pursuant to which a person may sue for an award of money damages against anyone who, "under color" of state law, violates another's rights under the Constitution of the United States. The Fourth Amendment to the Constitution protects citizens against excessive force by officers acting under color of state law.

Plaintiffs' sole claim is that when Defendant Dustin Dillard placed his knee in the back of Tony Timpa who was handcuffed on his stomach on August 10, 2016, he violated Tony Timpa's constitutional right not to be subjected to excessive force, thereby becoming liable under 42 U.S.C. § 1983.

To recover damages on that claim, Plaintiffs must prove by a preponderance of the evidence that:

1. Dustin Dillard acted "under color" of the authority of the State of Texas;
2. Tony Timpa suffered an injury;
3. That resulted directly from Dustin Dillard's use of force that was excessive to the need;
4. The excessiveness of the force used by Dustin Dillard was objectively unreasonable; and
5. The excessive force by Dustin Dillard was the cause of damages to Tony Timpa.

In this case, the parties have agreed by stipulation that the Defendants acted "under color" of state law, and you must accept that fact as proven.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Tony Timpa's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make an arrest. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest.

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on a suspect's state of mind. You must decide whether a

---

[8] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 10.1.

reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.[9]

Some of the things you may want to consider in determining whether the Defendant used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the Defendant, and (5) any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

Plaintiffs have further alleged that Defendant Dustin Dillard used deadly force against Tony Timpa by kneeling on him in a prone restraint. Officers can use deadly force only if they have probable cause to believe that a subject poses a threat of serious physical harm.[10] To determine whether deadly force is reasonable under the Fourth Amendment, you must consider whether Tony Timpa posed an immediate threat of serious physical harm to Dustin Dillard or others. A police officer may not use deadly force against an unarmed, nondangerous person.[11] Thus, if Tony Timpa posed no immediate threat of serious physical harm to Dustin Dillard, other officers or third parties, any harm resulting from the failure to seize Tony Timpa does not justify the use of deadly force to do so. This inquiry is limited to whether Dustin Dillard or another person was in danger at the moment of the threat that resulted in Dustin Dillard's use of deadly force and focuses on the act that led Dustin Dillard to use or continue the restraint.[12]

If you find that Plaintiffs have proved by a preponderance of the evidence that the force used was objectively unreasonable, then the Defendant violated Tony Timpa's Fourth Amendment protection from excessive force and you must then consider whether the Defendant is entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiffs failed to make this showing, then the force was not unconstitutional, and your verdict will be for the Defendant on the excessive-force claim.

## QUALIFIED IMMUNITY[13]

---

[9] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 10.1.

[10] *Mason v. Lafayette City-Par. Consol. Gov't,* 806 F.3d 268, 275 (5th Cir. 2015) quoting *Garner,* 471 U.S. at 11, 105 S.Ct. 1694.

[11] This instruction has been revised for this deadly force case, as instructed by the Fifth Circuit Pattern Jury Instructions. See 5th Cir. PJI 10.1 at 90, n. 33 (2020 ed.) (citing *Tennessee v. Garner*, 471 U.S. 1, 7 (1985)). This language comes from *Tennessee v. Garner*. *See id.*, 471 U.S. at 12; see also *Timpa v. Dillard,* 20 F.4th 1020, 1033-1034 (5th Cir. 2021)

[12] *See Amador v. Vasquez*, 961 F.3d 721, 728 (5th Cir. 2020); Rockwell v. Brown, 664 F.3d 985, 991 (5th Cir. 2011).

[13] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 10.3.

If you find that Plaintiffs have proven each essential element of their claims, you must consider whether Defendant Dustin Dillard is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is the Plaintiffs burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the force applied by Dustin Dillard was lawful in light of clearly established law and the information that Defendant Dustin Dillard possessed.[14] But Dustin Dillard is not entitled to qualified immunity if, at the time he restrained Tony Timpa, a reasonable officer with the same information Dustin Dillard had could not have believed that his actions were lawful.[15] Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at that time was that "officer engages in an objectively unreasonable application of force by continuing to kneel on the back of an individual who has been subdued."[16]

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties, and after considering all the circumstances of this case as they would have reasonably appeared to Defendant Dustin Dillard at the time when he continued to kneeled on the back on the back of Tony Timpa, you find that Plaintiffs failed to prove that no reasonable officer could have believed that continuing to kneel on the back of Tony Timpa was lawful, then Defendant Dustin Dillard is entitled to qualified immunity. But if you find that Defendant Dustin Dillard violated Tony Timpa's constitutional rights and that Defendant Dustin Dillard is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiffs Vicki Timpa, Cheryll Timpa and K.T. on that claim.[17]

## BYSTANDER LIABILITY

Plaintiffs have also made claims against Defendants Danny Vasquez, Raymond Dominguez and Kevin Mansell. Under our law, an officer is liable under 42 U.S.C. § 1983 for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act.[18]

---

[14] 5th Cir. PJI 10.3 citing *Wilson v. Layne,* 526 U.S. 603, 615 (1999).

[15] *Id.* citing *Ashcroft v. Al-Kidd,* 131 S.Ct. 2074, 2086 (2011)(citations omitted).

[16] *Timpa v. Dillard*, 20 F.4th 1020, 1034-1035 (5th Cir. 2021) citing *Carroll v. Ellington,* 800 F.3d 154, 177 (2015), *Bush v. Strain,* 513 F.3d 492, 501-02 (5th Cir. 2008).

[17] 5th Cir. PJI 10.3.

[18] *Timpa v. Dillard*, 20 F.4th 1020, 1038-39 (5th Cir. 2021) citing *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

If you find by a preponderance of the evidence that Defendants Danny Vasquez, Raymond Dominguez and/or Kevin Mansell, (1) knew fellow officer Dustin Dillard was violating Tony Timpa's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act, then each such Defendant violated Tony Timpa's Fourth Amendment protection from excessive force and you must then consider whether such Defendant is entitled to qualified immunity. If Plaintiffs failed to make this showing against any or all Defendants, then such Defendant is not liable for failing to prevent the harm.[19]

## QUALIFIED IMMUNITY

Qualified immunity applies if a reasonable officer could have believed that the force applied by Dustin Dillard was lawful in light of clearly established law and the information that Defendant Dustin Dillard possessed.[20] But Defendants Danny Vasquez, Raymond Dominguez and Kevin Mansell are not entitled to qualified immunity if, at the time Defendant Dustin Dillard restrained Tony Timpa, a reasonable officer with the same information they had could not have believed that Dustin Dillard's actions were lawful.[21]

Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter. In this case, the clearly established law at that time was that "officer engages in an objectively unreasonable application of force by continuing to kneel on the back of an individual who has been subdued."[22]

If you find that Plaintiffs failed to prove that Defendants Danny Vasquez, Raymond Dominguez and/or Kevin Mansell could have reasonably believed that fellow officer Dustin Dillard was violating Tony Timpa's constitutional rights by continuing to kneel on the back of Tony Timpa, then that Defendant or Defendant is entitled to qualified immunity. But if you find that Defendant Danny Vasquez, Defendant Raymond Dominguez and/or Defendant Kevin Mansell violated Tony Timpa's constitutional rights by failing to prevent and that they are not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiffs Vicki Timpa, Cheryll Timpa and K.T. on that claim.[23]

## CAUSATION[24]

Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage he suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Plaintiff must also

---

[19] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 10.3.
[20] *Id*. citing *Wilson v. Layne,* 526 U.S. 603, 615 (1999).
[21] *Id.* citing *Ashcroft v. Al-Kidd,* 131 S.Ct. 2074, 2086 (2011)(citations omitted).
[22] *Timpa v. Dillard*, 20 F.4th 1020, 1034-1035 (5th Cir. 2021) citing *Carroll v. Ellington,* 800 F.3d 154, 177 (2015), *Bush v. Strain,* 513 F.3d 492, 501-02 (5th Cir. 2008).
[23] 5th Cir. PJI 10.3.
[24] *Id.*

prove by a preponderance of the evidence that the act or failure to act by Defendant(s) was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

## COMPENSATORY DAMAGES[25]

If Plaintiffs have proved their claims against the Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that Plaintiff is entitled to recover money from the Defendant.[26]

If you find that Defendant is liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damages that he and Jordan Edwards suffered because of the Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by the allegedly wrongful conduct of Dustin Dillard. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[27]

## SURVIVAL CLAIM (Estate of Tony Timpa)

As to Tony Timpa, you should consider the following elements of damage, to the extent

---

[25] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 15.1.
[26] *Id.*

[27] *Id.*

you find them proved by a preponderance of the evidence:[28]

1. Physical pain.

"Physical Pain" means the conscious physical pain experienced by Tony Timpa before his death as a result of the events of August 10, 2016.

2. Mental anguish.[29]

"Mental anguish" means the emotional pain, torment, and suffering experienced by Tony Timpa before his death as a result of the events of August 10, 2016.

3. Funeral and burial expenses. "Funeral and burial expenses" means the reasonable amount of expenses for funeral and burial for Tony Timpa reasonably suitable to his station in life.

## WRONGFUL DEATH CLAIMS

## (VICKI TIMPA/CHERYLL TIMPA INDIVIDUALLY AND AS REPRESENTATIVE OF K.T.)

As to Plaintiffs, you should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:[30]

1. Pecuniary loss sustained in the past and that, in reasonable probability, will be sustained in the future.

"Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, that Vicki Timpa, Cheryll Timpa and K.T., in reasonable probability, would have received from Tony Timpa had he lived.

---

[28] State Bar of Texas, Texas Pattern Jury Charges: General Negligence, Intentional Personal Torts & Workers' Compensation PJC 30.3 (2020 ed.) ("PJC-Negligence").

[29] See PJC-Negligence 30.3, comment regarding separating physical pain and mental anguish. Although grouped together in the PJC, courts recognize them as separate elements of damage and some have allowed them to be submitted separately. *See Ford Motor Co. v. Durrill*, 714 S.W.2d 329, 343 (Tex. App.—Corpus Christi 1986), judgmt. vacated by agr., 754 S.W.2d 646 (Tex. 1988); *see also Daniels v. Univ. of Texas Health Sci. Ctr. at Tyler*, No. 12-03-00399-CV, 2005 WL 1642969, at *2 (Tex. App.—Tyler July 13, 2005, no pet.) (mem. op.); *Dollison v. Hayes*, 79 S.W.3d 246, 250-51 (Tex. App.—Texarkana 2002, no pet.); *Sw. Bell Tel. Co. v. Alemania*, No. 13-99-021-CV, 2000 WL 35721226, at *2 (Tex. App.—Corpus Christi June 1, 2000, no pet.) (not designated for publication); *Leyendecker v. Harlow*, 189 S.W.2d 706, 711 (Tex. Civ. App.—Galveston 1945, writ ref'd w.o.m.).

[30] PJC-Negligence 29.5 (Claim of Surviving Parents of Minor Child).

    2. Loss of companionship and society sustained in the past and that, in reasonable probability, will be sustained in the future.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Vicki Timpa and K.T., in reasonable probability, would have received from Jordan Edwards had he lived.

    3. Mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Vicki Timpa and K.T. because of the death of Tony Timpa. In determining damages for loss of companionship and society and mental anguish, you may consider the relationship between Vicki Timpa and K.T. and the deceased, Tony Timpa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

In determining damages for loss of companionship and society and mental anguish, you may consider the relationship between Vicki Timpa and K.T. and the deceased, Tony Timpa, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

## PUNITIVE DAMAGES[31]

If you find the Defendant is liable for Plaintiff's injuries, you must award Plaintiff the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that the Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in finding the proper amount:

---

[31] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 15.7.

>   1. the reprehensibility of the Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury;
>
>   2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the Tony Timpa, Vicki Timpa, Cheryll Timpa or K.T. or with which any one of them were threatened;
>
>   3. the possible criminal and civil sanctions for comparable conduct.[32]

You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

### Duty to Deliberate; Notes[33]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

---

[32] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 15.7.
[33] Pattern Jury Instructions (Civil Cases), Fifth Circuit (2014) § 3.7.

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

    You may now proceed to the jury room to begin your deliberations.

## QUESTIONS FOR JURY

### QUESTION NO. 1

Did Plaintiffs prove, by a preponderance of the evidence, that Dustin Dillard used excessive force on Tony Timpa on August 10, 2016?

Answer "Yes" or "No": _____

If you answered "Yes" to Question 1, proceed to Question 2. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

### QUESTION NO. 2

Did Plaintiff prove, by a preponderance of the evidence, that the actions of Dustin Dillard caused the death of Tony Timpa on August 10, 2016?

Answer "Yes" or "No": _____

If you answered "Yes" to Question 2, proceed to Question 3. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

### QUESTION NO. 3

Did Plaintiffs prove, by a preponderance of the evidence, that no reasonable officer could have believed that the force used by Dustin Dillard on Tony Timpa was lawful, in light of clearly established law and the information Dustin Dillard possessed as the time?

Answer "Yes" or "No": _____

If you answered "Yes" to Question 3, proceed to Question 4. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

## QUESTION NO. 4

Did Plaintiffs prove, by a preponderance of the evidence, that any Defendant present at the scene not take reasonable measures to protect Tony Timpa from another officer's use of excessive force?

Answer "Yes" or "No" for each Defendant.

Danny Vasquez            _____

Raymond Dominguez        _____

Kevin Mansell            _____

If you answered "Yes" to Question 4 to any Defendant, proceed to Question 5. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

## QUESTION NO. 5

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Estate of Tony Timpa for compensatory damages he incurred as a result of the conduct found by you in response to Question 1. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1. Physical pain.                Answer:_____

2. Mental anguish.               Answer:_____

3. Funeral and burial expenses.  Answer:_____

## QUESTION NO. 6a.

What sum of money, if paid now in cash, would fairly and reasonably compensate Vicki Timpa for compensatory damages he incurred as a result of the conduct found by you in response to Question 1. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1. Pecuniary loss sustained in the past.

    Answer: _____

2. Pecuniary loss that, in reasonable probability, will be sustained in the future.

    Answer: _____

3. Loss of companionship and society sustained in the past.

    Answer: _____

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

    Answer: _____

5. Mental anguish sustained in the past.

    Answer: _____

    6. Mental anguish that, in reasonable probability, will be sustained in the future.

    Answer: _____

## QUESTION NO. 6b.

What sum of money, if paid now in cash, would fairly and reasonably compensate Cheryll Timpa for compensatory damages he incurred as a result of the conduct found by you in response to Question 1. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1.  Pecuniary loss sustained in the past.

    Answer: _____

2.  Pecuniary loss that, in reasonable probability, will be sustained in the future.

    Answer: _____

3.  Loss of companionship and society sustained in the past.

    Answer: _____

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

   Answer: _____

5. Mental anguish sustained in the past.

   Answer: _____

6. Mental anguish that, in reasonable probability, will be sustained in the future.

   Answer: _____

### QUESTION NO. 6c.

What sum of money, if paid now in cash, would fairly and reasonably compensate K.T. for compensatory damages he incurred as a result of the conduct found by you in response to Question 1. Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. Answer in dollars and cents, if any.

1. Pecuniary loss sustained in the past.

   Answer: _____

2. Pecuniary loss that, in reasonable probability, will be sustained in the future.

   Answer: _____

3. Loss of companionship and society sustained in the past.

   Answer: _____

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

   Answer: _____

5. Mental anguish sustained in the past.

   Answer: _____

6. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: _____

## QUESTION NO. 7.

Were the acts or omissions of Dustin Dillard found by you in answers to Question 1 deliberate, willful, or committed with reckless disregard of Tony Timpa's constitutional rights?

Answer "Yes" or "No" for each Defendant.

Dustin Dillard   _   _____

Danny Vasquez   _   _____

Raymond Dominguez   _   _____

Kevin Mansell   _____

## QUESTION NO. 8.

What amount of punitive damages, if any, should be assessed against Dustin Dillard for the conduct found by you in your answers to Question 1?

Answer in dollars and cents, if any.

Answer: _____

## QUESTION NO. 9.

Were the acts or omissions of any Defendant found by you in answers to Question 4 deliberate, willful, or committed with reckless disregard of Tony Timpa's constitutional rights?

Answer "Yes" or "No" for each Defendant.

Danny Vasquez   _   _____

Raymond Dominguez   _   _____

Kevin Mansell   _____

## QUESTION NO. 10.

What amount of punitive damages, if any, should be assessed against any Defendant for the conduct found by you in your answers to Question 4?

Answer in dollars and cents, if any.

| | |
|---|---|
| Danny Vasquez | Answer: _____ |
| Raymond Dominguez | Answer: _____ |
| Kevin Mansell | Answer: _____ |

## **VERDICT CERTIFICATE**

Our verdict is unanimous. All of us have agreed to each and every answer. The presiding juror has signed the certificate for all of us.

_____         _____
Signature of Presiding Juror                  Printed Name of Presiding Juror