IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, Domingo Rivera, and Kevin Mansell's ("DPD Defendants") motion to compel expert depositions and to extend deadline to file *Daubert* motions [235] and motion to extend time of deadlines related to certain *Daubert* motions [239]. For the reasons set forth below, the Court grants in part and denies in part the motions.

**I. ORIGINS OF THE MOTIONS**

The circumstances giving rise to this litigation have been detailed in prior court orders, *see* Mem. Op. & Order Summ. J. [173]; *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021), and are not recounted in great detail here. On remand, Plaintiffs' Fourth Amendment excessive force and bystander liability claims remain.

DPD Defendants filed the instant motions seeking to compel the depositions of Plaintiffs' proposed experts Dr. Martin Tobin and Dr. Daniel Wohlgelernter; extend the deadlines by which the DPD Defendants may file any motions to exclude the testimony of Drs. Tobin and Wohlgelernter; extend the deadline to respond to Plaintiffs' motion to

ORDER – PAGE 1

exclude Dr. Steven Bird; and extend the deadline to file any motions to exclude the testimony of Dr. Kimberly Collins.  The DPD Defendants argue that they have diligently sought to schedule the depositions, but Plaintiffs' counsel has not been responsive, and events including a cyberattack on city networks and the delay in receiving deposition transcripts have prevented them from meeting deadlines.  Plaintiffs oppose the DPD Defendants' request, arguing that the motions are untimely under the scheduling order, the DPD Defendants have not met their threshold showing of reasonable diligence, and that granting further extensions is not feasible in light of competing pretrial deadlines.

## II.  THE COURT GRANTS IN PART AND DENIES IN PART THE MOTIONS

After reviewing the parties' briefs and considering the arguments, the Court concludes that the DPD Defendants have shown good cause to extend deadlines related to certain *Daubert* motions, but that compelling depositions of Dr. Tobin and Dr. Wohlgelernter is not feasible at this stage of the case.

The DPD Defendants have offered an adequate explanation of their failure to meet the deadlines.  The City of Dallas suffered a cyberattack that affected network systems and prevented defense counsel in the City Attorney's Office from accessing certain applications and storage systems.  Furthermore, there was an unexpected delay in receiving a transcript from Dr. Collins' deposition.  These motions and responses are important to the defining issue in this case and extending the deadlines will cause minimal prejudice to Plaintiffs.  Accordingly, the Court will extend certain deadlines related to the *Daubert* motions and responses.

But the DPD Defendants have not met the threshold showing of reasonable diligence to compel depositions of Dr. Tobin and Dr. Wohlgelernter. Plaintiffs made their expert disclosures in early January. Despite the Court granting Defendants' opposed request for an emergency continuance in early February, the DPD Defendants did not attempt to schedule these depositions for over two months. At this late stage of the case, ordering Plaintiffs' experts to appear for a deposition would force the parties to divert an enormous amount of time and effort away from competing pretrial deadlines. As such, the Court will extend the deadline for DPD Defendants to file *Daubert* motions related to Dr. Tobin and Dr. Wohlgelernter, but will not compel them to appear for depositions.

## CONCLUSION

For the reasons set forth above, the Court grants leave to the DPD Defendants to file *Daubert* motions related to Dr. Tobin and Dr. Wohlgelernter within ten (10) days of this Order and extends the deadlines for DPD Defendants to file a motion to exclude Dr. Collins and respond to Plaintiffs' motion to exclude Dr. Bird to May 11, 2023. However, the Court will not compel the depositions of Dr. Tobin and Dr. Wohlgelernter.

Signed May 29, 2023.

                                                              David C. Godbey
                                          Chief United States District Judge