IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al*. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | 3:16-cv-03089-N |
| vs. | § | |
| | § | |
| DUSTIN DILLARD, *et al*. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DPD DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE TESTIMONY THAT "EXCITED DELIRIUM" IS A CAUSE OF DEATH**

**ARGUMENT & AUTHORITIES**

**1. DPD Defendants' response is untimely.**

Continuing what has become a familiar pattern, DPD Defendants filed their response beyond the eleventh hour and unmistakably past their deadline. Defendants were late in designating Drs. Bird and Drs. Kroll—even after the court granted them an extension after the fact. (Doc. 234).  They sought additional time under the Second and Third Amended Scheduling Order to find other experts and then failed to do so. (Docs. 123, 134). They likewise obtained permission *after* the fact to timely challenge Dr. Collins.   (Doc. 253). And, yet, when granted additional time to challenge other experts, DPD Defendants did not avail themselves of such an opportunity. *Id.*

Given such serial noncompliance with deadlines, the Fifth Circuit and courts within it, including the Northern District, have found *no abuse of discretion* to refuse considering responses after previous untimeliness. *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161–62 (5th Cir. 2006) (finding the district court did not abuse its discretion by refusing to apply an untimely response because after two extensions, the nonmovant "had ample time to comply with

the extended deadline"); *see also Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (per curiam) (no abuse of discretion in denying a motion to allow an untimely opposition to summary judgment where the court had granted three prior extensions of time); *Vasudevan v. Administrators of Tulane Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017) (no abuse of discretion because the district court granted prior extensions for a response to the motion for summary judgment); *Burch v. Freedom Mortgage Corp.,* 2021 WL 3702167 at *1 (N.D. Tex. June 28, 2021). DPD Defendants have no explanation much less good cause for this new delay. *Trammel Crow Residential Company v. National Union Fire Insurance Company of Pittsburgh,* 2014 WL 12577396 at *1 (N.D. Tex. Sept. 30, 2014)(Godbey, J.)citing FED. R. CIV. P. 16(b)(4). As a result, their response is a nullity.

**2. DPD Defendants' fail to cite proof that Excited Delirium is a cause of death.**

Even if Defendants' response were not fatally late, it remains unavailing. The entire premise of Plaintiffs' motion here was to prevent Defendants from doing precisely what their response illustrates. No one disputes that the term excited delirium gets employed by individuals and organizations. Plaintiffs are well aware of that. The problem is law enforcement interests— such as Defendants and their surrogates—from loosely conflating the description of an agitated stated as an actual cause of death. As Plaintiffs' <u>unchallenged</u> much less <u>unrebutted</u> expert evidence shows, there are only <u>two</u> <u>psychiatric</u> conditions by themselves: bulimia and catatonia. *See* Plaintiffs' *Motion,* at 3, Exhibit "E," Report of Dr. Martin Tobin  citing Castillo E, Rubin RT, Holsboer-Trachsler E. Clinical differentiation between lethal catatonia and neuroleptic malignant syndrome. Am J Psychiatry. 1989 Mar;146(3):324-8.

**3. DPD Defendants cite no evidence concerning general and specific causation.**

Defendants have no answer to the cited authorities requiring them to prove general and specific causation. *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 352 (5th Cir. 2007); *Chapman*

*v. Procter & Gamble Distributing, LLC,* 766 F.3d 1296, 1303 (11th Cir. 2014) citing *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1239 (11th Cir.2005). They simply ignore them, hoping that their focus on *Havner* will carry the day. It does not; they are separate premises entirely. Excited delirium is <u>not</u> generally accepted in the medical community as Defendants concede. The AMA, APA, NAME, ACEP, WHO among others all conclude that it is not to be employed as a cause of death. See *Defendant's Response,* at 8. That is not the case. As Defendants cite themselves, NAME insists diagnosticians look for the underlying cause of *death*—for example trauma—rather than employing excited delirium as a cause of death. *Id.* As a result, it is absolutely essential that DPD Defendants meet their burdens regarding general and specific causation.

**4. DPD Defendants misapply *Havner*.**

Plaintiffs well understand that this Court is not bound by *Havner.* Courts throughout the Fifth Circuit have found its reasoning persuasive as indicated previously. Defendants do not like *Havner's* more exacting standards because they simply cannot meet them.

**5. DPD Defendants fail to show that each doctor can apply excited delirium.**

**A. Dr. Ogden**

Defendants ignore Dr. Ogden's deposition in its entirety. They have no response for stated rejection of the term. They urge that she has experience beyond the *two* instances (Tony Timpa's) and the instance that a colleague had mentioned to her, but cite none. Likewise, they have no response to Plaintiffs' cited authorities that preclude inexperienced novice—despite medical credentialing—from opining on subjects with such scant experience and information.

**B. Dr. Bird**

Defendants state little beyond what we already knew. He is an emergency room doctor with credentialing in toxicology. They have no answer, though, for his continued use of a notion

that two of his professional organizations—the American Medical Association and the American College of Emergency Physicians—reject as junk science. Defendants take umbrage about slights against Dr. Bird's congenital tendency to exceed the scope of his *bona fides* but cite no medical or legal authority for the unwarranted license he recurrently takes.

### C.  Other witnesses

Defendants have referred to rank-in-file law enforcement, detectives, paramedics and, at least one DPD officer who also serves as some kind of reserve officer. Plaintiffs are vague about exactly which persons may proffer such opinions or more likely offhand comments because there are so many of them. Plaintiffs thus find it essential that they—and more importantly Defense counsel—receive guidance from the Court in conformity with FRE 702 *and* 403.

As a result of the foregoing, Plaintiffs' Motion to Strike must be **GRANTED.**

Respectfully submitted,

By:  /s/ Geoff J. Henley
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com

**HENLEY & HENLEY, P. C.**
2520 Fairmount, Suite 200
Dallas, Texas  75201
214/821-0222 - phone
214/821-0124 - facsimile

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically submitted the foregoing document with the clerk of the court for the U. S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.

s/ *Geoff J. Henley*
Geoff J. Henley