IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD<br>    Plaintiffs,<br><br>V.<br><br>DUSTIN DILLARD,<br>DANNY VASQUEZ,<br>RAYMOND DOMINGUEZ,<br>KEVIN MANSELL<br><br>    Defendants. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:16-cv-03089-N |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS

Pursuant to Fed. R. Civ. P. 26(a)(3) and the Court's Scheduling Order, Plaintiff Joe Timpa hereby files his objections to the Defendants' exhibits.

1.     Objection to any and all portions of Defendants' exhibits that refer to conduct on the part of Tony Timpa that was not relayed to, or known by, any of the officers at the scene of Mr. Timpa's death as such is not relevant to any issue in this case. It is only the information known to, and situation encountered by, the officers at the scene that is relevant to any analysis in this case and Defendants will be offering such information solely to inflame the jury.

2.     Objection to #44, Baylor Scott & White medical records of Tony Timpa. Such records contain information regarding conditions of Tony Timpa that are not relevant to any issue in this case and would be confusing/misleading to a jury. Additionally, the Baylor, Scott & White

records obtained by Defendants reflect unrelated conditions of Joe Timpa (hyperlipidemia and CAD) and Vicky Timpa (at Bates no. COD 8523).  FRE 402, 403.  Such information is not relevant to any issue in this case or, alternatively, any slight relevance is far outweighed by the danger of unfair prejudice.  Such information would be confusing and misleading to a jury.  Additionally, such records were obtained by Defendants subsequent to their submission of expert reports.  Such records have not been relied upon, addressed or incorporated by any of Defendants' experts and thus, such records have no relevance to the issues in this case and would be confusing and misleading to a jury.  FRE 402, 403.

3. Objection to #45 Enterhealth records.  Such records are heavily redacted and, therefore, misleading and confusing to a jury.  Additionally, such records were obtained by Defendants subsequent to their submission of expert reports.  Such records have not been relied upon, addressed or incorporated by any of Defendants' experts and thus, such records have no relevance to the issues in this case and would be confusing and misleading to a jury.  FRE 402, 403.  Additionally, the prejudicial effect of such records far outweighs any slight probative value.

4. Objections to #s 46—54, which are treatises Defendants attempt to offer to support their position on prone restraint.  Admitting such as exhibits gives undue weight to the expert testimony and addresses issues that are not covered by the expert designations/reports, including opinions that invade the province of the jury—such as whether any force was reasonable under the circumstances.

> *See Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 730 (N.D. Tex. 2017) (excluding defendants' law enforcement experts' opinions (a) that "the Defendant Officers' use of force was reasonable, necessary, and only to the level of force necessary to accomplish a legitimate police objective and overcome [Decedent's] violent resistance" and (b) that "any officer in the same or similar circumstances as [Defendant Officers] could reasonably believe that [his or her] use of force was

reasonable, necessary, and only the level needed and could have acted in the same or similar manner as [Defendant Officers]" under Fed. R. Evid. 702, *Daubert*, and *Kuhmo*, *see also Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (holding that it is "error to allow expert testimony on whether an officer used unreasonable force," and affirming district court's exclusion on summary judgment of Decedent's expert's report opining that the officer's "use of deadly force ... was unnecessary and objectively unreasonable and ... violated well-established law enforcement use of force training and standards and was a greater level of force than any other reasonable officer would have used under the same or similar circumstances ..."); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (finding that district court erred by admitting an officer's testimony about the reasonableness of another officer's use of force [*i.e.*, shooting] because "Rule 704(a) does not allow a witness to give legal conclusions" and "[r]easonableness [of an officer's use of force] under the Fourth Amendment or Due Process Clause is a legal conclusion."

5. Objection to #67 Timeline of events. Plaintiff has not yet had an opportunity to review such, but suspects it is a timeline created by Defendants' attorneys for this litigation. Admitting such as an exhibit would be confusing and misleading to the jury and give undue weight to a document created by attorneys for litigation. FRE 403

FOR THE REASONS STATED, Plaintiff prays that the objections to Exhibits be sustained and Defendant be prohibited from offering such information at trial.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
(817) 336-5533
FAX: (817) 887.5471

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  This is to certify that on this July 3, 2023, a true and correct copy of the above and foregoing document was served on the following attorneys of record via ECF filing:

Geoff J. Henley
R. Lane Addison
Henley & Henley, P.C.
3300 Oak Lawn Ave., Ste. 700
Dallas, TX 75219
Attorneys for Plaintiffs

Lindsay Gowin
7DN Dallas City Hall
1500 Marilla St.
Dallas, TX 75201
Attorneys for City of Defendants

              <u>s/Susan E. Hutchison</u>
              Susan E. Hutchison