IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICKI TIMPA, Individually, and as** | § | |
| **Representative of the Estate of Anthony Timpa,** | § | |
| **And CHERYLL TIMPA, Individually as Next** | § | |
| **Friend of K.T., a Minor Child** | § | |
| | § | |
| **Plaintiffs,** | § | Civil Action No. 3:16-CV-03089-N |
| | § | |
| vs. | § | |
| | § | |
| **DUSTIN DILLARD, DANNY** | § | |
| **VASQUEZ, RAYMOND DOMINQUEZ,** | § | |
| **KEVIN MANSELL** | § | |

PLAINTIFF JOE TIMPA'S OBJECTIONS TO DEFENDANTS' WITNESS LIST

NOW COMES Joe Timpa and files this objection to Defendants' Witness List, in support of which would respectfully show the Court the following:

1. Objections to any witness offering an opinion regarding an ultimate jury issue or legal conclusion, including but not limited to whether the force used was reasonable or necessary:

> *See Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 730 (N.D. Tex. 2017) (excluding defendants' law enforcement experts' opinions (a) that "the Defendant Officers' use of force was reasonable, necessary, and only to the level of force necessary to accomplish a legitimate police objective and overcome [Decedent's] violent resistance" and (b) that "any officer in the same or similar circumstances as [Defendant Officers] could reasonably believe that [his or her] use of force was reasonable, necessary, and only the level needed and could have acted in the same or similar manner as [Defendant Officers]" under Fed. R. Evid. 702, *Daubert*, and *Kuhmo*, *see also Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (holding that it is "error to allow expert testimony on whether an officer used unreasonable force," and affirming district court's exclusion on summary judgment of Decedent's expert's report opining that the officer's "use of deadly force ... was unnecessary and objectively unreasonable and ... violated well-established law enforcement use of force training and standards and was a greater level of force than any other reasonable officer would have used under the same or similar circumstances

...”); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (finding that district court erred by admitting an officer's testimony about the reasonableness of another officer's use of force [*i.e.*, shooting] because "Rule 704(a) does not allow a witness to give legal conclusions" and "[r]easonableness [of an officer's use of force] under the Fourth Amendment or Due Process Clause is a legal conclusion."

2. Objections to attempting to use the paramedics as experts and addressing their training and experience. The paramedics cannot offer opinions regarding the reasonableness of the officers' conduct at the time and have no expertise in any area that is relevant to this case.

3. Objections to Frederick Johnson. Plaintiffs did not have the opportunity to depose Mr. Johnson as his deposition was scheduled and canceled. Additionally, Mr. Johnson will be used solely to inflame the jury. The only information relevant to assess the conduct of the officers is what was known to them, and relevant to their actions, at the time they encountered Tony Timpa. None of the information to be offered by Mr. Johnson was both known to the officers and relevant to their actions. Any probative value, if any, is substantially outweighed by its prejudicial effect. FRE 403.

FOR THE REASONS STATED, Plaintiff prays that these objections be sustained and for such further relief as justice may require.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

S. Rafe Foreman
Texas Bar No. 07255200
srfservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC

500 East 4th St., Ste. 100
Fort Worth, Texas 76102
(817) 336-5533
FAX: (817) 887.5471

ATTORNEYS FOR PLAINTIFF
JOE TIMPA

### CERTIFICATE OF SERVICE

This is to certify that on this July 3, 2023, a true and correct copy of the above and foregoing document was served on the following attorney of record via ECF filing:

Geoff J. Henley
Lane R. Addison
Henley & Henley
2520 Fairmount St., Ste. 200
Dallas, TX  75201
Attorneys for Plaintiffs

Lindsay Gowin
City Attorney of the City of Dallas
7DN Dallas City Hall
1500 Marilla St.
Dallas, TX  75201
Attorneys for Defendants

s/Susan E. Hutchison
Susan E. Hutchison