IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA et al., | § § § | |
| Plaintiffs, | § § | |
| and | § § | |
| JOE TIMPA, | § § | Civil Action No. 3:16-CV-03089-N |
| Intervenor. | § § | |
| v. | § § | |
| DUSTIN DILLARD et al., | § § | |
| Defendants, | § | |

### DEFENDANTS' OBJECTIONS TO INTERVENOR'S EXHIBIT LIST

TO THE HONORABLE COURT:

Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell file their objections to Intervenor's Exhibit List (Dkt. No. 268). Intervenor has not produced or adequately identified some of his exhibits, and Defendants reserve the right to make additional objections when adequate information becomes available. In particular, Intervenor's exhibit list contains numerous ambiguously identified illustrations and animations that Defendants have not been able to review. Defendants object to the admission of all such exhibits.

### DEFENDANTS' OBJECTIONS

**General Orders and Training**

IX 123-124 and 466 are briefing materials provided to the City of Dallas Public Safety Committee in 2009. There is no evidence or allegation that any of the Defendants ever saw these

materials before or after the incident. These exhibits do not tend to make any material fact more or less probable, and thus are irrelevant and should be excluded. Fed. R. Evid. 401, 402.

IX 125-126, 131, 467, and 472 are PowerPoint slides, lesson plans and other materials from DPD crisis intervention and use of force courses. IX 127-130 and IX 468 are the Defendants' and Officer Rivera's individual training records indicating which training courses they completed and when the courses were completed. IX 132-139, 469, and 472 are DPD general orders regarding the use of force. These should be excluded for a variety of reasons. It is well settled that "[t]he violation of a general order…is not the same as a violation of the Constitution." *Harris v. Payne*, 254 Fed. App'x 410, 416-17 (5th Cir. 2007). "[E]ven a negligent departure from established police procedure does not necessarily signal violation of constitutional protections." *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992). As this Court has noted, "[a] deviation from an entity's internal procedures, without more, does not show discriminatory intent or amount to a constitutional violation, as constitutional requirements may nevertheless have been met." *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 884 (N.D. Tex. 2018), aff'd sub nom. *Mohamed as Next Friend for A.M. v. Irving Indep. Sch. Dist.*, 758 F. App'x 352 (5th Cir. 2019) (citation omitted); *see also Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) (holding that prison "rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right."). And recently, this Court found similarly in a death-in-custody context:

> Plaintiffs also rely on the fact that the DPD Internal Affairs Division found that Senior Corporal Moody violated DPD Patrol Bureau Standard Operating Procedure 801(D)(4), which involves contact with intoxicated persons. Among other things, this provision requires an officer who comes in contact with an intoxicated person to order an ambulance if the person remains unconscious or semiconscious. Internal Affairs determined that Moody violated this provision when he "failed to obtain medical treatment for an unresponsive prisoner."

. . .

> *In any event, the Court agrees with the officers that "a determination that an officer's conduct violated his department's internal rules or procedures is not evidence that the officer violated a constitutional right."*

*Ross v. City of Dallas*, No. 3:20-CV-1690-E, 2022 WL 992593, at *5 (N.D. Tex. Mar. 31, 2022) (emphasis added). Police practices "vary from place to place and from time to time. We cannot accept that the search and seizure protections are so variable…and can be made to turn upon such trivialities." *Whren v. United States*, 517 U.S. 806, 815 (1996).

Admitting the Dallas Police Department's general orders and training would violate Rule 403. As noted in the aforementioned cases, a purported violation would not prove a constitutional violation, and thus has little probative value. However, admission would confuse the issues and mislead the jury, as they will place great weight on those materials in determining whether a constitutional violation occurred. Furthermore, admitting such evidence deters municipalities from imposing rules and providing training that holds officers to a higher standard than the Constitution requires. Accordingly, such evidence should be barred. Fed. R. Evid. 403.

IX 199 is a 1995 National Law Enforcement Technology Center bulletin titled "Positional Asphyxia – Sudden Death'. There is no evidence or allegation that any of the Defendants ever saw this bulletin before or after the incident; indeed, Defendants Dillard, Vasquez and Mansell were not yet police officers at that time. These exhibits do not tend to make any material fact more or less probable, and thus are irrelevant and should be excluded. Fed. R. Evid. 401, 402. Furthermore, the arguments made regarding the exclusion of DPD general orders and training apply doubly to this federal bulletin that none of the Defendants ever saw. The certainty of unfair prejudice, confusing the issues and misleading the jury far outweighs any probative value. Fed. R. Evid. 403.

**Disciplinary Histories, Post-Incident Discipline, and Indictments**

IX 432-434 are documents related to regulatory measures taken by the State of Texas against Dallas Fire-Rescue paramedics related to the Timpa incident. They are the subject of Defendants' Motion *in Limine* #3, and should be excluded for the reasons set forth therein.

**Employee Indemnification**

IX 140 is Dallas City Code Chapter 31A, which contains provisions for the legal defense and indemnification of City of Dallas employees. This document and all references to its contents must be barred for the reasons set forth in Defendants' Motion *in Limine* #6.

**Custodial Death Report**

IX 141 is a "custodial death report" is a pro forma document about Timpa's death in custody created when the investigations had barely begun. The document was created by a Dallas Police Department employee who was not present during the incident and had no first-hand knowledge about it. None of the Defendants had any input into the contents of the document. It contains factual errors that are indisputably contradicted by the videos captured by the Defendants' body-worn cameras. The document itself and the statements contained within the document are hearsay and as such are prohibited by Fed. R. Evid. 802 and do not fall within any of the hearsay objections. Neither Plaintiffs nor Intervenor have disclosed the author of the report as a witness. It would also be profoundly unfair and more prejudicial than probative to hold Defendants responsible or try to discredit them with out-of-court, unsworn statements they did not make. Fed. R. Evid. 403.

**Death Certificate**

The finding of "homicide" on IX 10 should be redacted for the reasons set forth in Defendants' Motion *in Limine* #8.

**Expert Reports and Curriculum Vitae (IX 142-143, 191-192, 207-208, 416-417, 424-428)**

The reports, report excerpts and curriculum vitae of Plaintiffs' experts should be excluded because the documents themselves are hearsay and they also contain hearsay to which no hearsay exception applies. Fed. R. Evid. 802.

**Court Filings (IX 194, 435-437)**

IX 194 is Plaintiffs' response to Defendants' motion for summary judgment. IX 435 is Defendants' petition for writ of certiorari to the United States Supreme Court. IX 436 is Defendants' petition to the Fifth Circuit for *en banc* review. IX 437 is the Fifth Circuit's opinion in *Timpa v. Dillard*. All of these filings should be excluded because they are unfairly prejudicial and will confuse the issues and mislead the jury. Because of the standard of review applicable to motions for summary judgment, Defendants' summary judgment briefing assumed the Plaintiffs' cause-of-death theory exclusively for purposes of summary judgment. Accordingly, this Court and the reviewing panel of the Fifth Circuit assumed that as well, and also were required to assess the facts in the light most favorable to the Plaintiffs. Cause of death is a core disputed issue in this trial, and the admission of any of these documents would confuse the issues, mislead the jury, and unfairly cause extreme prejudice to Defendants.   Fed. R. Evid. 403.

**Academic Articles (IX 224-415, 418-423, 465-467)**

Intervenor's exhibit list contains hundreds of books, academic articles, and media articles. All of them are hearsay, and no book or academic article should be admitted unless and until Intervenor lays proper foundation for it by presenting testimony that fulfills the requirements of Fed. R. Evid. 803(13) for the admission of "learned treatises."

**Media Reports**

IX 438-439 and 465 are media articles about the officers' indictment and the City of Dallas's purported refusal to release video of the incident. All of these media articles are irrelevant, unfairly prejudicial, and are inadmissible hearsay not subject to any hearsay exceptions. Fed. R. Evid. 401-403, 801-802.

**Photos**

IX 53, 67, 76, 85, 94, 103, and 112 are photos of the Defendants, Officer Rivera and the two security guards holding signs with their names printed on them. These photos are irrelevant, misleading, and unfairly prejudicial in that they strongly resemble booking photos ("mugshots") widely depicted in popular culture and, therefore, imply criminality. Fed. R. Evid. 403. Intervenor's exhibit list also includes similar front-view photos in which the subjects are not holding the signs, and thus the photos with the signs are not only prejudicial but also duplicative and cumulative.

IX 65, 74, 83, 92, 101, and 110 are photos of the Defendants', Officer Rivera's and the two security guards' firearms and ammunition. There is no allegation that anyone used or threatened to use firearms or ammunition in their encounter with Timpa. The photos thus have no probative

value and will cause unfair prejudice and mislead the jury by introducing an inflammatory and highly lethal form of police force that is unrelated to and wholly different from anything that occurred in relation to Timpa. Fed. R. Evid. 403.

**Google Maps (IX 189-190)**

These exhibits should be barred because they were not produced in discovery. Fed. R. Civ. P. 37(c)(1).

**Respiratory Illustrations and Animations**

These exhibits should be barred because they were not produced in discovery or at any time thereafter. Fed. R. Civ. P. 37(c)(1).

**Body Camera "Timeline" (IX 8)**

IX 8 purports to be a "timeline" of the events depicted on body-worn camera footage. This timeline was not produced in discovery, and thus it cannot be admitted into evidence. Fed. R. Civ. P. 37(c)(1). It is also more unfairly prejudicial than probative, as it does not indicate which video the times are taken from, and the times listed therein misrepresent the times of various events, including the times at which (1) the officers managed to restrain Timpa's feet; (2) the paramedic took Timpa's vital signs; (3) Timpa went silent; (4) the paramedic administered the Versed injection; (5) Officer Dillard released Timpa and stood; (6) the paramedic told Sgt. Mansell that Timpa was dead; and (7) CPR commenced. This exhibit thus has no probative value and will cause unfair prejudice and mislead the jury. Fed. R. Evid. 403.

**Demonstrative Animations (IX 197)**

      IX 197 has not been produced and thus Defendants have not seen it. However, Defendants anticipate it will be the same videos as PX 197 and 198, which insert animations into Defendants' merged/synced body-worn camera compilation. The first animated insertion (PX 197 beginning at 2:29, PX 198 beginning at 0:32) inaccurately depicts Timpa with his face pressed into the ground, which indisputably did not occur at any time during the incident. The animation also misrepresents Officer Vasquez's position. There is no need for animation of events that are depicted on camera, and these inaccurate animations will mislead the jury. Fed. R. Evid. 403.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Tammy L. Palomino
Interim City Attorney

*/s/ Lindsay Wilson Gowin*
Deputy Chief of Torts
Texas State Bar No. 24111401
lindsay.gowin@dallas.gov

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov

Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallas.gov

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:    214-670-0622

*Attorneys for Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Lindsay Wilson Gowin*
Senior Assistant City Attorney