IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICKI TIMPA, ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. 3:16-cv-03089-N |
| | § | |
| **DUSTIN DILLARD, ET AL.** | § | |
| **Defendants.** | § | |

### PLAINTIFFS' OBJECTIONS AND MOTION TO EXCLUDE EXHIBITS OF DPD DEFENDANTS FOR FAILURE TO EXCHANGE EXHIBITS TIMELY UNDER LOCAL RULE 26.2a

Plaintiff files this their *Plaintiffs' Objections and Motion Exclude DPD Defendants' Exhibits for Failure to Exchange Exhibits Timely Under Local Rule 26.2a.*

### RELEVANT FACTS

On February 7, 2023 the Court entered its Fourth Amended Scheduling Order. (ECF No. 225). The Order specified that the parties file and serve their pre-trial materials on or before 30 days before trial. On July 3, 2023, Plaintiffs served Defendants and Intervenor copies of their actual exhibits pursuant to Local Rule 26.2a which states in full:

a. **Exchanging Exhibits.** All exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be marked with gummed labels or tags that identify them by the exhibit number under which they will be offered at trial, and must be exchanged with opposing parties at least 14 days before the scheduled date for trial. When practicable, a copy of such exhibits must be furnished to the presiding judge at a time and in a manner prescribed by the presiding judge. (Emphasis added).

DPD Defendants did not provide Plaintiffs an electronic copy of their exhibits until July 7, 2023.

### ARGUMENT AND AUTHORITIES

**A. Local rules have the force and effect of law.**

"Local rules are promulgated by district courts primarily to promote the efficiency of the

court, *Lance, Inc. v. Dewco Services, Inc.,* 422 F.2d 778, 784 (9th Cir.1970), and such local rules have the same force and effect as law, and are binding upon the parties and the court until changed in the appropriate manner. *Matter of Adams,* 734 F.2d 1094, 1098-99 (5th Cir. 1984) citing *Smith v. Ford Motor Co.,* 626 F.2d 784, 796 (10th Cir.1980). It is well settled that court rules have the force of law. *Link v. Wabash R. Co.,* 291 F.2d 542, 545 (7th Cir. 1961) citing *Weil v. Neary*, 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243 (1929).

### B. Rule 26.2a requires parties to exchange their <u>exhibits</u> 14 days before trial.

Local Rule 26.2a unambiguously states that the parties must exchange exhibits fourteen days before trial. Rule 26.2a treats exhibits differently from exhibit lists, which are addressed in 26.2b. Rule 26.2b requires parties to exchange exhibit <u>lists</u> no later than 14 days before trial, similarly to Rule 26.2a. The Fourth Amended Scheduling Order is in complete harmony with Rule 26.2b, as it compels the parties to produce their exhibit lists well in advance of the 14-day deadline of Rule 26.2b *and* allows the parties to review the lists and lodge objections based on the <u>descriptions</u> of the exhibits. Local Civil Rule 26.2 mirrors Local Criminal Rule 16.1, which likewise treats Exhibits and Exhibit Lists differently. Here, Defendants failed to produce their Exhibits until several days after **July 3, 2023,** the deadline mandated by L.R. 26.2.

### C. Defendants' untimely disclosure of exhibits render them inadmissible.

Rule 26.2a specifies that all exhibits "must" be marked and "must be exchanged" fourteen days before the trial. The very language of Rule 26.2a specifies strict compliance. As a mandatory provision binding on the parties, Rule 26.2a requires the exclusion of non-compliant exhibits. Rule 26.2a has the force and effect of law upon the parties and is intended to ensure that litigants can fairly review exhibits and make effective objections in a timely manner and not impair court functioning with delay and needless consideration of evidentiary matters. This failure to comply

with Rule 26.2a mandate exclusion of Defendants' exhibits—particularly since this untimely offer is by no means the first materially tardy action by Defendants in this litigation. See, *e.g.,* Plaintiffs' Response to Defendants' Motion to Extend Certain *Daubert* Deadlines*,* (ECF No. 243).

## CONCLUSION

Defendants violated the bright-line strictures of Local Rule 26.2a. Defendants have neither sought leave nor offered any explanation for their delay. Plaintiffs thus **OBJECT** to the admissibility of all of the DPD Defendants' Untimely Producted/Exchanged Exhibits.

Respectfully submitted,

By: */s/  Geoff J. Henley*
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
**HENLEY & HENLEY, P.C.**
2520 Fairmount, Suite 200
Dallas, Texas  75201
Tel. (214) 821-0222
Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 9th day of July, 2023, a true and correct copy of the foregoing was served on all counsel of record via electronic submission through the ECF system pursuant to the Federal Rules of Civil Procedure.

/s/  *Geoff J. Henley*
Geoff J. Henley