IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD,<br>Plaintiffs,<br><br>V.<br><br>DUSTIN DILLARD, DANNY VASQUEZ, RAYMOND DOMINGUEZ, DOMINGO RIVERA, KEVIN MANSELL, GLENN JOHNSON, CRIMINAL INVESTIGATIVE UNIT, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-cv-03089-N |

## PARTIES' JOINT PRE-TRIAL ORDER PURSUANT TO LOCAL RULE 16.4

The Parties, Plaintiffs Vicki Timpa, individually and as representative of the Estate of Anthony Timpa, Cheryll Timpa, individually and as next friend of K.T., a minor child, and Intervenor Joe Timpa, individually, and Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell, submit this Joint Pretrial Order pursuant to Local Civil Rule LR 16.4 and the Court's Fourth Amended Scheduling Order (ECF No. 225).

## A. SUMMARY OF THE CLAIMS AND DEFENSE OF EACH PARTY

### 1. Plaintiffs' and Intervenor's Claims

Plaintiffs and Intervenors are surviving family members of decedent Tony Timpa. They bring Wrongful Death and Survival claims pursuant to Title 42 U.S.C. § 1983. They urge Defendant Dustin Dillard violated Timpa's Fourth Amendment right to be free from unreasonable force and unreasonable deadly force by causing Timpa's death by compression/mechanical/positional asphyxia. Specifically, they contend as confirmed by the body camera footage that Dillard kneeled on Timpa, while handcuffed, for more than 14 minutes, despite the mandates of the Crisis Intervention Training provided by the Dallas Police Department and the Departmental General Orders that officers are not to place subjects in prone restraint because of his lethality.

Plaintiffs further contend that the Dallas Police Department's own Custodial Death Report indicated that Timpa was unarmed and did not threaten the officers or resist his arrest. Plaintiffs further allege that consistent with the ruling of the United States Court of Appeals in this matter that Dillard employed **not just excessive force but deadly force** against a handcuffed subject who posed no threat to the officers as lay upon the ground. Plaintiffs further contend that Dillard inexplicably remained fixed upon Timpa for several minutes after was unconscious and then dead. Plaintiffs further urge that Defendants' statements at the scene establish that they knew that Dillard had caused the death of Timpa and that they found that fact a subject for amusement.

They further allege Bystander claims against Defendants Danny Vasquez, Raymond Dominguez and Kevin Mansell. Plaintiffs will show that not only Defendants have ample opportunity to assist Dillard during the quarter-hour of restraint but that they were specifically dispatched to the scene in conformity with departmental policy concerning subjects suffering

mental crises as Timpa made clear in his original 9-1-1 call. Plaintiffs will further show that rather than preventing Dillard from killing Timpa that they stood about and cracked wise about the incident and CIT incidents in general.

Plainttiffs seek actual damages, exemplary damages and reasonable attorneys' fees.

### 2. Defendants' Defenses

Defendants deny Plaintiffs' and Intervenor's material allegations and assert that they did not violate Timpa's constitutional rights and, therefore, they are not liable to Plaintiffs under § 1983. Defendants further deny that Plaintiffs are entitled to any damages, including actual damages, exemplary damages, or attorneys' fees.

Specifically, Dustin Dillard, who was a Dallas Police Department (DPD) officer at the time of his encounter with Anthony Timpa, denies that he used excessive force against Timpa. Dillard contends that he used only the amount of force he reasonably believed necessary and lawful to gain control of Timpa who repeatedly ignored officers' verbal commands, physically resisted arrest, and posed an immediate threat to the safety of the officers and others. Dillard further asserts that the force used to restrain Timpa did not constitute a use deadly force, that Timpa's death did not result from a use of force that was excessive to the need and objectively unreasonable. Dillard further asserts that his acts or failure to act were not the legal cause of Timpa's death.

Danny Vasquez, Raymond Dominguez, and Kevin Mansell, who also were DPD officers at the time of their encounter with Timpa, assert that they did not have a duty or opportunity to intervene to prevent harm to Timpa because they did not perceive that Dillard's use of force was excessive or objectively unreasonable based on the facts and circumstances known to them at the time.

Dillard, Vasquez, Dominguez, and Mansell also reassert their entitlement to qualified immunity. At all times relevant to their encounter with Timpa, Defendants were public officials discharging their official duties as Dallas police officers and exercising their discretionary authority as Texas peace officers. Defendants did not violate clearly established law of which a reasonable person would have known. Defendants were not clearly incompetent, and they did not knowingly violate the law. A reasonable police officer in the same circumstances could have believed that Dillard's use of force and Vasquez, Dominguez, and Mansell's decision to not intervene were permitted under the law.

### B. STATEMENT OF STIPULATED FACTS

The parties agree that Defendants were, at all relevant times, licensed Texas police officers employed by the City of Dallas and acted "under color" of the authority of the State of Texas.

### C. CONTESTED ISSUES OF FACT

The Parties dispute:

(1) Whether Defendants intentionally committed acts that operated to deprive Anthony Timpa of rights secured by the Fourth Amendment to the United States Constitution.

(2) Whether Timpa resisted the officers' efforts to arrest him and the extent to which he resisted.

(3) Whether, in the course of seizing Anthony Timpa, Dillard used force that was objectively unreasonable.

(4) Whether Dillard intentionally used force against Timpa when it was clearly unnecessary.

(5) Whether Anthony Timpa suffered an injury on August 10, 2016, that resulted directly and only from a use of force that was clearly excessive to the need and objectively unreasonable.

(6) Whether a reasonable police officer could have believed that Dillard's use of force against Timpa was constitutionally permissible under the circumstances as reasonably perceived by Dillard.

(7) Whether Dillard's uses of force constituted deadly force.

(8) Whether Defendants Vasquez, Dominguez, and Mansell perceived that Dillard was using excessive force against Timpa.

(9) Whether Defendants Vasquez, Dominguez, and Mansell had a duty or opportunity to intervene to prevent harm to Timpa.

(10) Whether Defendants' acts or failure to act were the legal cause of Timpa's death.

(11) Whether Defendants acted with malice or with gross negligence to Timpa's clearly established right to be free from the use of excessive force in the course of a seizure.

(12) Whether Anthony Timpa, Plaintiffs, or any of them suffered any damages as a result of Defendants' conduct, and if so, the amount.

(13) Whether Plaintiffs are entitled to punitive damages from Defendants and, if so, the amount.

(14) Whether Plaintiffs are entitled to recovery of any statutory attorney's fees pursuant to 42 U.S.C. § 1983 and, if so, the amount (mixed question of law and fact).

(15) Whether Plaintiffs are entitled to recovery of their taxable costs and, if so, the amount (mixed question of law and fact).

(16) Whether Defendants are entitled to recovery of any statutory attorney's fees pursuant to 42 U.S.C. § 1983 and, if so, the amount (mixed question of law and fact).

(17) Whether Defendants are entitled to recovery of their taxable costs and, if so, the amount (mixed question of law and fact).

### D. CONTESTED ISSUES OF LAW

1. Plaintiffs and Intervenors urge that Defendants' experts and their defensive theories concerning cause of death do not comport with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2. Whether the opinions of Plaintiffs' and Intervenor's cause-of-death medical experts are unreliable and thus inadmissible per Fed. R. Evid. 403, 702, and 703.

3. Whether Dillard's prone restraint of Anthony Timpa under the circumstances was objectively unreasonable and excessive to the need.

4. Whether Dillard had probable cause to believe that the use of physical force was necessary to seize Timpa.

5. Whether Vasquez, Dominguez, and Mansell had a duty or opportunity to intervene to prevent harm to Timpa.

6. Whether Defendants are entitled to the defense of qualified immunity (mixed question of fact and law).

7. Whether the Court should sustain Defendants' objections to Plaintiffs and Intervenor's pretrial disclosures, witness lists, and exhibit lists (not yet filed).

8. Whether the Court should grant Defendants' motions in limine (not yet filed).

The parties anticipate that there will be a number of contested evidentiary rulings.

### E. ESTIMATED LENGTH OF TRIAL

This case is set for a jury trial. The Parties estimate that after jury selection and opening statements, the length of trial of this case (including the presentation of evidence and closing arguments) will be between **seven and ten days**.

## F. ADDITIONAL MATTERS THAT MAY AID THE DISPOSITION OF CASE

The parties request:

1. The Court submit a written jury questionnaire to the jury panel to be completed by each juror upon arrival at the courthouse, prior to voir dire. The Parties request that the clerk of the court collect the completed questionnaires and deliver copies to counsel prior to voir dire and that counsel be given at least thirty (30) minutes to review the questionnaires prior to the voir dire. The Parties will submit a copy of the proposed questionnaire at the pretrial conference.
2. An expanded venire for voir dire.
3. The removal of Domingo Rivera as a party to this case, as all claims against him have been dismissed.
4. Resolution of the Parties' contested evidentiary issues.
5. The Parties wish to have the issue of Plaintiffs', Intervenor's, and Defendants' attorneys' fees handled post-verdict.

Defendants also request an order instructing the Texas Department of Corrections to permit the trial deposition of inmate Frederick Johnson via videoconference prior to trial; or in the alternative, a writ of habeas corpus ordering the Texas Department of Corrections to bring incarcerated witness Frederick Johnson to trial for examination..

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By: /s/ Geoff J. Henley
Geoff J. Henley, State Bar No. 00798253
ghenleyh@henleylawpc.com
2520 Fairmount, Suite 200
Dallas, Texas 75219
Telephone #: (214) 821-0222
Fax #W: (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

By: /s/ Susan Hutchison
Susan Hutchison, State Bar No. 10354100
hutch@fightsforright.com
500 E. 4th Street, Suite
Fort Worth, Texas 76102
Telephone #: (817) 8-17-900-9310
Fax #W: (817) 820-0111

**ATTORNEYS FOR INTERVENOR**

By: CITY ATTORNEY OF THE CITY OF DALLAS

Tammy L. Palomino
Interim City Attorney

/s/ Lindsay Wilson Gowin
Lindsay Wilson Gowin
Senior Assistant City Attorney
Texas State Bar No. 24111401
lindsay.gowin@dallas.gov
Dallas City Attorney's Office
1500 Marilla Street, 7DN
Dallas, Texas 75201
Tel. #: (214) 670-3519
Fax #: (214) 670-0622

**ATTORNEYS FOR DEFENDANTS**

Signed July 12, 2023.

_____
David C. Godbey
Chief United States District Judge