IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, | § | |
| AND AS REPRESENTATIVE OF | § | |
| THE ESTATE OF ANTHONY | § | |
| TIMPA, AND CHERYLL TIMPA | § | |
| INDIVIDUALLY AS NEXT FRIEND | § | |
| OF K. T., A MINOR CHILD | § | |
|    Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:16-cv-03089-N |
| | § | |
| DUSTIN DILLARD, | § | |
| DANNY VASQUEZ, | § | |
| RAYMOND DOMINGUEZ, | § | |
| KEVIN MANSELL | § | |
| | § | |
| | § | |
|    Defendants. | § | |

**PLAINTIFFS' OBJECTIONS TO SUBMISSION OF**
**ANY QUALIFIED IMMUNITY INSTRUCTION AND ITS RELEVANCE**

TO THE HONORABLE JUDGE DAVID GODBEY:

Vicki Timpa, Individually, and as Representative of the Estate of Anthony Timpa and Cheryll Timpa, individually, as next friend of K.T., ("Plaintiffs"), and file this their Plaintiffs' Objections to Submission of Qualified Immunity.

## FACTS AND PROCEDURAL HISTORY

In *Timpa v. Dillard*, 20 F.4th 1020, 1038 (5th Cir. 2021), the Fifth Circuit held:

Because the state of the law in August 2016 had clearly established that the continued use of force against a restrained and subdued subject violates the Fourth Amendment, Defendant-Officer Dillard is not entitled to qualified immunity.

In doing so, the Court of Appeals explained:

> We recognize that our police officers are often asked to make split-second judgments about the use of force, but the Constitution demands that officers use no more force than necessary and "hold[s] [them] accountable when they exercise power irresponsibly." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Despite the ruling, the parties—including Plaintiffs erroneously—submitted proposed jury charges and separate objections including opposing submissions on Qualified Immunity.

**Plaintiffs hereby OBJECT to submitting ANY instruction on Qualified Immunity concerning ANY Defendant.**

## ARGUMENT AND AUTHORITIES

### A. Dustin Dillard does not receive an instruction on qualified immunity.

The *Timpa* ruling did not simply determine that there were genuine issues of material fact to be tried before a jury. The Court of Appeals held as a matter of law that (1) the state of the law in August 2016 had clearly established that the continued use of force against a restrained and subdued subject violates the Fourth Amendment <u>and</u> (2) that Defendant Dillard is not entitled to qualified immunity. It would thus be improvident to pose a question to the jury that the Fifth Court has already answered. The Court did not merely determine that it was unlawful for an officer to impose "continued use of force against a restrained and subdued subject," but that Dillard had, in fact, employed such force against a "restrained and subdued subject."

When Plaintiffs submitted their proposed charge, they had not given due consideration to the Court's explicit finding that Dillard had, indeed, used continuous force against a "restrained *and* subdued subject." Because the Court of Appeals found as much as a matter of law, the jury <u>cannot</u> be instructed on the matter. To do so would usurp the Fifth Circuit's ruling. *General Universal Systems, Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007)("[O]n remand, the district

court 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."

### B. Bystander Defendants do not receive an instruction on qualified immunity.

Bystander liability is derivative. *Blakely v. Kelly,* 2020 WL 890383 at *16 (N.D. Tex. Jan. 21, 2020) citing *Cf. Brooks v. Brown*, 94 F.3d 655 (table), 1996 WL 460048, at *3 (10th Cir. Aug. 14, 1996) ("[O]ur conclusion that officers Korkowski and Brown did not use excessive force forecloses any derivative claim that Rasmussen and Wilson could be liable for failing to intervene on plaintiff's behalf."). It is generally accepted that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (citations omitted); *accord Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). This holding "is consistent with other circuits' determination that an officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002); footnote and citations omitted). These other defendants do not thus get to relitigate qualified immunity either. There are only fact issues concerning whether they acquiesced to Dillard's excessive use of force. *Timpa,* 20 F.4th at 1039.

### C. Qualified immunity is no longer relevant.

Federal Rule of Evidence 401 states evidence is "relevant" if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action. Federal Rule of Evidence 402 states that "[r]elevant evidence is admissible" unless prohibited by the Constitution, statute or rule. Here the Court's QI ruling eviscerates its relevance. Its existence or non-existence is no longer a matter of "consequence in determining the action." FED. R. EVID 402(b).

## CONCLUSION

The jury instructions in this action are much simpler now. There are effectively only three issues now: whether there was excessive force and bystander liability; and what damages to assess. As such, QI is likewise irrelevant. Qualified immunity is dead in this case and cannot be resurrected.

Respectfully submitted,

By: */s/   Geoff J. Henley*
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
**HENLEY & HENLEY, P.C.**
2520 Fairmount, Suite 200
Dallas, Texas   75201
Tel. (214) 821-0222
Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Geoff J. Henley*
Geoff J. Henley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 14th day of July 2023, a true and correct copy of the foregoing was served on all counsel of record via electronic submission through the ECF system pursuant to the Federal Rules of Civil Procedure.

/s/   Geoff J. Henley

Geoff J. Henley