IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD<br>    Plaintiffs,<br><br>V.<br><br>DUSTIN DILLARD, DANNY VASQUEZ, RAYMOND DOMINGUEZ, KEVIN MANSELL<br>    Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:16-cv-03089-N |

## ORDER REGARDING TRIAL PUBLICITY

The Court finds that the above-referenced cause of action has received significant media attention and is likely to continue to generate media attention due to the nature of the case, and that unrestricted pretrial publicity could influence public opinion regarding the merits of the case and interfere with a fair trial. The Court further finds that out-of-court statements relating to the death of Tony Timpa pose a serious and imminent threat to Defendants' constitutional right to a fair trial, the ability of the Court to impanel and maintain a fair and impartial jury, and to the fair administration of justice.

The Court further finds that other, less restrictive means will not adequately protect the parties' rights to a fair trial and a fair and impartial jury. The Court also finds that in the course of representing a client, a lawyer's right to free speech is subordinate to the constitutional requirements of a fair trial. Tex. R. Disc. Prof'l. Cond. 3.07 cmt. 1. It is therefore ordered as

1

follows:

This Order applies to the following individuals (hereinafter collectively referred to as "Participants"): Plaintiffs Vicki Timpa, Cheryll Timpa, and K.T.; Intervenor Joe Timpa; Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez and Raymond Dominguez; any attorney participating in, or any attorney associated with, the trial of this cause, as well as their office associates, assistants, staff members, investigators and employees under their supervision.

The Participants shall not furnish any statement or information, or make or authorize the making of an extra-judicial statement that a reasonable person would expect to be disseminated by means of public communication, if the person making the statement knows or reasonably should know that it will have a substantial likelihood of materially prejudicing the trial of this case, pose a serious threat to the constitutional guarantees to a fair trial, or impair the Court's ability to impanel a fair and impartial jury. Such statements and information include, but are not limited to the following:

1. Statements concerning the expected testimony of any party or witness or the character, reputation or credibility of any party, any witness or any attorney involved in the case or members of their office;
2. Statements concerning the existence or contents of any statement given by the parties herein;
3. Statements concerning the nature of any evidence which may be presented, or the performance of any tests, the results thereof, or the refusal to perform or to allow to be performed any examination or test;
4. The identity or nature of any physical evidence expected to be presented; or
5. Any information the person knows or reasonably should know is likely to be

inadmissible as evidence at trial and would, if disclosed, create a substantial risk of prejudicing an impartial trial or the ability of the Court to maintain a fair and impartial jury.

The attorneys involved in this case shall not make or authorize the making of any statements in violation of Rule 3.07 of the Texas Disciplinary Rules of Professional Conduct.

Participants shall not suggest, request, induce or assist another person to provide information or make statements that this Order prohibits Participants from providing or making themselves.

Members of the press shall not be prohibited from reporting news accounts concerning this case, or from writing about this case. This order does not restrict the publication or broadcasting by members of the press or the news media of any information not otherwise prohibited by law. Nor shall this order be construed to restrict the press or the public's access to public documents.

This order is effective immediately and shall remain in effect until the final disposition of said case or until further orders of this Court are issued.

Signed this 7th day of August, 2023.

_____
David C. Godbey
Chief United States District Judge

3