IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKI TIMPA et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| and § | |
| § | |
| JOE TIMPA, § | Civil Action No. 3:16-CV-03089-N |
| § | |
| Intervenor. § | |
| v. § | |
| § | |
| DUSTIN DILLARD et al., § | |
| § | |
| Defendants, § | |

**TRIAL BRIEF IN SUPPORT OF DEFENDANTS' REQUEST
FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

TO THE HONORABLE COURT:

Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell, pursuant to Rules 7(b) and 43(a) of the Federal Rules of Civil Procedure, and Local Civil Rule LR 7.1, file the above-titled brief in support of their request for a writ of habeas corpus ad testificandum for Frederick Tyrone Johnson, Jr. to testify at trial remotely by videoconference.[1]

**I.     BACKGROUND**

Plaintiffs, the surviving parents and minor son of decedent Anthony "Tony" Timpa ("Timpa"), filed this § 1983 civil rights action against Defendants, current and former Dallas Police Department officers, arising from events that happened during their encounter with Timpa

---

[1] Defendants requested a writ of habeas corpus in the Parties' Joint Pretrial order, submitted on June 20, 2013 (Doc. 271). Defendants clarified at the pretrial conference held on July 14, 2023, that to secure Mr. Johnson's testimony at trial, Defendants required a writ of habeas corpus ad testificandum directing the Warden at O.L. Luther Unit to produce Mr. Johnson to testify remotely via video conference. If a formal motion for the writ is necessary, Defendants request the Court's permission to file one.

1

on August 10, 2016. Plaintiffs allege that Defendant Dillard used unreasonable force against Timpa by restraining him face-down in a prone position and that Defendants Vasquez, Dominguez, and Mansell failed to intervene to stop the restraint, in violation of Timpa's rights under the Fourth Amendment. Plaintiffs seek monetary and non-economic damages, punitive damages, attorney's fees, and costs. Defendants deny using excessive force against Timpa and assert their entitlement to qualified immunity on all claims. This case is set to commence a jury trial on September 18, 2023.

Defendants' Witness List identifies Frederick Tyrone Johnson, Jr., an inmate in the Texas Department of Criminal Justice ("TDCJ") housed at the O.L. Luther Unit in Navasota, Texas, as a probable non-party witness whom Defendants intend to call at trial. (Doc. 278.) Defendants also expressly stated in the Parties' Joint Pretrial Order that a writ of habeas corpus ad testificandum was necessary to secure his testimony at trial (Doc. 271 at 7). Defendants now file this brief in support of their request for a writ of habeas corpus ad testificandum to permit Mr. Johnson to testify at trial remotely using video-conferencing technology.

## II. APPLICABLE LEGAL STANDARDS AND ARGUMENT

### A. *Legal Standard*

Rule 43 of the Federal Rules of Civil Procedure governs the taking of testimony at trial, and it provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). Thus, the Court may allow testimony via videoconferencing from a remote location, once a party demonstrates "good cause in compelling circumstances." *Id.* The decision

to permit remote testimony by video conference is within the court's discretion. *See Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) ("Like other evidentiary rulings, a district court's decision whether to allow remote testimony pursuant to Rule 43(a) is reviewed for abuse of discretion").); *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'"), *cert. denied*, 140 S. Ct. 533 (2019). "Moreover, the Court's discretion on this question is supplemented by its 'wide latitude in determining the manner in which evidence is to be presented' under the Federal Rules of Evidence." *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009) (citing Fed. R. Evid. 611(a)).

    B.  *Good Cause in Compelling Circumstances Exist.*

The Advisory Committee Notes to Rule 43(a) instruct that the good cause in compelling circumstance requirement may be established "when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place," or when all parties agree that testimony should be presented by transmission."[2] *Id.* However, courts

---

[2] The Advisory Committee Notes instruct that other possible justifications for remote transmission must be approached cautiously, considering that the testimony of witnesses beyond the reach of a trial subpoena can be secured by oral and videotaped deposition before trial. Fed. R. Civ. P. 43(a) advisory committee notes to 1996 amendment. Defendants attempted to secure Mr. Johnson's testimony via a videotaped perpetuation deposition before trial but were unsuccessful. In March 2023, the Court granted Defendants leave to secure Mr. Johnson's deposition while he was housed at Buster Cole State Jail in Bonham, Texas, approximately 80 miles northeast of Dallas. (Docs. 218 and 232.) However, in the course of working out the logistics of an in-person deposition, defense counsel learned that Mr. Johnson had been moved from Buster Cole State Jail to the O.L. Luther Unit, approximately 200 miles south of Dallas. *See* Google Maps - 1100 Commerce St, Dallas, TX 75242 to 1800 Luther Drive, Navasota, TX; (Exhibit A). Subsequently, for the convenience of all counsel and to avoid unnecessary expense, the Parties agreed to take Mr. Johnson's deposition remotely by video conference. (*Id.*). Defendants noticed the deposition for May 23, 2023. (*Id.*). The day before Mr. Johnson's deposition, defense counsel contacted Luther Unit to finalize the logistics of the deposition, at which time prison staff advised that the deposition could not proceed without a court order. (*Id.*) Because of the press of pretrial deadlines in this case and unforeseen challenges with the Luther Unit in securing Mr. Johnson's deposition by video conference, and considering the brevity of Mr. Johnson's

have found good cause in compelling circumstances to allow nonparty inmate witnesses to testify at trial remotely via videoconference. *See* e.g., *Thomas*, 912 F.3d 971, 977; *Pinson v. United States*, No. CV-19-00401-TUC-RM, 2023 WL 3044911, at *3 (D. Ariz. Apr. 21, 2023) (granting writ of habeas corpus ad testificandum to allow inmate witnesses to testify at trial remotely via videoconference); *Barnett v. Gamboa*, No. 105CV01022BAMPC, 2015 WL 13215676, at *1 (E.D. Cal. Dec. 18, 2015).

It is well-established in the Fifth Circuit that district courts have the power to issue a writ of habeas corpus ad testificandum when "[i]t is necessary to bring [a prisoner] to court to testify for trial." 28 U.S.C. § 2241(c)(5); *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir.1977). In determining whether to issue the writ in prisoner-plaintiff civil rights cases, district courts in this circuit consider (1) "whether the prisoner's presence will substantially further the resolution of the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense of the prisoner's transportation and safekeeping"; and (4) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." The focus of the inquiry is "the need for the prisoner's testimony vis-à-vis the difficulties attendant to securing it." *Id.* 557 F.2d at 481. Defendants have found no Fifth Circuit authority extending that same test to nonparty inmate witnesses. However, courts in other jurisdictions have applied the *Ballard* factors in deciding the issue. *See Pinson*, 2023 WL 3044911, at *3 (D. Ariz. Apr. 21, 2023) (considering the *Ballard* factors and determining that they did not justify requiring the physical presence of the plaintiff's inmate witnesses at trial.) *Barnett*, 2015 WL 13215676, at *1 (same).

---

testimony, Defendants chose to seek a writ of habeas corpus ad testificandum for Mr. Johnson to testify at trial remotely. (*Id.*)

In *Pinson v. United States,* 2023 WL 3044911, a pro se plaintiff brought suit against the United States and staff at a federal prison in Tucson, Arizona, asserting constitutional violations based on events that occurred while she was confined in prison. The plaintiff asked the court to issue writs of habeas corpus ad testificandum to secure her presence and the presence of her nonparty inmate witnesses at trial. 2023 WL 3044911, at *1. After considering the *Ballard* factors, the court determined that they did not justify requiring the physical presence of the nonparty inmate witnesses at trial. First, the court found the plaintiff failed to show that the testimony of the inmate witnesses was so crucial to resolution of this case that their physical presence was necessary to allow the court to make appropriate evidentiary determinations. The court concluded that videoconference appearances would allow it to view the witnesses, hear their voices, and evaluate their testimony. And there was no technological barrier to any witnesses appearing via videoconference, as both the court and the federal prisons have the appropriate technology and are well-versed in its use. *Pinson*, 2023 WL 3044911, at *3.

In *Barnett v. Gamboa*, 2015 WL 13215676, a pro se state prisoner brought a § 1983 civil rights action against several state correctional officers alleging constitutional violations under the Eight and Fourteenth Amendments. The plaintiff moved the court for an order permitting the attendance of nonparty incarcerated witnesses at trial. The court applied the *Ballard* factors, which the Ninth Circuit also uses in determining whether to issue a writ of habeas corpus ad testificandum, *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 (9th Cir. 1983), and determined they weighed against two nonparty inmate witnesses attend the trial in person. The court found one inmate was serving a. 2015 WL 13215676, *2. The court found the expenses and security concerns attendant to producing the inmates at trial, considering that one was serving a 23-year sentence for burglary, robbery, carjacking, and an in-custody crime of possession of a controlled substance, and

the other a life sentence for murder, established good cause in compelling circumstances to justify permitting the inmates to testify via contemporaneous video transmission. *Id.*

Here, like in *Pinson* and *Barnett*, the weight of the *Ballard* factors against Mr. Johnson attending the trial in person establishes good cause in compelling circumstances to permit Mr. Johnson to testify via contemporaneous video transmission.

The first *Ballard* factor, whether the prisoner's presence will substantially further the resolution of the case, weighs against Mr. Johnson's physical presence. Defendants anticipate that Mr. Johnson will testify that he was with Timpa on August 10, 2016, prior to his encounter with Defendants, that he personally observed Timpa's psychotic behavior, and that he had discussions with Timpa about his consumption of illegal drugs and alcohol before Timpa's encounter with Defendants. Mr. Johnson's testimony is relevant to deciding two hotly contested issues in this case: (1) the cause of Timpa's death, and (2) damages. However, Mr. Johnson is a nonparty lay witness with no personal knowledge about the events that transpired between Timpa and Defendants. Therefore, his testimony will not substantially further resolution of Plaintiff's Fourth Amendment claims.

Likewise, the second *Ballard* factor, the security risks presented by the prisoner's presence, weighs against requiring Mr. Johnson's physical presence. As previously stated, Mr. Johnson is a TDCJ inmate currently confined at the Luther Unit in Navasota, Texas. The Luther Unit is a medium security prison located approximately 200 miles south of Dallas. Transporting Mr. Johnson, who is serving a 15-year sentence for aggravated robbery with a deadly weapon, *see* [Texas Department of Criminal Justice Inmate Search](), from Navasota to Dallas presents a security risk for correctional officers and inmates, and exposes the general public to unnecessary danger. The distant location of this nonparty inmate witness and the logistics required in transporting him

from his current prison facility to Dallas present unnecessary security risks that are not justified, considering that contemporaneous videoconference testimony can be easily secured.

The third *Ballard* factor, the expense of the prisoner's transportation and safekeeping, likewise weighs against requiring Mr. Johnson's physical presence. The total cost of Mr. Johnson's transportation and safekeeping are unknown. Although the Court has imposed time limits for the presentation of evidence, trial proceedings are unpredictable and Defendants are unable to say with certainty when Mr. Johnson will be called to testify, though they intend to call him as one of their first witnesses after the Plaintiffs rest their case. If Plaintiffs were to rest their case on Wednesday or Thursday of this week, correctional officers would have to transport Mr. Johnson to Dallas as late as Tuesday evening, requiring him to stay in the county jail or a comparable facility overnight for one or two days. Travel, lodging, and employee staffing expenses incurred for Mr. Johnson's transportation and safekeeping are unnecessary, especially considering that Mr. Johnson's direct examination can be presented by videoconference and is expected to last no more than thirty minutes. (Doc. 278 at 8). Taxpayers should not have to bear those expenses when there is no impediment to a nonparty inmate witness testifying remotely via video transmission.

Finally, the fourth *Ballard* factor, whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted, weighs heavily against Mr. Johnson's physical presence. This case has been pending without trial for more than seven years due to its complex procedural history. As previously stated, Mr. Johnson is serving a 15-year sentence for aggravated robbery with a deadly weapon. Mr. Johnson's earliest possible release date is December 2027. [Texas Department of Criminal Justice Inmate Search](). His anticipated testimony will be brief, and though relevant, will not substantially further the resolution of Plaintiffs' excessive force and bystander liability claims. Both sides would be prejudiced by any further delay. Undoubtedly,

"[c]ontemporaneous transmission" for remote testimony would be "better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Considering that the *Ballard* factors heavily weigh against Mr. Johnson's physical presence at trial, the Court should find that good cause in compelling circumstances exists under Rule 43(a) to require he testify at trial remotely by video conference.

C.  *Appropriate Safeguards Are Available to Justify Remote Testimony.*

In addition to good cause and compelling circumstances, the Court must also find that there are "appropriate safeguards" in place as contemplated by Rule 43(a) to justify the remote testimony. Fed. R. Civ. P. 43(a). Rule 43(a)'s requirement that testimony occur in open court serves two purposes: (1) to ensure that the witness testimony may be tested by cross-examination, and (2) to allow the trier of fact to observe the demeanor of the witness. *Mingtel, Inc.*, 2021 WL 6072565, at *5 (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972).) The Advisory Committee Notes to Rule 43(a) instruct that "appropriate safeguards" must be adopted "that ensure accurate identification of the witness and that protect against influence by persons present with the witness," and assures "[a]ccurate transmission" of the witness's testimony. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

The Court and the Luther Unit are equipped with video technology that will allow Mr. Johnson to appear by video conference to ensure that appropriate safeguards are available for the Court, jury, and parties to view the witness, hear his voice, and evaluate his testimony. Likewise, because the video transmission of Mr. Johnson's testimony will be contemporaneous and instantaneous, Plaintiffs' counsel will be allowed to cross-examine him. As the court noted in

*Barnett*, "[c]ontemporaneous video testimony is an appropriate method for allowing [nonparty inmates] to testify . . . [b]ecause a witness testifying by video is observed directly with little, if any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings. *Barnett*, 2015 WL 13215676, at *3 (citing *Parkhurst*, 569 F.3d at 1003).

Because appropriate safeguards are available, Mr. Johnson's physical presence is not necessary for the Court, jury, and parties to assess his credibility and make appropriate evidentiary determinations.

### III. CONCLUSION AND PRAYER

Defendants have demonstrated that there is good cause in compelling circumstances, that with appropriate safeguards, justify allowing Mr. Johnson to testify remotely via video conference technology. Mr. Johnson's testimony will be relatively brief and allowing him to testify through video conference would alleviate the security risks and the expense of transporting and safekeeping him in Dallas. Further, both the Court and Luther Unit have the appropriate technology to ensure appropriate safeguards for the Court, jury, and parties to see the witness, hear his voice, evaluate his credibility, and weigh his testimony.

WHEREFORE, Defendants pray the Court grant their request for a writ of habeas corpus ad testificandum ordering the Warden of O.L. Luther Unit to produce Frederick Tyrone Johnson, Jr. for trial to testify remotely by videoconference.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Tammy L. Palomino
Interim City Attorney

Lindsay Wilson Gowin
Deputy Chief of Torts
Texas State Bar No. 24111401
lindsay.gowin@dallas.gov

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov

/s/ *Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallas.gov

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:    214-670-3519
Facsimile:    214-670-0622

*Attorneys for Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| and | § | |
| | § | |
| JOE TIMPA, | § | Civil Action No. 3:16-CV-03089-N |
| | § | |
| Intervenor. | § | |
| v. | § | **EXHIBIT A** |
| | § | |
| DUSTIN DILLARD et al., | § | |
| | § | |
| Defendants, | § | |

**DECLARATION OF LINDSAY WILSON GOWIN UNDER
PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746**

I, Lindsay Wilson Gowin, declare and state as follows:

I am lead counsel for Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell in the above-captioned case. This declaration sets forth the efforts made by Defendants to secure the deposition of Frederick Tyrone Johnson, Jr., a nonparty witness and inmate in the Texas Department of Criminal Justice.

On February 1, 2023, Defendants moved for leave to secure the deposition of Frederick Tyrone Johnson, Jr., a nonparty inmate witness confined in the Texas Department of Criminal Justice, while he was housed at Buster Cole State Jail in Bonham, Texas, approximately 80 miles northeast of Dallas. (ECF No. 218.) The Court granted that motion on March 14, 2023 (ECF No. 232). However, after scheduling and submitting all the copious Bureau of Prisons paperwork required for an in-person deposition at Buster Cole, I learned that

1

Mr. Johnson had been moved to the O.L. Luther Unit in Navasota, Texas, approximately 200 miles south of Dallas. *See* [Google](#) [Maps - 1100 Commerce St, Dallas, TX 75242 to 1800 Luther Drive, Navasota, TX](#)). Subsequently, I informed the Plaintiffs' counsel that Mr. Johnson had been relocated and inquired whether they would be amenable to a remote deposition. All counsel agreed that for convenience and to avoid unnecessary expense, Mr. Johnson's deposition would be taken remotely by video conference.

  Mr. Johnson's deposition was noticed for May 23, 2023, and prison personnel in Navasota repeatedly assured me and my assistant that the deposition could be taken remotely. My assistant confirmed this with the prison official several times per week for several weeks. Then on the afternoon of Friday, May 19, 2023, the prison official called and told my assistant and me that some Texas Department of Corrections supervisor in Huntsville had decreed that no depositions could be taken remotely under any circumstances. Thereafter, Navasota prison personnel thwarted efforts to procure a court reporter for an in-person deposition by denying clearance to enter the prison until the prospective court reporter submitted so much information that the prospective court reporters became suspicious of identity theft and declined the job.

  In subsequent discussions with opposing counsel regarding how to proceed, Mr. Henley again expressed his willingness to take Mr. Johnson's deposition remotely, and Ms. Hutchison expressed a preference for taking the deposition remotely because she was working out of state during the entire month of June. Due to the press of pretrial deadlines in this case and unforeseen challenges with the Luther Unit in securing Mr. Johnson's deposition by video conference, and considering the brevity of Mr. Johnson's expected testimony, I chose to seek a writ of habeas corpus ad testificandum for Mr. Johnson to testify at trial remotely.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2023.

/s/ Lindsay Wilson Gowin
Lindsay Wilson Gowin

3