IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICKI TIMPA, et al.,** | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:16-CV-03089-N |
| | § | |
| vs. | § | |
| | § | |
| **DUSTIN DILLARD, et al.,** | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| **JOE TIMPA** | § | |
| | § | |
| Intervenor. | § | |

## DPD DEFENDANTS' MOTION FOR DIRECTED VERDICT ON SURVIVAL DAMAGES

TO THE HONORABLE COURT:

Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez ("DPD Defendants") respectfully move this Court for a directed verdict on Plaintiffs' survival damages claims and would respectfully show as follows:

### I.     SUMMARY OF MOTION

Plaintiffs are seeking "survival damages" as claims brought on behalf of the putative estate of Tony Timpa.[1] Plaintiffs have offered no evidence of an estate because no actual estate was ever created.[2] Under settled Texas law, only an estate can bring those claims. Vicki Timpa does not have capacity to bring any claims as representative of the estate. Therefore, by law, Plaintiffs are

---

[1] This lawsuit is styled "*Vicki Timpa, Individually and as Representative of the Estate of Anthony Timpa . . .*". ECF No. 202.

[2] Based on communications with opposing counsel, they never saw the need to set up an estate.

1

not entitled to act as legal representatives of Tony Timpa's estate and all claims associated with the estate must be dismissed.

## II.     ARGUMENTS AND AUTHORITIES

Under rule 50 of the Federal Rules of Civil Procedure,

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50 (a)(1)(A-B.)

"If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[ ] is proper." *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331 (5th Cir.1997) (en banc). "A directed verdict is appropriate after a party has been fully heard on an issue and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 293 (5th Cir. 2012) (citations omitted.)

But "if reasonable persons could differ in their interpretations of the evidence," a determination of the issue is for the jury. *Bryant v. Compass Grp. USA Inc.,* 413 F.3d 471, 475 (5th Cir.2005) (citation and quotation marks omitted). The facts are viewed, and inferences made, in the light most favorable to the nonmovant. *Babcock,* 703 F.3d at 293. "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 151 (2000.)

"A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50 (a)(2.)

### a. Plaintiffs lack standing to bring any claims on behalf of Tony Timpa's Estate. Any claim or remedy the Estate could have sought is now barred.

In Texas, if an injured claimant dies a wrongful death, his or her cause of action "survives" to the estate and may be prosecuted by heirs or legal representatives. TEX. CIV. PRAC. & REM. CODE ANN.§ 71.021(b). Parties to survival action seek adjudication of decedent's own claims for alleged injuries inflicted upon him by defendant, and decedent's survival claim becomes part of his estate at death; thus, an estate has standing to pursue such claim. see TEX. CIV. PRAC. & REM. CODE ANN. § 71.021; *City of Austin v. Membreno Lopez as Next Friend of Lopez*, 632 S.W.3d 200 (Tex. App. Austin 2021.)

Generally, "only the estate's personal representative has the capacity to bring a survival claim." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 850, 849 (Tex. 2005.) Under certain circumstances, such as (1) if the heirs can prove there is no administration pending and none is necessary; or (2) when a familial agreement vitiates the need for an administration of the estate, then the heirs may be entitled to sue on behalf of the decedent's estate. *Id*. at 850–51; *see also Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006).

Although the terms legal and personal representative are sometimes used interchangeably, the term "legal representative," as set forth in § 71.021(b) is not defined in the Estates Code. Rather the term "legal representative" is defined under the Texas Property Code: "Legal representative means an executor, independent executor, administrator or independent administrator of a decedent's estate, an obligor under a benefit plan or other governing instrument, a successor legal

3

representative, or a person legally authorized to perform substantially the same functions." Tex. Prop. Code Ann. § 141.002(9.)

Courts occasionally will also allow a claimed legal representative to cure any capacity defects by showing that they are an heir of the decedent and therefore are bringing the survival claims in the alternative capacity. Yet, such an option is not be applicable because Tony Timpa's parents are only considered heirs of a decedent if the decedent does not have a surviving spouse or child. TEX. ESTATES CODE § 201.001(c); *Adkison v. Polaris Indus., Inc.*, No. 3:18-CV-02014-M, 2020 WL 137226, at *3 (N.D. Tex. Jan. 13, 2020).

Nonetheless, in circumstances where it is not possible for a claimant to cure its capacity defects, courts throw out a survival claim when it is challenged by a motion to dismiss or motion for summary judgment. *See Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex.App.-Fort Worth 1998, pet. denied) (husband, who sued as community survivor of deceased spouse's estate, was not proper party to bring survival action and, therefore, dismissal of survival claim was appropriate); *See also Lorentz,* 112 S.W.3d at 178–79 (holding person who was not an heir and had not been appointed personal representative of the estate when she filed survival action had no standing under statute to bring survival suit); *Ford Motor Co. v. Cammack,* 999 S.W.2d 1, 4–5 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (holding that parents of adult daughter did not establish standing when they failed to prove any justiciable interest in her estate's survival suit; they failed to prove whether she had died intestate or testate, they failed to obtain declaration of heirship from probate court, and no administration had occurred); *Pluet v. Frasier,* 355 F.3d 381, 384–86 (5th Cir.2004) (holding mother of decedent's alleged child did not establish standing to sue when she failed to prove any justiciable interest in estate's survival claim; paternity tests revealed child was not

4

decedent's and mother did not prove she was an heir or was appointed any type of representative of estate when suit was filed).

Under the Texas Survival Act, "a personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b) (Vernon 2002). Plaintiff, Vicki Timpa, is neither an heir nor a legal or personal representative of the Decedent and thus is not entitled to bring suit on behalf of the Estate.

Capacity involves the legal authority of the party to file or defend a suit. Generally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property, though in some circumstances, an heir has capacity to bring suit on behalf of a decedent's estate. *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998), *Frazier v. Winn*, 472 S.W.2d 750, 752 (Tex. 1971).

Here, no will was presented at trial because Tony Timpa died intestate. Therefore, the Texas Estates Code determines his heirs. Under the Texas Estates Code, the estate of a person who dies intestate with no spouse passes to the following: (1) his children and their descendants; (2) if no children, then to his father and mother in equal portions, and; (3) if no father or mother, then to brothers and sisters. Taking this chain of heirship determination into account, Tony Timpa's sole heir here is his one surviving child (K.T.). Thus, his sole child is his heir under the Texas Estates Code, not the Tony Timpa's parents or ex-wife. *See Adkison*, 2020 WL 137226, at *3 (finding that a decedent's parents are only heirs of a decedent if the decedent does not have a spouse or child). Because Tony Timpa died intestate with no spouse, and one surviving child, his sole heir is K.T. and therefore Vicki Timpa may not assert survival claim as an heir. Also, even if Vicki sought to bring the survival claims as an heir, which she is not, Plaintiffs have not pled nor proved by *any*

*evidence* the required proof that no administration was necessary. *See Austin Nursing Ctr.,* 171 S.W.3d at 850–51.

The only avenue for Vicki Timpa to assert a survival claim is as the representative of the estate, which she is not. This is because: (1) no family settlement agreement has been presented naming Vicki Timpa as the representative; (2) no court has named Vicki Timpa as the representative; and (3) there is no will before the Court appointing Vicki Timpa as the estate's administrator. As such, Vicki Timpa lacks the capacity to assert a survival claim as a representative of the estate or as an heir. TEX. CIV. PRAC. & REM. CODE § 71.021(b) (a personal injury action survives only to the heirs, legal representatives, and estate of the decedent).

Because Vicki Timpa is not the legal/personal representative of the Tony Timpa "Estate," she has no capacity to sue on behalf of the "Estate." No estate was created, no one before the Court has standing to bring any survival claims that would belong to an estate.

Therefore, the DPD Defendants move this Court to strike all survival claims and remove any survival claims damages from the proposed jury charge.

### III.   CONCLUSION

WHEREFORE, Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez respectfully request that the this Court to strike all survival claims and remove any survival claims damages from the proposed jury charge and for all other relief to which the Defendants are entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
Interim City Attorney

*s/ J. Cheves Ligon*
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov

Dallas City Attorney's Office
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:   214-670-0622

*Attorneys for Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ J. Cheves Ligon*
Senior Assistant City Attorney