IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA, INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD, | § § § § § § § | |
| Plaintiffs, | § § | 3:16-cv-03089-N |
| JOE TIMPA, | § § | |
| Intervenor, | § § | |
| vs. | § § | |
| DUSTIN DILLARD, DANNY VASQUEZ, RAYMOND DOMINGUEZ, DOMINGO RIVERA, KEVIN MANSELL, GLENN JOHNSON, AND CRIMINAL INVESTIGATIVE UNIT, LLC, | § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DPD DEFENDANTS' MOTION
FOR DIRECTED VERDICT ON SURVIVAL DAMAGES**

Plaintiffs VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF TONY TIMPA, CHERYLL TIMPA, INDIVIDUALLY and AS NEXT FRIEND to K.T., a MINOR CHILD file this their *Plaintiffs' Response to DPD Defendants' Motion for Directed Verdict on Survival Damages.*

## FACTS AND PROCEDURAL HISTORY

As the Court is amply familiar with the underlying facts, Plaintiffs will confine their recitation to only the following facts. Tony Timpa died intestate with a single surviving child, Kolton Timpa (K.T.). The evidence showed that, during the final 14 or so minutes of his life, Tony Timpa suffered pain, fright and torment as a result of the intentional acts of Defendants. Kolton and both of Tony's parents have been in this lawsuit for more than five years. Vicki Timpa filed suit as a representative of the Estate of Tony Timpa in 2016. Until their unsworn filed only last week, Defendants had never filed *any* challenge to any of the Timpas serving as a representative of the Estate.

## ARGUMENT AND AUTHORITIES

### A. The nature of Estate claims

A survival action seeks adjudication of the decedent's own claims for the injuries inflicted upon him by the defendant. *Austin Nursing Center, Inc. v. Lovato,* 171 S.W.3d 845, 850 (Tex. 2005). "Had the decedent lived, []he would have had standing to seek redress in the courts for those injuries; due to [his] death, a representative must pursue the claim on [his] behalf." *Id.* In a survival action, it is the decedent's estate that has a justiciable interest in the controversy sufficient to confer standing. *Id.* The estate, in turn, is entitled to recover those damages that the deceased sustained while he was alive plus funeral expenses, to the extent they are not awarded as part of the wrongful death action. *Id.* at 149-850 (citing *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 345 (Tex. 1992).

Thus, an heir or the legal representative of the decedent's estate may recover for the physical pain, suffering, medical expenses, and other damages sustained by the decedent before his death. *Adkinson v. Polaris Indus., Inc.,* No. 3:18-CV-02014-M, 2020 WL 137226, at *2 (N.D.

Tex. Jan. 13, 2020) (quoting *Borth v. Charley's Concrete Co.,* 139 S.W.3d 391, 395 (Tex. App.—Fort Worth 2004, pet. denied)); *see also Bedgood v. Madalin,* 600 S.W.2d 773, 775 (Tex. 1980); *Mitchell v. Akers,* 401 S.W.2d 907, 911 (Tex. App.—Dallas 1966, writ ref'd n.r.e.); State Bar of Texas, *Texas Pattern Jury Charges: General Negligence, Intentional Personal Torts & Workers' Compensation* PJC 30.3 (2020 ed.). The estate may also recover exemplary damages. *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex. 1981). Here, the Estate of Anthony Alan Timpa seeks to recover:

>   1. damages for Tony's conscious pain and mental anguish, and
>   2. exemplary damages.

Under the facts presented, the Estate has *bona fide* claims.

**B.  Authority of Vicki Timpa to pursue claims on behalf of Estate of Tony Timpa**

Generally speaking, the representative of a decedent's estate—i.e., the executor or administrator of the decedent's estate—has "exclusive capacity" to bring a survival claim. *Adkinson,* 2020 WL 137226, at *2 (citing *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 850 (Tex. 2005)). However, an heir may also bring the survival action when the heir can establish that no administration of the deceased's estate is necessary. *Roundtree v. City of San Antonio, Tex.,* No. SA-18-CV-01117-JKP-ESC, 2022 WL 508343, at *5 (W.D. Tex. Feb. 17, 2022) (citing *Aguirre v. City of San Antonio,* 995 F.3d 395, 423 (5th Cir. 2021)); *Adkinson,* 2020 WL 137226, at *2.

A decedent's parent constitutes an heir of the decedent provided the decedent does not have a spouse or a child. *Id.* at *3 (citing Tex. Estates Code § 201.001(c)). Here, however, of course there is in fact a child, Kolton Timpa. As a result, Tony's "estate descends and passes" exclusively to Kolton. TEX. ESTATES CODE § 201.001(b). Here there is no administration necessary as all

of the parties are before the Court and Tony had a single surviving heir, Kolton Timpa. Where there is " no administration upon the estate ... and the facts show that none is necessary or desired by those interested in [the] estate ... and the heirs are in possession of his property, they are in such sense the representatives of their ancestor ... [and] an original suit may be brought." *Stewart v. Hardie,* 978 S.W.2d 203, 07 (Tex. App.—Ft. Worth 1998) citing *McCampbell v. Henderson,* 50 Tex. 601, 611 (1879). Here the facts showed at trial Kolton Timpa is the only heir to the Estate. The facts showed that there was no administration necessary as all of the parties are in the lawsuit and that all the parties, who are before the Court in the lawsuit, neither need nor desire an administration. As the evidence has established, Kolton is Tony's only heir, but he lacks the capacity to represent himself. At present, too, Kolton is in possession of the property—right now only a claim—for his father's injuries. However, because of his age, this too is in a representative capacity—but through his mother.

**C. Defendants' have made an untimely challenge to Plaintiff's capacity.**

**1. Federal Rule of Civil Procedure 9(a) does not require pleading capacity.**

Federal Rule of Civil Procedure 9 states:

**(a) Capacity or Authority to Sue; Legal Existence.**
**(1)** *In General.* Except when required to show that the court has jurisdiction, a pleading need not allege:
**(A)** a party's capacity to sue or be sued;
**(B)** a party's authority to sue or be sued in a representative capacity; or
**(C)** the legal existence of an organized association of persons that is made a party.

To raise such capacity issues, "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge. FED. R. CIV. P. 9(a)(2). Here, Defendants have not file *any* pleading—sworn or unsworn or alleging any fact indicating that any plaintiff lacks *any* capacity to bring the Survival Action. See *Young v. Pattridge*, 40 F.R.D. 376, 379 (N.D. Miss. 1966) (internal quotation omitted) (citing FRCP 9(a) and finding right

to raise issue of plaintiff's capacity to sue was waived where defendant waited more than seven months after second amended complaint and more than three months after answer on merits was filed before attacking by motion to dismiss plaintiff's capacity to sue).

2. **Defendants waived right to object to capacity.**

The Fifth Circuit and Federal Rule of Procedure 9(a) require a party complaining about capacity to plead it as an affirmative defense. *Ralston Oil & Gas Co. v. Gensco, Inc.*, 706 F.2d 685, 691–92 (5th Cir. 1983) (explaining that objections to capacity are waived if not timely asserted); *Lang v. Tex. & Pac. R.R.*, 624 F.2d 1275, 1277 (5th Cir.1980) (explaining that if defendant fails to plead that plaintiff lacks capacity, objection is waived and defense is lost); *see also* FED. R. CIV. P. 9(a)(2) (governing "Pleading Special Matters" and providing that party seeking to challenge capacity "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge").

3. **Defendants waived right to object to capacity under Texas law.**

Under Texas law, a minor lacks the capacity to sue or be sued. "Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party *the capacity to sue on their behalf*." Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005)(Emphasis added). "Unlike standing, however, which may be raised at any time, a challenge to a party's capacity *must be raised by a verified pleading in the trial court*." The burden is on the defendant to challenge a plaintiff's capacity to sue, and the defendant's "failure to raise the issue of capacity through a verified plea results in waiver of that issue both at trial and on appeal." *Mariner Health Care of Nashville, Inc. v. Robins*, 321 S.W.3d 193, 200 (Tex. App.—

Houston [1st Dist.] 2010, no pet.); *see* TEX. R. CIV. P. 93. As the Texas Supreme Court explained in *Pledger v. Schoellkopf,* 762 S.W.2d 145, 145–46 (Tex.1988)

> When capacity is contested, Rule 93(2) requires that a verified plea be filed anytime the record does not affirmatively demonstrate the plaintiff's or defendant's right to bring suit or be sued in *whatever* capacity he is suing. (*Emphasis in original*).

In the present instance, Defendants have never raised the matter of capacity before the Court much less in a *verified pleading* as required. Their present motion is woefully late. *Mariner Health Care,* 321 S.W.3d at 202; see also *JBS Carriers, Inc v. Washington,* 513 S.W.3d 703, 720 (Tex. App.—San Antonio 2017)("[B]ecause BS and Lundry did not raise this issue of capacity in the trial court by verified pleading, they have waived any argument on appeal.") *rev'd on other grounds,* 564 S.W.3d 830 (Tex. 2018).

### D.  Plaintiffs' have capacity *and* standing.

A plaintiff must have both standing and capacity to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 848 (Tex.2005). "Standing is a necessary component of a court's subject matter jurisdiction." *Alpert v. Riley,* 274 S.W.3d 277, 291 (Tex.App.-Houston [1st Dist.] 2008, pet. denied) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444–45 (Tex.1993)). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Lovato,* 171 S.W.3d at 848 (citing 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1559, at 441 (2d ed. 1990)). Separate from the issue of a party's standing, a party's capacity implicates its legal authority to file a lawsuit and pursue a particular cause of action. *Lovato,* 171 S.W.3d at 847–48. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party

has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996) (emphasis in original).

In *JBS Carriers, Inc. v. Washington,* 513 S.W.3d 703, 719-720 (Tex. App.—San Antonio 2017), the Court of Appeals there reversed the trial court for failing to award a jury award for survival damages where the defendants alleged family members had "legal authority to act on behalf of the estate." *Id.* As here, it was deniable that the estate of the decedent suffered "an injury" and had a "justiciable interest in the controversy and thus standing." *Id.* citing *Lovato,* 171 S.W.3d at 849. Failing to raise this action by a *verified pleading* contesting capacity *timely* waived error for any claim for a lack of capacity.  In the present case, Tony's only surviving heir is before the Court. Under the present facts, Kolton Timpa, as he testified on Friday, September 22, 2023, is the sole heir to his father's estate and that he approved of his grandmother's filing a claim for the Estate of Tony Timpa that simply ensures that the Estate claim was made *at present.* Kolton Timpa could actually file his own claim on behalf of the Estate within two years of the date that he reaches the age of majority, approximately five years hence in 2028. Such an outcome would needlessly prolong and multiply the litigation.  Both by their tardiness and their motion, Defendants appear to be conflating the notions of standing and capacity. While Kolton Timpa is the *only heir* to the Estate, he has needed an adult to preserve those claims since the filing of this suit. In the present instance, his mother Cheryll has been listed as he personal representative for his Wrongful Death and Survival claims. See *Lovato v. Austin Nursing Center, Inc.,* 113 S.W.3d 45, 55 (Tex. App.—Austin 2003)(holding plaintiff cured her "defective standing" by bringing her claim as a personal representative of her mother's estate).

Defendants' reliance on *Ford v. Cammack,* 999 S.W.2d 1, 10 (Tex. App.—Houston 1999) is misplaced. *Cammack* explicitly addressed "standing" and Ford Motor Company timely "put the Cammacks to their proof on the standing issue by filing a verified denial *and* motion to show authority that challenged the Cammacks' right to bring suit under the survival statute.¨ *Id.,* at 10. Defendants have done no such thing here. Same goes for *Pluet v. Frasier,* 355 F.3d 381, 384-86 (5th Cir. 2004). That case, too, addressed standing and express worry that a party—where DNA evidence indicated there was no paternity—was usurping the role of another. These facts are entirely distinguishable from the present where all interested parties are united to advance the best interests of a minor child, Kolton Timpa.

### *Jordan v. Oliver*.

In another recent excessive force within the Northern District of Texas, the defendant tried the same gambit as attempted here. There, though, the claimant was the non-custodial father (Jordan Edwards) who had actually renounced his interest in the administration of his minor child's estate. As here, the Officer defendant filed a challenge to the father's capacity despite his not being a legal representative. Judge Lynn properly denied the challenge as untimely. Here, though, matters are even less complex. All of the relevant parties remain in the litigation and none of them dispute the premise that Tony Timpa' s only *son* and *heir* would have his grandmother (or grandfather) bring forth his claims in her representative capacity.

### **CONCLUSION**

The Federal Rule presume Plaintiffs have the capacity to sue. It was up to Defendants to timely assert and prove otherwise. In the many years since the filing of this suit, they have not done so. DPD Defendnants' unsworn motion is untimely under the Federal Rules and Texas substantive law. Defendants categorically waived any such right to complain. There is no evidence

that there is any other heir to the Estate or any controversy in having Vicki Timpa facilitate an action to protect her grandson's interests after her own son's untimely death. As a result, Defendant's Motion must be **DENIED**.

Respectfully Submitted,

By: /s/ *Geoff J. Henley*
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com

**HENLEY & HENLEY, P.C.**
2520 Fairmount, Suite 200
Dallas, Texas 75201
Tel. (214) 821-0222
Fax. (214) 821-0124
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.

/s/ *Geoff J. Henley*
Geoff J. Henley