IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYL TIMPA, INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-cv-03089-N |
| DUSTIN DILLARD, DANNY VASQUEZ, RAYMOND DOMINGUEZ, DOMINGO RIVERA, KEVIN MANSELL, GLENN JOHNSON, CRIMINAL INVESTIGATIVE UNIT, LLC | § § § § § § | |
| Defendants. | § | |

**AMENDED MOTION TO EXCLUDE TESTIMONY OF FREDERICK JOHNSON CONCERNING DAMAGES EVIDENCE**

Plaintiffs Vicki Timpa, Cheryll Timpa and K.T. file this their Motion to Exclude Testimony

of Frederick Johnson .

**FACTS AND PROCEDURAL HISTORY**

On July 5, 2023, Defendants urged that the testimony of Inmate Frederick Johnson is

relevant to the issues of damages. *Defendants' Response to Plaintiffs' and Intervenor's Motions*

*in Limine.* (ECF No. 291). Specifically, they urged

His conduct greatly increased the likelihood that he would be arrested, incarcerated, infected with disease, disabled or killed, and all of those outcomes would affect his ability to earn money and maintain familial relationships – the core of any calculation of damages. The jury cannot realistically project Mr. Timpa's future health, financial and relationship prospects if Plaintiffs are allowed to conceal all of the decisions he made to throw them away.

*Id.,* at *Abdul v. Logistics Express, Inc,,* 2009 WL 10722142 at *2 (S.D. Miss. July 7, 2009)(decedent's behavioral issues are relevant to damages and are not unfairly prejudicial). On September 25, 2023, Plaintiffs abandoned their claim for pecuniary losses. Thereafter, Defendants determined that they would not call two damages witnesses—Economist Helen Reynold and Dr. Steven Bird.

<u>ARGUMENT AND AUTHORITIES</u>

**A. Inmate Johnson's testimony <u>remains</u> irrelevant to Fourth Amendment liability.**

As stated in previous filings, Frederick Johnson's testimony has no relevance. *See* FED. R. EVID. 401. ("Evidence is relevant if: (a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.") It is well-settled that only what the officers knew at the time of the seizure is relevant to determine the reasonableness of force. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In other words, "[e]xcessive force claims ... are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001). What the litigants may learn or gather later is plainly irrelevant—which is fully congruent with the conditional relevance as explained by the Advisory Committee. Here, at the time of encountering Tony Timpa, none of the officers knew about anything that he had done or said before their arrival. They had <u>no knowledge</u> about Frederick Johnson before Timpa's killing. Thus, the statements from Frederick Johnson have no relevance to determining whether the DPD defendants employed excessive force and caused Timpa's death.

## B. Inmate Johnson's testimony <u>remains</u> irrelevant to causation.

Knowing well that Johnson's testimony has no probative value concerning Fourth Amendment liability, Defendants have attempted to shoe-horn Johnson's testimony into another acceptable category. The only two that remain are causation and damages. Johnson's testimony has zero relevance to causation. Johnson supposedly apprised DPD Detectives that Timpa alone had consumed a variety of illicit substances, none of which *except* cocaine were in Tony's toxicology screen. Notwithstanding Johnson's inaccuracies about the other substances, his proffered testimony that Tony <u>told</u> him that he, Tony, had done some cocaine is inadmissible hearsay. *See* FED. R. CIV. 801, 802. It would be offered only for the truth of the asserted matter and thus is wholly impermissible.  Johnson's hearsay statements assume that any statements about cocaine are actually relevant. For cause of death, none of the peer-reviewed literature actually bear that out.[1] Nonetheless, the medical examiner opined that cocaine usage PLUS the prone restraint killed Timpa. At best, the cocaine usage has slight relevance to Timpa's death.[2]

To the extent that cocaine consumption is relevant, though, it is already established by Timpa's own statements *and* equally importantly, the toxicology screen performed with the autopsy. Stated another way, Defendants seek hearsay testimony on a scantly relevant matter that

---

[1] Stephens et al., in the article entitled "Criteria for the Interpretation of Cocaine Levels in Human Biological Samples and Their Relation to the Cause of Death" - (Am J Forensic Med Pathol 2004;25: 1–10), state the following: "The determination that cocaine is directly responsible for the immediate cause of death should be considered only when there is a reasonably complete understanding of the circumstances or facts surrounding the death. Another, more obvious and immediate cause of death must be absent, or at least cocaine must be shown to be a significant contributing factor in the chain of medical findings that lead directly to the immediate cause of death."

[2] It also has slight relevance as a known risk factors for positional asphyxia. *See, e.g, Gutierrez v. San Antonio,* 139 F.3d 441, 446 (5th Cir. 1998) citing *See* San Diego Police Department, *Final Report of the Custody Death Task Force* (unpublished, June 1992). However, Defendants paradoxically assert that they had no knowledge that Tony Timpa had ingested cocaine, despite his admission and their repeated statements that he was "on something."

is already established by more reliable means. Johnson's cumulative hearsay concerning cocaine adds nothing new for the trier of fact.

### C. Inmate Johnson's testimony is irrelevant to damages.

Now that Plaintiffs have abandoned their claims concerning pecuniary losses and particularly since Dr. Stephen Bird will <u>not</u> testify on the subject of life expectancy and the decedent's "risky lifestyle." Unmoored from <u>any</u> theory tied to damages, the testimony of Frederick Johnson has no probative value. With no express claim for economic loss, Defendants' extant contention—the "jury cannot realistically project Mr. Timpa's future health, financial and relationship prospects if Plaintiffs are allowed to conceal all of the decisions he made to throw them away"—is entirely irrelevant.  The nature, length and duration of the interaction with Johnson has no tendency to make a fact of consequence in this litigation more or less probable. *See* FED. R. EVID. 401.

### D. Inmate Johnson's violates FRE 403.

As stated previously, Defendants' real aim with the Inmate Johnson testimony is to inject the topic of homoerotic sex into the jury box. FRE 403 provides that evidence should be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. "Courts have recognized that evidence of a defendant's homosexuality is prejudicial and should be excluded in many situations. " *U.S. v. Solesbee,* 94 Fed. Appx. 207, 214 (5th Cir. 2004) citing *People of Territory of Guam v. Shymanovitz,* 157 F.3d 1154, 1160 (9th Cir. Guam 1998)(concluding that admitting contents of gay magazines "served only the highly improper and offensive purpose of advising the jury that [defendant] was probably homosexual"); *United States v. Gillespie,* 852 F.2d 475, 479 (9th Cir.1988) ("evidence of homosexuality is extremely prejudicial"). The true purpose for the Johnson sideshow is to light a bonfire of homophobia and brand Tony an expendable pariah.

## CONCLUSION

Removing Plaintiffs' claims for pecuniary losses renders this testimony entirely irrelevant to liability, causation and, now more than ever, damages. This testimony will serve no other purpose than to subject Plaintiffs to irreversible, unfair prejudice. Plaintiffs thus urge the Court to bar the admission of Inmate Johnson's testimony.

Respectfully Submitted,

By:    /s/ *Geoff J. Henley*

Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com

**HENLEY & HENLEY, P.C.**
2520 Fairmount, Suite 200
Dallas, Texas 75201
Tel. (214) 821-0222
Fax. (214) 821-0124
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

On this 25th day of September 2023, I hereby certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.

/s/ *Geoff J. Henley*
Geoff J. Henley

**AMENDED MOTION TO EXCLUDE TESTIMONY OF
FREDERICK JOHNSON CONCERNING DAMAGES EVIDENCE**    **Page | 5**