ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil No. 3:16-CV-3089-N |
| | § | |
| DUSTIN DILLARD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

COURT'S CHARGE – PAGE 1

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses, the exhibits introduced by the parties, any stipulations of fact, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven, constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. The law does not give special treatment to any person. All persons are equal before the law and must be treated as equals in a court of justice.

Unless otherwise instructed, plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that plaintiffs have failed to

COURT'S CHARGE – PAGE 2

prove any element of a claim by a preponderance of the evidence, then plaintiffs may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are the sole judges of the credibility or believability of each witness and the weight or significance to be given to the witness's testimony. In weighing the testimony of a witness, you should consider: the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible

COURT'S CHARGE – PAGE 3

evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the

COURT'S CHARGE – PAGE 4

evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive right to give the testimony of that witness whatever credibility or weight, if any, as you think it deserves.

Remember that the lawyers' statements, objections, or arguments – whether made during the trial or during their opening and closing statements – are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If a lawyer's question assumes that some fact is true and the witness did not agree with that assumption, the question itself is not evidence that the assumed fact is true. You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is my duty to rule on those objections in accordance with the law.

COURT'S CHARGE – PAGE 5

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

"Tony Timpa" means the decedent, Anthony Timpa.

"Plaintiffs" means Vicki Timpa, both individually and as representative of the Estate of Anthony Timpa, Cheryl Timpa as next friend of K.T., a minor child, and Joe Timpa.

"Dillard" means Defendant Dustin Dillard.

"Vasquez" means Defendant Danny Vasquez.

"Dominguez" means Defendant Raymond Dominguez.

"Mansell" means Defendant Kevin Mansell.

QUESTION NO. 1:

Did Dillard violate Tony Timpa's constitutional rights?

Answer "yes" or "no":

Yes

INSTRUCTIONS FOR QUESTION NO. 1:

Plaintiffs claim that Dillard violated Tony Timpa's constitutional right to be free from the use of excessive force during a restraint.

To recover damages for this alleged constitutional violation, Plaintiffs must prove by a preponderance of the evidence that:

1.    Dillard committed an act that violated the constitutional right that Plaintiffs are claiming was violated; and

2.    Dillard's acts were the cause of Tony Timpas's injuries.

In this case the parties have agreed that Defendants acted "under color" of state law, and you must accept that fact as proved.

The plaintiff must prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damages plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damages plaintiff suffered.

COURT'S CHARGE – PAGE 7

An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act or omission.

Plaintiffs claim Dillard violated the Fourth Amendment by using excessive force in restraining Tony Timpa. The Constitution prohibits the use of unreasonable or excessive force while restraining a person, even when the restraint is otherwise proper. To prevail on a Fourth Amendment excessive force claim, Plaintiffs must prove the following by a preponderance of the evidence:

1. an injury;

2. that the injury resulted directly from the use of force that was excessive to the need; and

3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Tony Timpa's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to restrain a person. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including: (1) the severity of the crime at issue, (2) whether Tony Timpa posed an immediate threat to the safety of the officers or others, and (3) whether Tony Timpa was

COURT'S CHARGE – PAGE 8

actively resisting restraint or attempting to evade restraint by flight.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation.

Once a subject has been handcuffed and subdued and is no longer resisting, an officer's subsequent use of force is excessive. If enough time elapsed between the subject's active resistance and the use of force that a reasonable officer would have realized the subject was no longer resisting, the further use of force is unnecessary and objectively unreasonable.

Dillard's restraint of Tony Timpa was also excessive force if it carried with it a substantial risk of causing death or serious bodily harm and Dillard did not have probable cause to believe that Tony Timpa posed a threat of serious physical harm.

If your answer to Question No. 1 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 2:

Did Vasquez, Dominguez, or Mansell violate Tony Timpa's constitutional rights? Answer "yes" or "no" for each defendant:

a.    Vasquez

_____Yes_____

b.    Dominguez

_____Yes_____

c.    Mansell

_____No_____

INSTRUCTIONS FOR QUESTION NO. 2:

Plaintiffs claim that Vasquez, Dominguez, and Mansell violated Tony Timpa's constitutional right to be free from the use of excessive force by failing to intervene with Dillard.

To recover damages for this alleged constitutional violation, Plaintiffs must prove by a preponderance of the evidence for each named Defendant that:

1.    the Defendant committed an act that violated the constitutional right Plaintiffs claim was violated; and

2.    the Defendant's failure to intervene was the cause of Tony Timpas's

COURT'S CHARGE – PAGE 10

damages.

An officer is liable for failure to intervene when that officer:

(1) knew a fellow officer was violating an individual's constitutional rights;

(2) was present at the scene of the constitutional violation;

(3) had a reasonable opportunity to prevent the harm; and

(4) nevertheless, chose not to act.

If your answer to Question No. 1 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 3:

Were the actions of Defendants protected by qualified immunity?

Answer yes or no for each defendant you have found violated Tony Timpa's constitutional right in Questions Nos. 1 or 2:

a.   Dillard

_____Yes_____

b.   Vasquez

_____Yes_____

c.   Dominguez

_____No_____

d.   Mansell

_____Yes_____

INSTRUCTIONS FOR QUESTION NO. 3:

As to each claim for which Plaintiffs have proved each essential element for a defendant, you must consider whether that defendant is entitled to "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified

COURT'S CHARGE – PAGE 12

immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the restraint of Tony Timpa was lawful in light of clearly established law and the information Defendants possessed. But defendants are not entitled to qualified immunity if, at the time of the restraint, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that an officer engages in an objectively unreasonable application of force by continuing to kneel on the back of an individual who has been subdued. It was also clearly established that an officer has a duty to intervene to prevent another officer from violating an individual's constitutional rights.

If, after considering the scope of discretion and responsibility generally given to officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to each defendants at the time of the restraint, you find that Plaintiffs failed to prove that no reasonable officer could have believed that the restraint was lawful, then that defendant is entitled to qualified immunity.

You should consider qualified immunity separately for each defendant you have found violated Tony Timpa's constitutional rights in Questions Nos. 1 or 2.

COURT'S CHARGE – PAGE 13

If your answer to Question No. 1 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 4:

Were the actions of Defendants that violated Tony Timpa's constitutional rights taken with malice or with reckless indifference to the rights of others?

Answer yes or no for each defendant you have found violated Tony Timpa's constitutional rights in Questions Nos. 1 or 2:

a.   Dillard

        No

b.   Vasquez

        No

c.   Dominguez

        No

d.   Mansell

        No

INSTRUCTIONS FOR QUESTION NO. 4:

One acts with malice when one purposefully or knowingly violates another's rights or safety.  One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

COURT'S CHARGE – PAGE 14

## DAMAGES

I will now instruct you on damages. If you find a defendant liable, then you must determine the amount of damages to be awarded to plaintiffs. By instructing you on damages, I am not suggesting which party should win on any issue. These instructions are provided to guide you on the calculation of damages in the event you find a party liable, and thus must address the damages issue.

Compensatory damages cannot be based on speculation, for it is only actual damages that are recoverable. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative harm, but only for those damages which plaintiffs actually demonstrated.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may

not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

If your answer to Questions Nos. 1 and 2 is "yes" for any defendant and your answer to Question No. 3 is no for that defendant, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 5:

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, resulting from the death of Tony Timpa?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Tony Timpa.

The elements of damages are:

1. Loss of companionship and society sustained in the past or that, in reasonable probability, will be sustained in the future.

2. Mental anguish sustained in the past or that, in reasonable probability, will be sustained in the future.

Answer in dollars and cents for damages, if any, for:

1.     Vicki Timpa



2.     Joe Timpa

COURT'S CHARGE – PAGE 17



3.     K.T.



INSTRUCTIONS FOR QUESTION NO. 5:

In determining damages, you may consider the relationship between Tony Timpa and Plaintiffs, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from Tony Timpa had he lived.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Plaintiffs because of the death of Tony Timpa.

To recover compensatory damages for mental and emotional distress, each Plaintiff must prove that he or she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but each Plaintiff must support his or her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

COURT'S CHARGE – PAGE 18

If your answer to Question Nos. 1 and 2 is "yes" for any defendant and your answer to Question No. 3 is no for that defendant, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate the Estate of Tony Timpa for—

1. Pain and mental anguish.

Answer in dollars and cents for damages, if any.

Answer: ___No___

INSTRUCTIONS FOR QUESTION NO. 6:

Do not reduce the amount, if any, in your answers because of the negligence, if any, of Tony Timpa.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Tony Timpa before his death as a result of the occurrence in question.

If your answer to Question No. 4 is "yes" for any defendant, then answer the following question.  Otherwise do not answer the following question.

QUESTION NO 7:

What sum of money, if any, should be awarded to Plaintiffs and against Defendants for punitive damages?

Answer for each defendant for whom you answered "yes" to Question No. 4.

a.     Dillard

_____

b.     Vasquez

_____

c.     Dominguez

_____

d.     Mansell

_____

INSTRUCTIONS FOR QUESTION NO. 7:

The purpose of punitive damages is to punish and deter, not to compensate.  Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future.  You are not required to award punitive damages.  If you do decide to award punitive damages, you must use sound reason in setting the amount.  Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.

COURT'S CHARGE – PAGE 20

It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages against a defendant, the following factors should guide you in fixing the proper amount:

1.  the reprehensibility of that defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether that defendant's conduct was motivated by a desire to augment profit;

2.  the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3.  the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of each defendant in fixing the amount of punitive damages.

You may impose punitive damages against one or more of defendants and not others. You may also award different amounts against each defendant.

### JURY DELIBERATIONS

It will shortly be your duty to deliberate and to consult with one another in an effort to reach a verdict. Your verdict must be unanimous. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a

COURT'S CHARGE – PAGE 22

presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.

Do not deliberate unless all members of the jury are present in the jury room.  For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

During your deliberations I will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.  If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

SIGNED this _26th_ day of September, 2023.

David C. Godbey
Chief United States District Judge

COURT'S CHARGE – PAGE 23