# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TIMPA, AND CHERYLL TIMPA INDIVIDUALLY AS NEXT FRIEND OF K. T., A MINOR CHILD<br>    Plaintiffs, | § § § § § § § § | |
| V. | § § | CIVIL ACTION NO. 3:16-cv-03089-N |
| DUSTIN DILLARD, DANNY VASQUEZ, RAYMOND DOMINGUEZ, DOMINGO RIVERA, KEVIN MANSELL, GLENN JOHNSON, CRIMINAL INVESTIGATIVE UNIT, LLC<br>    Defendants. | § § § § § § § § § | |

### PLAINTIFFS VICKI TIMPA, THE ESTATE OF ANTHONY TIMPA, CHERYLL TIMPA AND K.T.'S MOTION FOR NEW TRIAL ON DAMAGES

Vicki Timpa, Individually, and as Representative of the Estate of Anthony Timpa, Cheryll Timpa, Individually and as Next Friend of K.T., a Minor Child, and file this Motion for New Trial on Damages.

### SUMMARY OF MOTION

The jury found Defendant Dominguez violated Tony Timpa's Constitutional rights but awarded no damages to either parent or to the Estate. Under the law of the Fifth Circuit, that is an abuse of juror discretion requiring a new trial on damages for those Plaintiffs.

### FACTS

On September 27, 2023, a jury rendered a verdict in this action. The jury found that three defendants—Dustin Dillard, Danny Vasquez and Raymond Dominguez—violated Tony Timpa's

Constitutional rights. The jury, however, determined that qualified immunity shielded two of the defendants but not Defendant Dominguez. Thereafter, the jury awarded damages of $1 million to the minor plaintiff in this action but awarded <u>no damages</u> to the parents of the decedent, Vicki and Joe Timpa or to the decedent's Estate.[1] In the immediate aftermath of the verdict, two jurors reported irregularities during deliberation, including statements indicating that jurors impermissibly considered matters beyond their instructions. See "2 jurors say they failed Tony Timpa in verdict for Dallas cops: 'I should have done more,'" *The Dallas Morning News,* Oct. 1, 2023, https://www.dallasnews.com/news/public-safety/2023/10/01/2-jurors-say-they-failed-tony-timpa-in-verdict-for-dallas-cops-i-should-have-done-more/. Specifically, one or more jurors worried about the economic impact on the officers' families; one also stated an intent not to give *anything* to the parents. *Id.* The results were manifest in the verdict.

## ARGUMENT AND AUTHORITIES

**A.  Liability findings require an award of damages.**

"A new trial on the issue of damages once liability has been definitively established is proper." *Peralta v. Epic Diving and Marine Services, L.L.C.,* 2012 WL 3815634 at *2 citing *Pagan v. Shoney's, Inc.,* 931 F.2d 334, 337 (5th Cir.1991)( error to "award special damages for medical expense and lost wages, but not for general damages); *Davis v. Becker & Assoc., Inc.,* 608 F.2d 621, 622 (5th Cir.1979)("[T]he interrogatory awarding "0" damages for pain and suffering cannot be reconciled with Interrogatory No.1, finding that defendant negligently caused injury to plaintiff."); *Berberich v. Patterson Serv., Inc.,* 2007 WL 2088556, at *2 (W.D.La.2007). "If the verdict is contrary to the great weight of the evidence, a new trial is necessary to prevent a miscarriage of justice." *Berberich,* 2007 WL 2088556, at *2 (citing *United States use of*

---

[1] **These findings were substantially different than those from two focus groups and a survey conducted of some 255 respondents. See,** *e.g.,* **Exhibit "A."**

*Weyerhaeuser Co. v. Bucon Const. Co.,* 430 F.2d 420, 423 (5th Cir.1970)). Here, Plaintiffs unequivocally prevailed on their liability claim, at least against Defendant Dominguez.

**B. Verdict of injury was based on uncontroverted evidence of homicide.**

"To prevail on a Fourth Amendment excessive-force claim, a plaintiff must establish: (1) an injury; (2) that the injury resulted directly from the use of excessive force; and (3) that the excessiveness of the force was unreasonable." *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir.2011) (quoting *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir.2007)). In the present case, the jury determined that three defendants violated Tony Timpa's Fourth Amendment rights and caused him injury, specifically death. The jury heard uncontroverted evidence that Tony Timpa's death was the result of a HOMICIDE as well as the body camera footage depicting more than 14 minutes of Defendant Dillard kneeling on the handcuffed Timpa in prone restraint. Four medical professionals testified at length about the cause of death—three on behalf of Plaintiffs and one on behalf of Defendants. Based on this and other evidence, the jury found that Dillard used excessive force and Vasquez and Dominguez failed to intervene as required under law. The jury determined that Dillard and Vasquez were shielded by qualified immunity, while the latter was not. While Plaintiffs would urge the QI finding for Dillard and Vasquez defies the law and evidence and the award of $1 million only for K.T. is against the great weight of the evidence, the jury's finding of liability against Dominguez is wholly incompatible with the award of "zero" or "no[ne]" damages for either parent or the Estate.

**C. Plaintiffs are entitled to new trial on damages.**

   **1. Vicki and Joe Timpa are entitled to a new trial on damages.**

Parents have standing for the wrongful death of a child. *Hobart v. City of Stafford,* 784 F.Supp.2d 732, 745 (S.D. Tex. 2011) citing *Rhyne v. Henderson County,* 973 F.2d 386, 391 (5th

Cir.1992). Texas law makes clear that the parents of the deceased are eligible beneficiaries in a wrongful death action. Tex. Civ. Prac. & Rem. Code § 71.004(a)(Vernon 2008); *see Valle v. City of Houston,* 613 F.3d 536, 541 (5th Cir.2010). As a matter of law, the jury was required to award the Timpas damages after having found that Defendant Dominguez failed to intervene to prevent their son's death from excessive force. *Wiltz v. Welch,* 651 Fed. Appx. 270, 273 (5th Cir. 2016)("If a plaintiff establishes objective injuries, then a jury's failure to award damages for pain and suffering is an abuse of discretion."); see also *Starks v. Advantage Staffing, LLC,* 217 F.Supp.3d 917, 920 (E.D. La. 2016)('The Court therefore finds there is no evidentiary basis for the jury's award of "$0" for future pain and suffering because the Plaintiff has proven objective injuries that require medical care."); see also *Peralta,* at 2 citing *Lucas v. Am. Mfg. Co.,* 630 F.2d 291, 293 (5th Cir.1980). Here, the jury flatly abused its discretion in failing to *any* damages to Joe or Vicki Timpa, despite hearing from <u>five</u> different family members about the pain all of them suffered as a result of Tony's death. Indeed, one or more of the defendants testified that they would have presumed that the Plaintiffs suffered massive and unimaginable damages. The jury ignored all of this evidence, despite duties under the law.

**2. The Estate of Tony Timpa is entitled to a new trial on damages.**

A personal-injury claim brought on a deceased person's behalf is commonly called a "survival action" or a "survival claim." *Durham v. Med. Ctr. of Dallas*, 488 S.W.3d 485, 490 (Tex. App.—Dallas 2016, pet. denied). Under the Texas Survival Statute, "[a] cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person." CIV. PRAC. & REM. § 71.021(a). The purpose of the survival statute is to continue a decedent's cause of action beyond death to redress the decedent's estate for decedent's injuries. *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio,*

*Inc.*, 131 S.W.3d 113, 119 (Tex. App.—San Antonio 2004), *aff'd on other grounds* 159 S.W.3d 87 (Tex. 2005). The damages recoverable are those which the decedent sustained while alive. *Id.* Any recovery obtained flows to those who would have received it had the decedent obtained a damages recovery immediately prior to death. *Sanchez ex rel. Estate of Galvan v. Brownsville Sports Center, Inc.,* 51 S.W.3d 643, 665 (Tex. App.—Corpus Christi 2001). Thus, the heirs or legal representatives of a decedent's estate may recover for the physical pain, suffering, and property damage sustained by the decedent before death, as well as for medical expenses and other damages. *Id.* citing *Martinez v. Angerstein,* 517 S.W.2d 811, 815–16 (Tex. Civ. App.—Corpus Christi 1974, writ dism'd w.o.j.). A party may establish the existence of conscious pain and suffering by circumstantial evidence. Pain and suffering may be inferred or presumed as a consequence of severe injuries. *City of Austin v. Selter,* 415 S.W.2d 489, 501 (Tex. Civ. App.—Austin 1967, writ ref. n.r.e.). In Texas, "pain consciously suffered and experienced is compensable." *Southern Pac. Transp. Co. v. Luna,* 730 S.W.2d 36, 38 (Tex. App.—Corpus Christi 1987, no writ).

The jury's finding of Constitutional injury is no less pertinent to the claims of the Estate of Tony Timpa under the Survival Statute and authorities construing it. Here, the jury received video, photographic, documentary and testimonial evidence that Tony (1) suffered for approximately 11 minutes before his death, according to Dr. Martin Tobin; (2) had agonal breathing (Dr. Tobin and Dr. Kimberly Collins); (3) had cyanosis on his face, neck, shoulders and arms (Dr. Collins and Parkland Medical Records); (4) suffered blunt force trauma wounds (Dr. Jeffrey Barnard); (5) yelled for help (BWC); and (6) struggled to breathe (BWC). Completely disregarding the rights of the Estate (Timpa's sole surviving heir, his son) was likewise an abuse of discretion. *Wiltz,* 651 Fed. Appx. at 273; *Davis,* 608 F.2d at 622. As a result, the Estate is likewise entitled to a new trial on damages.

## CONCLUSION

Fifth Circuit precedent is abundantly clear. While jury findings are accorded deference, they are still bound by the law. There is no discretion for any jury to determine a party *unlawfully caused actual injury* to another and then excuse a tortfeasor. Here, the jury saw and heard devastating details of a grisly death. Despite this evidence, the jury nullified not just the law concerning qualified immunity but its separate ruling on Constitutional violation. In doing, it abused discretion in refusing to award damages to either parent or the Estate. Plaintiffs thus move this motion be **GRANTED** and a new trial on damages be ordered.

Respectfully Submitted,

By:  /s/ *Geoff J. Henley*
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com

**HENLEY & HENLEY, P.C.**
2520 Fairmount, Suite 700
Dallas, Texas 75201
Tel. (214) 821-0222
Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS
VICKI TIMPA
CHERYLL TIMPA AND K.T.**

## CERTIFICATE OF SERVICE

        I hereby certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system which will send notification to all attorneys of record who are registered for electronic notice.

                                            /s/ *Geoff J. Henley*
                                            Geoff J. Henley