IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, ET AL. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-CV-03089-N |
| | § | |
| DUSTIN DILLARD, ET AL. | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO SEVER CLAIMS OF K.T. OR ALTERNATIVELY MOTION FOR PARTIAL FINAL JUDGMENT FOR K.T.**

TO THE HON. JUDGE DAVID GODBEY:

Plaintiff K.T. Vicki Timpa, Individually, and as Representative of the Estate of Anthony Timpa and Cheryll Timpa, individually, and as next friend of K.T.,, file this *Plaintiffs' Motion to Sever Claims of K.T.* or *Alternatively Motion for Partial Final Judgment for K.T.* and would should the following:

**I.**

**FACTS AND PROCEDURAL HISTORY**

This case involves the Plaintiff's claims that the Defendant deprived Plaintiff of the rights and privileges secured to Plaintiff by the Fourth Amendment to the United States Constitution and by other laws of the United States. The Defendant, under the color of law, used excessive force against the Plaintiff depriving Plaintiff of his Fourth Amendment right to be free from unreasonable search and seizure.

This case proceeded to trial on September 18, 2023. The Plaintiff announced ready and appeared for trial. The Defendant announced ready and appeared for trial. After the conclusion of evidence and submission of a charge to the jury (which is adopted herein by reference as if set

forth verbatim) on September 27, 2023. In the verdict, the jury awarded $1 million to the minor Plaintiff, K.T., but to no other Plaintiff. At present, Plaintiffs have a pending Motion for Judgment for K.T. and a pending Motion for New Trial on Damages for Plaintiffs Vicki Timpa and the Estate of Anthony Alan Timpa. In addition, Intervenor Joe Timpa's claim remains pending.

Plaintiffs thus move to sever the action of Plaintiff K.T. from all other claims.

## II.
## ARGUMENT AND AUTHORITIES

### A.  FRCP 21 provides Court broad discretion to sever claims and parties.

Under Federal Rule of Civil Procedure 21, a district court has "broad discretion" to sever issues tried before it. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see* Fed. R. Civ. P. 21 ("The court may ... sever any claim against a party."). A claim is suitable for severance "if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). When a claim is severed under Rule 21, two separate actions result—each proceeding as a "discrete, independent action." *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (citing *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)). "[A] court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.*

The Fifth Circuit has not formally adopted a test to determine when severance is warranted. *United States v. 0.2853 Acres of Land*, 2019 WL 5000161, at *4 (N.D. Tex. Sep. 16, 2019) *adopted by* 2019 WL 4996855 (N.D. Tex. Oct. 7, 2019). "However, district courts in this circuit consider the following factors when deciding whether a claim should be severed under Rule 21:

(1) whether the claims arose out of the same transaction or occurrence;

(2) whether the claims present common questions of law or fact;

(3) whether settlement or judicial economy would be promoted;

(4) whether prejudice would be averted by severance; and

(5) whether different witnesses and documentary proof are required."

*In re Rolls Royce Corp.*, 775 F.3d 671, 675 n.6 (5th Cir. 2014) (citing *PHI, Inc. v. Apical Indus.*, 2014 WL 1820717, at *5 (W.D. La. Mar. 7, 2014) (collecting cases)).

### B.  FRCP 54 allows for partial final judgments.

Similarly, Federal Rule of Civil Procedure 54 addresses the matter of multiple claims and parties. FRCP 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or *when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

### C.  Severance or a partial judgment for K.T. would serve the ends of justice.

#### 1.  Severance of K.T.'s claims is proper under FRCP 21.

Given that this matter has already been tried to a verdict, some of the listed factors, *e.g.* the identity of witnesses and the nature of documentary evidence, are not operable. As the Court well-understands after seven years of litigation and seven days of trial, the claims of all Plaintiffs arise from the same transaction and occurrence: the death of Tony Timpa. FRCP 21 provides for severing K.T.'s claims so that both settlement and judicial economy would be promoted. K.T.'s verdict must be reduced to a final, appealable and collectible judgment, so that his claims *at least* will advance toward finality while the actions of the other parties—including those of Intervenor—remain pending. Allowing the minor child to finalize his claims will prevent needless delay and

prejudice. What is more, too, is that it will result in decreased costs to Defendants' indemnitor as prejudgment interest of more than $4,000.00 a month will cease. Finally, resolving this action may further induce all parties to resolve the actions that remain.

**2. Partial final judgment for K.T. is alternatively appropriate.**

Alternatively, Plaintiffs move that the Motion for Judgment for K.T. be made partial and final pursuant to FRCP 54(b). This method is more direct but would further require the Court to "expressly determine[] that there is no just reason for delay." FED. R. CIV. P. 54. Here, there is no just reason for delaying the entry of judgment, interest and attorneys' fees for the minor child who prevailed in his own 1983 claim. See *Oliver v. Klein Independent School District,* 472 F.Supp.3d 367, 376 (S.D. 2020); *Guerrero v. Tovar,* 2019 WL 5401016 at *2 (W.D. Tex. Sept. 25, 2019)(holding partial final judgments proper under FRCP 54(b) where multiple defendants were dismissed from action).

## CONCLUSION

The Court has ample reason under FRCP 21 to sever K.T. or under FRCP 54 to render a partial judgment in his favor. Either undertaking will promote judicial economy and preclude unnecessary delay for that Plaintiff to obtain justice.

Plaintiffs move that their relief be **GRANTED.**

Respectfully Submitted,

**HENLEY & HENLEY, P.C.**

By: /s/ *Geoff J. Henley*
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
2520 Fairmount, Suite 200
Dallas, Texas 75201
Tel. (214) 821-0222
Fax. (214) 821-0124

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

On November 21st and November 22nd, I placed phone calls to opposing counsel, Lindsay Gowin, and left messages on her voicemail stating that I intended to sever K.T.'s claims from the remaining litigation and that I sought to ascertain whether she was opposed. In addition, on November 21st, I emailed a similar message to her and her second chair, Cheves Ligon. To date, no response has been received. I will thus presume that the motion is OPPOSED barring the presentation of new information.

/s/ *Geoff J. Henley*
Geoff J. Henley

**CERTIFICATE OF SERVICE**

On November 22, 2023, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/EFC system of the court. I hereby certify that I have served all counsel of record electronically or in another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ *Geoff J. Henley*
Geoff J. Henley