IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKI TIMPA et al., | § |
| Plaintiffs, | § Civil Action No. 3:16-CV-03089-N |
| and | § |
| JOE TIMPA, | § |
| Intervenor, | § |
| v. | § |
| DUSTIN DILLARD et al., | § |
| Defendants. | § |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTIONS FOR JUDGMENT FOR K.T. AND TO SEVER CLAIMS OF K.T.**

TO THE HONORABLE COURT:

Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell ("Defendants") file this combined response to Plaintiffs' Motion for Judgment for K.T. (ECF No. 338) and Motion to Sever Claims of K.T. or Alternatively Motion for Partial Judgment for K.T. (ECF No. 340, "Motion,") and would respectfully show as follows:[1]

**I. SUMMARY**

Plaintiffs Cheryll Timpa as Next Friend of K.T., a Minor, and Vicki Timpa, Individually, and as Representative of the Estate of Anthony Timpa request the Court sever K.T.'s claims from this action, to finalize those claims and allow for entry of a partial final judgment, damages

---

[1] Plaintiffs first filed a Motion for Judgment for K.T. (ECF No. 338) and subsequently filed their motion to sever K.T.'s claims (ECF No. 340). Given that the latter Motion seeks the same relief as the first motion, Defendants presume this Motion superseded ECF No. 338.

1

awarded, attorney's fees, costs of court, and pre-and post-judgment interest. However, Plaintiffs have not met their burden of demonstrating that severance is necessary and are essentially attempting through means of a Rule 21-based severance to obtain relief under Rule 54(b). Plaintiffs' motion to sever should be denied.

Further, Plaintiffs have not explained what hardship or delay would be caused if the Court exercises its discretion not to enter a partial final judgment under Rule 54(b). The entry of final judgment here has only been delayed due to Plaintiffs' pending post-trial motions for new trial on damages (ECF 334), motion for judgment (ECF 338), and motion to sever claims, or alternatively, motion for partial final judgment for K.T. (ECF 340). Because Plaintiffs have failed to show that there is "no just reason for delay," the Court should deny their motion for entry of partial final judgment.

## II. ARGUMENTS AND AUTHORITIES

**A. Plaintiffs have not met their burden to show that severance is necessary.**

Rule 21 of the Federal Rules of Civil Procedure provides that the court may "sever any claim against a party." Fed. R. Civ. P. 21. The Fifth Circuit has explained the effect of a Rule 21 severance:

> *Severance under Rule 21 creates two separate actions or suits where previously there was but one.* Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (emphasis added.) A claim may be suitable for severance "if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). "Severance may be warranted in cases where

the facts present highly individualized claims and failing to sever would increase the likelihood of prejudice and the potential for jury confusion." *UnitedHealthcare Servs., Inc. v. Next Health, LLC*, No. 3:17-CV-00243-E, 2021 WL 4734499, at *3 (N.D. Tex. July 2, 2021) (citation omitted.)

As this Court has held,

> [a] district court has broad discretion to sever a claim into a separate case and considers the following factors in exercising its discretion: whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Paragon Office Servs., LLC v. United Healthcare Ins. Co., Inc.*, No. 3:11-cv-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (citation omitted); *see* Fed. R. Civ. P. 21; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). As the movants, Plaintiffs bear the burden to show severance is necessary. *See Paragon*, 2012 WL 442368, at *1. Plaintiffs have failed to meet this burden.

As a preliminary matter, although Plaintiffs request the Court sever K.T.'s claims under Rule 21, the relief they seek is essentially a partial final judgment under Rule 54(b). *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) (denying motion to sever where party was "attempting through means of a Rule 21-based severance to obtain Rule 54(b) relief".) Nevertheless, because Plaintiffs invoke Rule 21 in their pending motion, Defendants apply the standard outlined above.

First, the third factor—whether settlement of the claims or judicial economy would be facilitated—weighs against severance. It is unclear how creating an entirely separate action seven years into a litigation, after a jury has rendered a verdict, would move K.T.'s claims into settlement or further an appeal. Plaintiffs' Motion simply states such a severance is necessary "so that both

3

settlement and judicial economy would be promoted." Mot. p. 3. Because Plaintiffs offer no explanation to support their conclusory statement, the Court must speculate on the reason, and Defendants will not venture to explain how a separate suit about the same incident would streamline the judicial process. *See Bodine v. First Co.*, No. 3:20-CV-03116-G-BT, 2021 WL 2823447, at *6 (N.D. Tex. July 7, 2021) ("Plaintiffs' claims arise out of and depend on the same transaction or occurrence—the business dispute between the Bodines and First Co. Plaintiffs present common questions of law and fact that implicate the same or similar witnesses and evidence. Severance would therefore do little to promote judicial economy.")

Second, each of Plaintiffs' claims involve one single "transaction or occurrence," the same witnesses, the same documentary proof, and the same questions of law and fact. *Paragon Office Servs., LLC*, 2012 WL 4442368, at *1. Plaintiffs' Motion glosses over these critical factors, without citing any case law, concluding they are "not operable."[2] All Plaintiffs seek the same relief based on the same incident.

Third, severance is reserved for circumstances extraordinarily unlike the present. For example, "[s]eparate trials may be necessary when a defendant insurer makes a settlement offer, which serves as a defense to extra-contractual claims but could prejudice a trial regarding liability." *Kea v. Meridian Sec. Ins. Co.*, No. 3:19-CV-2017-G, 2019 WL 6729083, at *3 (N.D. Tex. Dec. 10, 2019) (citation omitted.) Severance has also been employed where cases are better tried in different jurisdictions. *See, e.g. Grant v. C.R. Bard Inc.*, No. 3:20-CV-1472-S, 2020 WL 6302652, at *1 (N.D. Tex. Aug. 17, 2020) (severing claims and transferring to district where medical device

---

[2] It is not clear what Plaintiffs mean by "not operable." Merriam-Webster defines the term "operable" as "fit, possible, or desirable to use; likely to result in a favorable outcome upon surgical treatment." *Operable, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/operable. (Accessed Dec. 18, 2023.) Defendants assume Plaintiffs mean that those factors are not applicable to their analysis under the circumstances of this case. But, the first, second, and fifth factors all weigh against severance.

at issue was implanted.) And, as is often the case, courts sever cases due to improper joinder. *See, e.g. Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-0014-O, 2014 WL 4449821, at *16 (N.D. Tex. Sept. 10, 2014) ("Apple's accused products are not the same as the accused products of the remaining Defendants, a requirement for joinder under the AIA. Accordingly, the Court will grant Apple's motion to sever.") Here, the jury rendered its verdict as to all Defendants regarding all of Plaintiffs' claims.

In sum, Plaintiffs' Motion provides no basis for creating a separate suit for K.T.'s individual claims.

### B. Plaintiffs have not met their burden to show that partial judgment is necessary.

In the alternative, Plaintiffs seek partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Mot. p. 4. Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

One function of Rule 54(b) is to mitigate "[t]he danger of hardship through delay of appeal until the whole action is concluded" in cases involving multiple parties and claims. Fed. R. Civ. P. 54(b) advisory committee's note to 1961 amendment. The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). It explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case]

5

only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.*

"[A] district court deciding whether to certify a judgment under Rule 54(b) must make two determinations." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). "First, the district court must determine that it is dealing with a final judgment." *Id.* (internal marks omitted). The judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (internal marks omitted). "The second determination the district court must make is whether any just reason for delay exists." *Briargrove*, 170 F.3d at 539.

In deciding whether there are "no just reasons to delay," a district court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980.) "Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* (internal marks omitted). "Proper consideration of these concerns requires the district court to act as a dispatcher, and to weigh a variety of factors to determine whether its disposition is appropriate for Rule 54(b) certification." *Briargrove*, 170 F.3d at 539 (internal marks omitted). "According to the text of Rule 54, this determination must be made expressly." *Id.* "The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp.*, 446 U.S. at 10.

Or, more simply,

> the text of Rule 54(b) identifies the problem that it is attempting to solve (adjudication as to only some parties or only some claims "does not end the action" and is thus not, by itself, a final judgment), and then provides the solution (district courts may enter partial final judgment to facilitate appeal).

6

*Williams v. Seidenbach*, 958 F.3d 341, 348–49 (5th Cir. 2020) (parentheticals in original.)

Plaintiffs' Motion's sole argument for why this Court should grant their request for relief under rule 54(d) is as follows: "Here, there is <u>no just</u> reason for delaying entry of judgment, interest and attorneys' fees for the minor child who prevailed in his own 1983 claim." Mot. p. 4 (emphasis in original.) Plaintiffs do not state that they intend to appeal and require partial judgment to facilitate same. Plaintiffs' Motion also does not address any "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Plaintiffs' Motion, filed while their Motion for New Trial For Damages (ECF No. 334) is fully briefed and awaiting decision, does not explain any interplay between the claims of the remaining Plaintiffs (the Estate of Anthony Timpa and Vicki Timpa) and those of K.T. and whether granting this Motion will impact those other claims.

Plaintiffs' one-page Motion for Entry of Judgment (ECF No. 338) and its attached proposed judgement (ECF No. 338-4) provide another example of the inadequate nature of Plaintiffs' motions. The proposed judgment includes an award of both prejudgment and postjudgment interest, including specific interest rates and a calculation of $382,200.00 in prejudgment interest. Plaintiffs provide absolutely no explanation of why they are entitled to interest or how they determined the requested interest rates and total amount. Instead they state only one sentence: "The Plaintiff moves the Court to enter Judgment in Plaintiff K.T.'s favor in the attached form submitted to the Court." ECF No. 338 at 1.

Nothing in Plaintiff's submission even mentions the fact that an award of prejudgment interest is discretionary. "Federal law governs the availability of prejudgment interest in a claim arising under federal law." *San Jacinto Savings & Loan v. Kacal*, 8 F.3d 21, *2 (5th Cir. 1993). Fifth Circuit case law is clear: the award of prejudgment interest is not mandatory, but rather "the

7

fate of the prejudgment interest is in the hands of the district court." *Hale v. Fish*, 899 F. 3d 390, 404 (5th Cir. 1990). "The district court has sound discretion to award prejudgment interest in such cases. It does not have to award prejudgment interest on Section 1983 claims." *Kacal*, 8 F.3d at *2. Plaintiffs give no basis whatsoever for why the Court can or should enter their proposed judgment, and they invite the Court to abuse its discretion by asking the Court to do so in this cursory manner.

In sum, Plaintiffs' barebones Motions are simply a premature request to finalize a judgment for one plaintiff, while still seeking a new trial for other plaintiffs, and should be denied. Plaintiffs' motion for a new trial on damages is ripe and awaiting ruling by the Court, and Plaintiff has not shown why there is no just reason for a delay while the Court considers the motion for new trial. The Court should postponing the complex issues involved in the entry of judgment for K.T. until Plaintiffs' Motion for New Trial on Damages is resolved, as this will provide the certainty needed for the parties to negotiate the terms of the judgment or reach an alternative resolution that will relieve the Court of the burden of picking through the various remaining issues.

## II. CONCLUSION

WHEREFORE, Defendants Dustin Dillard, Danny Vasquez, Raymond Dominguez, and Kevin Mansell respectfully request that the Court deny Plaintiffs' Motions to Sever and for Entry of Judgment.

        Respectfully submitted,

        CITY ATTORNEY OF THE CITY OF DALLAS

        Tammy L. Palomino
        City Attorney

        */s/ Lindsay Wilson Gowin*
        Deputy Chief of Torts
        Texas State Bar No. 24111401
        lindsay.gowin@dallas.gov

        7DN Dallas City Hall
        1500 Marilla Street
        Dallas, Texas 75201
        Telephone:    214-670-3519
        Facsimile:    214-670-0622

        *Attorneys for Defendants Dustin Dillard, Kevin Mansell, Danny Vasquez, and Raymond Dominguez*

## CERTIFICATE OF SERVICE

      I certify that on December 20, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        */s/ Lindsay Wilson Gowin*
        Senior Assistant City Attorney