IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKI TIMPA, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Civil Action No. 3:16-CV-3089-N |
| § | | |
| DUSTIN DILLARD, *et al.*, § | | |
| § | | |
| Defendants § | | |
| § | | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Intervenor Joe Timpa's motion for a new trial on damages [348]. For the foregoing reasons, the Court denies the motion.

## I. ORIGINS OF THE MOTION

The circumstances giving rise to this litigation have been detailed extensively in prior court orders and are not recounted in great detail here. *See* Order [173]; *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021). In 2016, Tony Timpa ("Decedent") died while in the custody of four Dallas police officers — Dustin Dillard, Raymond Dominguez, Kevin Mansell, and Danny Vasquez (collectively, the "Defendants"). Decedent's mother and son brought this action; Joe Timpa, Decedent's father, later intervened. Intervenor Complaint [65]. After a two-week trial, the jury found that the Defendants were responsible for Decedent's death, that three of the four Defendants were shielded by qualified immunity, and that Decedent's minor son, K.T., was entitled to one million dollars in damages. The jury awarded no damages to any other plaintiff. After filing a motion for a new trial,

MEMORANDUM OPINION AND ORDER – PAGE 1

Plaintiffs Cheryl Timpa and K.T. reached a settlement agreement with the Defendants and thereafter filed a notice of settlement and dismissed all their claims. Notice of Dismissal and Settlement [363]. Intervenor Timpa did not settle with the Defendants and now moves for a new trial. Intervenor Timpa argues that he is entitled to a new trial on the issue of damages because it was an abuse of jury discretion to not award damages to any plaintiff other than K.T. Motion at 1 [348].

## II. LEGAL STANDARD

Under Rule 59(a)(1)(A), a court can grant a new trial "after a jury trial[ ] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)). Whether to grant or deny the motion is within "the sound discretion of the trial court." *Sibley,* 184 F.3d at 487. The Court may not substitute its own judgment for that of the jury "merely because the Court would have reached a different conclusion." *Transverse, LLC v. Iowa Wireless, LLC*, 2013 WL 12120969, at *1 (W.D. Tex. 2013) (citing *Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993); *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992)). The Court must view the evidence in the light most favorable to the jury's verdict, affirming the verdict unless the evidence points so strongly and overwhelmingly in favor of the other

party that the court believes that reasonable persons could not arrive at a contrary conclusion. *Dawson*, 978 F.2d at 208.

### III. THE COURT DENIES THE MOTION FOR NEW TRIAL

Upon reviewing the trial proceedings, the Court finds that the jury's verdict is consistent with the evidence presented by the parties. Accordingly, the Court denies Intervenor Timpa's motion for a new trial.

#### A. The Law Does Not Require the Jury to Award Damages For This Claim

No federal or state law requires the jury to award damages to Intervenor Timpa for emotional damages associated with the death of Decedent. Intervenor Timpa brought this case under Section 1983 of Title 42 of the United States Code ("Section 1983"). Section 1983 provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violations. *See* 42 U.S.C. § 1983. Section 1983 does not provide specific remedies for any such violations, so state law governs specific claims as long as the state law is consistent with the Constitution and other federal law. 42 U.S.C. § 1988; *see also Slade v. City of Marshall, Tex.*, 814 F.3d 263, 266 (5th Cir. 2016). The Fifth Circuit has determined that the Texas Wrongful Death Act ("TWDA") is the "relevant source of [state] law," where, as here, the plaintiff claims that a civil rights violation caused a wrongful death. *See Delesma v. City of Dallas,* 770 F.2d 1334, 1338 (5th Cir. 1985).

Neither Section 1983 nor the TWDA specifically mandate that a party who prevails on a claim be awarded noneconomic damages. Texas courts have determined that nonmonetary damages in these cases on the basis of emotional pain and suffering are not

MEMORANDUM OPINION AND ORDER – PAGE 3

presumed and must be proven by sufficient evidence. *See, e.g., Hancock v. Variyam*, 400 S.W.3d 59, 68 (Tex. 2013); *Saenz v. Fid. & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996); *Parkway v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995). Additionally, the Fifth Circuit has previously upheld verdicts in which only one of multiple plaintiffs received damages after a finding of liability. *See Arceneaux v. Mike Hooks, Inc.,* 15 F.3d 1079, 1079 (5th Cir. 1994) (holding that it was not an abuse of discretion for the jury to determine that "damages should be awarded only to Joyce Arceneaux, and not to Valerie Arceneaux, for loss of support and services and that no damages should be awarded to compensate for Arceneaux's pain and suffering"). Accordingly, the Court will not invade the role of the jury or the legislature and mandate that damages are awarded here to all plaintiffs for noneconomic harm in conjunction with the finding of liability for Decedent's wrongful death.

### B. The Jury Verdict Is Entitled to Great Deference

In the Fifth Circuit, jury verdicts are overturned only under the extraordinary circumstance that a party makes a "clear showing" of an "absolute absence of evidence" to support the jury verdict. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998). Intervenor Timpa has failed to make such a clear showing in this instance.

"The size of the award a plaintiff is entitled to is generally a question of fact, and the reviewing court should be 'exceedingly hesitant' to overturn the decision of the jury." *Foradori v. Harris*, 523 F.3d 477, 504 (5th Cir. 2008) (quoting *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 934 (5th Cir. 1982)). Courts appear to grant particular deference to jury verdicts involving non-economic harms. The Fifth Circuit has previously declared

MEMORANDUM OPINION AND ORDER – PAGE 4

that due to the "intangibility of nonpecuniary harms like pain and suffering or emotional distress," courts should be particularly reluctant to overturn a factfinder's award for this type of claim. *Stokes v. United States*, 753 F. App'x 279, 283 (5th Cir. 2018) (unpub.) (citing *McCaig v. Wells Fargo Bank (Tex.), N.A.,* 788 F.3d 463, 484 (5th Cir. 2015)). Courts in this district have similarly held that a jury should have "especially broad leeway" when awarding non-economic damages because they are "to a large degree not susceptible to monetary quantification." *See, e.g., In re DePuy Ortho., Inc. Litig.*, 2017 WL 3841608, at *5 (N.D. Tex. 2017) (citing *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1141 (5th Cir. 1991)). The harm that Intervenor Timpa asserts he experienced, and any resulting damages, are purely non-economic.

Intervenor Timpa's basis for recovery in this suit is the emotional pain and suffering he experienced due to the wrongful death of his son. After hearing Intervenor Timpa's evidence, the jury determined that Intervenor Timpa was entitled to an award of zero damages for this alleged harm. Honoring the particular deference that the Fifth Circuit gives to the factfinder for such cases, the Court does not find that this award is improper as a matter of law so as to warrant a new trial on damages. Intervenor Timpa has not shown any good reason to believe that the jury unreasonably ignored evidence. He is not entitled to have the jury be persuaded by the evidence he put on. Intervenor Timpa had ample opportunity to put on the best evidence he had. The jury simply was not persuaded by that evidence.

Furthermore, the Defendants put forth evidence that the jury could have reasonably relied on in making its determination that Intervenor Timpa is entitled to no damages. At

trial, Intervenor Timpa testified that he saw Decedent's body post-autopsy. The Defendant's witness, the Chief Medical Examiner, testified that this viewing never occurred. Intervenor Timpa also testified that he had a close relationship with Decedent and that Decedent played an integral role in Intervenor Timpa's business. However, Intervenor Timpa was unable to name any of Decedent's close friends during his deposition, Plaintiff Vicki Timpa's testimony called to question the closeness of Decedent and Intervenor Timpa's relationship, and the evidence regarding Decedent's frequent and lengthy rehabilitation stays could undercut Intervenor Timpa's testimony regarding his close daily contact with Decedent. A reasonable jury could see the discrepancies in the evidence and disbelieve Intervenor Timpa's testimony regarding the closeness of his relationship with Decedent and accordingly find that he was not entitled to damages for pain and suffering or other emotional harm. Intervenor Timpa has not carried his burden to show that there is no evidence supporting the jury's finding.

The jury verdict is not, as Intervenor Timpa argues, so inconsistent that it evidences an abuse of juror discretion. While the jury found that the Defendants caused wrongful death, the wrongful death was Decedent's; it was Decedent's constitutional rights that the jury found were violated. How damages were allocated was dependent on who the jury believed suffered harm from it. In this case, the jury found that only K.T. suffered harm and was entitled to damages. Regardless of whether the Court would find the same, the jury is entitled to this finding.

MEMORANDUM OPINION AND ORDER – PAGE 6

## CONCLUSION

Because Intervenor Joe Timpa has not shown sufficiently extraordinary circumstances to justify the extraordinary remedy of setting aside a jury finding, the Court denies Intervenor Timpa's motion for a new trial on damages.

Signed June 11, 2024.

_____
David C. Godbey
Chief United States District Judge